# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**Stanley H. Kremen,**
**Attorney at Law**
**4 Lenape Lane**
**East Brunswick, New Jersey 08816**
**(732) 593-7294**
**Attorney for the Plaintiff**

TRUTEK CORP.,
Plaintiff,

v.

BlueWillow Biologics, Inc.
ROBIN ROE 1 through 10, gender neutral fictitious names, and ABC CORPORATION 1 through 10 (fictitious names).

Defendants.

CIVIL ACTION No. _____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## PARTIES

1. Plaintiff, TRUTEK CORP. ("TRUTEK") is a corporation of the State of New Jersey, with principal offices at 281 East Main Street, Somerville, New Jersey, 08876.

2. Upon information and belief, Defendant, BlueWillow Biologics, Inc. ("BLUEWILLOW") is a corporation of the State of Delaware, with a place of business at 2311 Green Road, Suite A, Ann Arbor, Michigan 48105.

## FEDERAL SUBJECT MATTER JURISDICTION

3. The subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331 concerning a federal question, the Patent Laws of the United States, 28 U.S.C. §§ 1338(a), (b), and 35 U.S.C. § 271.

1

## IN PERSONAM JURISDICTION

4. The *in personam* jurisdiction of this Court over Defendant BLUEWILLOW is proper under 28 U.S.C. § 1400(b) because the tort of patent infringement occurred in Michigan and BLUEWILLOW has an established place of business in Michigan.

//

## VENUE

5. The venue of this Court is proper under the Patent Venue Statute, 28 U.S.C. § 1400(b) since the tort of patent infringement occurred within the State of Michigan, and Defendant BLUEWILLOW has an established place of business thereat, and which is furthermore located within the venue of the Eastern District of Michigan.

//

## STATEMENT OF FACTS AND CAUSES OF ACTION

6. Ashok Wahi ("WAHI") is President of Plaintiff TRUTEK.

7. On November 21, 1995, United States Patent No. 5,468,488 (hereinafter the '488 Patent) was issued to WAHI for his invention titled, "Electrostatically Charged Nasal Application Product and Method."  The '488 Patent was assigned to TRUTEK.

8. On October 7, 1997, United States Patent No. 5,674,481 (hereinafter the '481 Patent) was issued to WAHI for his invention titled, "Electrostatically Charged Nasal Topical Application Product."  The '481 Patent was assigned to TRUTEK.

9. On January 18, 2005, United States Patent No. 6,844,005 (hereinafter the '005 Patent) was issued to WAHI for his invention titled, "Electrostatically Charged Nasal Application Product With Increased Strength."  The '005 Patent was assigned to TRUTEK.

10. On April 24, 2012, United States Patent No. 8,163,802 (hereinafter the '802 Patent) was issued to WAHI for his invention titled, "Electrostatically Charged

|   |   |   |
|---|---|---|
| 1 |  | Multi-Acting Nasal Application Product, and Method," on a patent application that |
| 2 |  | was filed at the United States Patent and Trademark Office (USPTO) on May 16, |
| 3 |  | 2009.  The '802 Patent was assigned to TRUTEK.  The '802 Patent is attached |
| 4 |  | hereto as Exhibit 6. |
| 5 | 11. | The patented technology made it possible for people to apply TRUTEK's |
| 6 |  | manufactured products in and around their nasal passages to reduce reactions to |
| 7 |  | airborne allergens and to reduce or eliminate reactions to viral infections from |
| 8 |  | influenza and the common cold by restricting and inactivating virus sized particles. |
| 9 |  | This is done by establishing an electrostatic charge in and around nasal |
| 10 |  | passages. |
| 11 | 12. | As of the year 1992 going forward, TRUTEK utilized its patented and proprietary |
| 12 |  | trade secret technology to establish proof of concept, develop, formulate, |
| 13 |  | manufacture, sell, and/or license over-the-counter products under the brand name |
| 14 |  | NasalGuard® AllergieBlock®, NasalGuard Cold&Flu Block®, NasalGuard® Multi |
| 15 |  | Acting™, Anti-Stat Enhanced Mask™, NasalGuard Wipes™, NasalGuard Allergie |
| 16 |  | Wipes™, NasalGuard Cold & Flu Wipes™, Skin and Hair super conditioners, |
| 17 |  | Truteks® Skin and Truteks® skin care products, along with electrostatically |
| 18 |  | charged nasal multipurpose products, nasal application (anti-stat) diagnostic |
| 19 |  | products and, associated Technologies and Methodologies, Patents and Pending |
| 20 |  | Patent Applications, also including products under the brand names Chloraseptic |
| 21 |  | Allergen Block and Little Allergies Allergen Block, Eisai Crystal Veil, Eisai Crystal |
| 22 |  | Veil Cool, Nitto Nuru Mask, Nitto NasalGuard, further including but not limited to |
| 23 |  | nasal application product lines such as gels, pre-moistened products for *e.g.* |
| 24 |  | applicators, swabs, wipes, etc., sticks, nasal sprays, nasal washes, surgical |
| 25 |  | masks, and multi-acting/integrated products. |
| 26 | 13. | Claim 1 of the '802 Patent claims a method of applying a formulation to the skin or |
| 27 |  | tissue of a person's nasal passages in a thin film.  The formulation attracts and |
| 28 |  | holds particulate matter to the thin film, and binds it to the thin film.  The bound |

particulate matter is then inactivated by at least one ingredient that renders it harmless. One such claimed inactivating ingredient is benzalkonium chloride (claim 7). This process is sometimes referred to as "catch, hold, and kill."

14. According to information and belief, sometime in 2020, Defendant BLUEWILLOW manufactured and marketed one or more over-the-counter pharmaceutical products named NanoBio® Protect ("NANOBIO"). According to information and belief, the NANOBIO products were sold over-the-counter at least at CVS pharmacies nationwide, and were sold online to customers by Amazon.com.

15. BLUEWILLOW's website advertises the NANOBIO product being applied to a customer's nasal passages. Their product forms positively charged "NanoBio Droplets" that are approximately 600 nanometers[1] in size, which adhere to nasal membranes. Most harmful particles, such as bacteria or viruses (referred to as "germs"), are negatively charged. The positively charged "NanoBio Droplets" attract and bind to these particles. The NANOBIO product formulation contains benzalkonium chloride (which the website calls BZK) that adheres to the surface of the "NanoBio droplets." According to the website, the "NanoBio droplets" surround the germs and "kill them via membrane disruption." (See Exhibit 1 attached hereto.) The NANOBIO product implements the methodology of "catch, hold, and kill." The NANOBIO website "Frequently Asked Questions" section (Exhibit 2) describing the product further enforces this mechanism of action.

16. Sometime in 2020, WAHI suspected that the NANOBIO product infringes one or more of TRUTEK's patents. To that end, on June 23, 2020, TRUTEK personnel purchased the NANOBIO product from Amazon.com. After extensive in-house experimentation, it was indicated that the NANOBIO product functions by producing an electrostatic charge in and around the user's nasal passages. It was indicated that NANOBIO product infringes claims of TRUTEK's '802 Patent. On January 14, 2021, TRUTEK personnel purchased a NANOBIO product from

---

[1] A nanometer is a billionth of a meter.

|   |     |   |
|---|-----|---|
| 1 |     | CVS, and obtained similar results through in-house experimentation. |
| 2 | 17. | To validate TRUTEK's in-house experimental results, TRUTEK contracted with Alexai Ermakov, Ph.D. to compare the electrostatic charges between BLUEWILLOW's NANOBIO product and TRUTEK's NasalGuard® products. His experiments showed not only that the NANOBIO product exhibited a surface electrostatic charge, but also that the orders of magnitude of the charges of the BLUEWILLOW and TRUTEK products were of the same order of magnitude. Dr. Ermakov's Report is attached hereto as Exhibit 3. For further verification, TRUTEK contracted with Electro-Tech Systems ("ETS") in Perkasie, Pennsylvania, to run additional experiments. ETS personnel applied BLUEWILLOW's NANOBIO product and TRUTEK's NasalGuard® product to pig skin swatches. Pig skin is very similar to human skin tissue. The ETS and Ermakov experiments yielded similar results. The NANOBIO product exhibited a surface electrostatic charge of the same order of magnitude as the NasalGuard® product. The ETS report is attached hereto as Exhibit 4. |
| 18. | | On January 31, 2021, Keith Altman, a resident of the State of Michigan, ordered and paid for one unit of NanoBio Protect Nasal Antiseptic online from Amazon.com. The product was to be shipped by Amazon.com to his address in Michigan. Mr. Altman used his computer to place the order, and the computer is located in Michigan, and it was located therein at the time that he placed his order. On February 1, 2021, Mr. Altman received the ordered one unit of NanoBio Protect Nasal Antiseptic in Michigan at the designated Michigan shipping address. A declaration of Keith Altman attesting to these events is attached hereto as Exhibit 5. |
| 19. | | The ability to lessen the reactions to airborne contaminants by creating an electrostatic charge around a person's nasal passages was disclosed in TRUTEK's '488, '481, '005, and '802 Patents. A copy of the '802 Patent is attached hereto as Exhibit 6. |

20. The ability to lessen the reactions to airborne contaminants by creating an electrostatic charge around a person's nasal passages is inherent in TRUTEK's formulations and manufacturing processes. Efficacy studies show that TRUTEK's methodology presented a viable solution to relief of allergy, cold, and flu symptoms.

21. Upon information and belief, just as TRUTEK's products work on allergens and viruses by creating an electrostatic charge around nasal passages and further inactivate said allergens and viruses, the NANOBIO products work the same way.

22. The NANOBIO products are sold to customers by Amazon.com as are TRUTEK's competing products also sold thereby. The competitive sales of the competing NANOBIO products deprive TRUTEK of sales and profits from its own products.

23. Upon information and belief, Defendants Robin Roe 1 through 10 and ABC Corporations 1 through 10 also infringe on the claims of TRUTEK's '802 Patent.

//

## GENERAL ALLEGATIONS

24. Plaintiff incorporates all of the above Paragraphs *supra* as though fully restated herein.

25. Plaintiff owns intellectual property related to certain formulations based upon attracting and/or repelling electrostatically charged particles in and around a person's nasal passages by application of a product that maintains an electrostatic charge on the skin or mucous membranes. Plaintiff has expended considerable resources to inventing, formulating, and developing its inventions and products and to protecting its rights therein. Plaintiff holds all rights, title, and interest to its '488, '481, '005, and '802 Patents. The '802 Patent is in full force and effect. TRUTEK is the legal owner of the '802 Patent and possesses all rights of recovery under the patent.

//
//

## COUNT 1

### Infringement of the '802 Patent

26. Plaintiff incorporates all of the above Paragraphs *supra* as though fully restated herein.
27. Plaintiff owns intellectual property relating to an electrostatically charged multi-acting nasal application product and method covered by the '802 patent.
28. Defendants distribute, make, use, offer to sell and/or sell infringing products, *i.e.*, the NANOBIO products.
29. Defendants distribute, make, use, offer to sell and/or sell infringing products, *i.e.*, the NANOBIO products, which infringe on the '802 Patent, without authority or license from Plaintiff.
30. Defendants infringe at least claims 1, 2, and 7 of the '802 Patent because the NANOBIO products possess an electrostatic charge when applied to a person's nasal passages, and they use benzalkonium chloride as a biocide.
31. Plaintiff has been damaged as a result of Defendants' infringement of the '802 Patent, and will continue to be damaged unless such infringement is enjoined by this Court pursuant to 35 U.S.C. § 283.
32. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to compensate in an amount not less than a fair and reasonable royalty.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that:

1. Defendants be required to pay over and account to Plaintiff for all gains, profits, and advantages derived from the infringement of its '802 Patent beginning April 24, 2012, based upon manufacture, sales, and/or use of the NANOBIO products in the United States and anywhere in the world, or by way of international commerce with the United States.
2. Defendants be enjoined from manufacturing and/or selling the NANOBIO products in the United States, either directly or indirectly.

3. Defendants be enjoined from actively inducing others to sell the NANOBIO products in the United States, either directly or indirectly.

4. Defendants be enjoined from exporting the NANOBIO products from the United States, either directly or indirectly.

5. Plaintiff prays for such other and further relief as the Court may deem to be just and proper.

//

**DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

Pursuant to Defendants' discovery obligations, demand is made that all Defendants disclose to the Plaintiff whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff with true copies of those insurance agreements or policies, including, but not limited to, any and all declarations sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

//

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Dated: February 9, 2021

                                                  s/ Stanley H. Kremen
                                                Stanley H. Kremen
                                                Attorney for Plaintiff
                                                4 Lenape Lane
                                                East Brunswick, NJ 08816
                                                (732) 593-7294
                                                *shk@shk-dplc.com*