# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

**Stanley H. Kremen,**
**Attorney at Law**
**4 Lenape Lane**
**East Brunswick, New Jersey 08816**
**(732) 593-7294**
**Attorney for the Plaintiff**

| | |
|---|---|
| TRUTEK CORP.,<br>Plaintiff,<br><br>v.<br><br>BlueWillow Biologics, Inc.<br>ROBIN ROE 1 through 10, gender neutral<br>fictitious names, and ABC<br>CORPORATION 1 through 10 (fictitious<br>names).<br><br>Defendants. | CIVIL ACTION No. 2:21-cv-10312-SJM-RSW |

**PLAINTIFF/COUNTER-DEFENDANT TRUTEK CORP.'S REPLY TO**
**DEFENDANT-COUNTER PLAINTIFF BLUEWILLOW BIOLOGICS, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO**
**DISMISS DEFENDANT'S COUNTERCLAIMS**

# TABLE OF CONTENTS

**Page**

ARGUMENT                                                                              1

BlueWillow did not adequately plead its first counterclaim demanding a
declaratory judgment of non-infringement according to the requirements of
*Twombly* and *Iqbal*.                                                                2

BlueWillow did not adequately plead its second counterclaim demanding a
declaratory judgment of patent invalidity according to the requirements of
*Twombly* and *Iqbal*.                                                                4

PRAYER FOR RELIEF                                                                     7

# TABLE OF AUTHORITIES

**Cases**                                                                             **Page**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)                                 1,2,3,4,6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)                                              1,2,3,4,6

*Markman v. Westview Instruments*, 517 U.S. 370 (1996)                                3

*Pfizer, Inc. v. Apotex, Inc.*, 726 F.Supp.2d 921 (N.D. Ill., 2010)                   4

*Johnson v. City of Shelby*, 274 U.S. 10 (2014)                                       4

*McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997)                                   4

*Uniloc 2017 v. Apple, Inc.*, 843 Fed.Appx. 305 (Fed. Cir. 2021)                      5

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)                                    7

*O'Lear v. Miller*, 222 F.Supp.2d 862 (E.D. Mich., 2002)                              7


**Statutes**                                                                          **Page**

35 U.S.C. § 101                                                                       4

35 U.S.C. § 102                                                                       4,5,6

35 U.S.C. § 103                                                                       4,5,6

35 U.S.C. § 112                                                                       4,5

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

**<u>Rules</u>**                                                                                  **<u>Page</u>**

Fed. R. Civ. P. 12(b)(6)                                                              1,7

Fed. R. Civ. P. 8                                                                          1

Fed. R. Civ. P. 8(a)(2)                                                                1,2

Fed. R. Civ. P. 8(b)                                                                      2


**<u>Exhibits</u>**

    1          Form 16 from Fed. R. Civ. P. (2004)

    2          Comparison Between '802 Patent's Claims and BlueWillow's Non-Infringement Allegation

    3          Pages From BlueWillow's Website (*https://www.bluewillow.com*)

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

On June 4, 2021, Plaintiff, Trutek Corp. ("Trutek") filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the counterclaims of Defendant, BlueWillow Biologics, Inc. ("BlueWillow") that were presented in BlueWillow's Answer to the Complaint.  On June 25, 2021, BlueWillow presented a Brief in Opposition to Trutek's Motion.  (Document ECF 12 is hereinafter referred to as the "Opposition.")  This present brief sets forth Trutek's Reply to BlueWillow's Opposition.

## ARGUMENT

BlueWillow began its Opposition brief by asserting that, "[t]his is a classic nuisance patent lawsuit."  This statement implies that actions of a patent owner to enforce its patents against infringement are trivial unless the infringer is a large entity or unless there is a high volume of sales of an infringing product.  However, if a patent owner does not enforce its patents, regardless of the size of the infringer or the amount of its sales, the patent owner places its protected work in danger.  The primary consequence of not enforcing a patent is loss of its exclusive rights.  In the Instant Lawsuit, Trutek seeks to enforce its patent against a defendant that is not only making and selling an infringing product but also is developing other products employing Trutek's patented technology.  While BlueWillow may view Trutek's efforts to enforce its '802 Patent as a private nuisance, Trutek's decision to protect its intellectual property rights is not a trivial matter.

By naming Trutek as a Counter-Defendant and asserting its counterclaims, BlueWillow presented a counter-complaint.  In the interests of fair play and substantial justice, this Court should evaluate a counter-complaint using the same standards as it applies to an original complaint.

Fed. R. Civ. P. 8 sets forth the general rules for pleading.  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  The current standard for a well pled complaint was set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. **...**

1

1   Asking for plausible grounds does not impose a probability requirement at the pleading

2   stage. It simply calls for enough fact to raise a reasonable expectation that discovery will

3   reveal evidence of illegal agreement." (*Twombly* at 545.) The Court continued, "the

4   Court is not requiring heightened fact pleading of specifics, but only enough facts to state

5   a claim to relief that is plausible on its face."

6         Prior to the *Twombly/Iqbal* decisions, the Federal Rules of Civil Procedure

7   allowed complaints for patent infringement to follow the format of Form 16 (Exhibit 1,

8   attached hereto). All that was required was a one-sentence statement of patent ownership,

9   a one-sentence perfunctory statement that the defendant is infringing, a one-sentence

10  statement that the patent owner complied with patent marking requirements, and a one-

11  sentence demand for relief. Form 16 no longer accompanies the Federal Rules, and its

12  format is no longer acceptable for a well-pled complaint.

13        Fed. R. Civ. P. 8(b) lays out the rules for answering a complaint. Here, a

14  defendant puts forth its denials and defenses. However, a counter-complaint requires

15  more, *i.e.*, adherence to the rules set forth by *Twombly* and *Iqbal*. Enough facts must be

16  pled so that a counterclaim defendant can put forth its defenses in response. Here, a

17  counterclaim differs from an affirmative defense. The counterclaim plaintiff must show

18  "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

19        Trutek's complaint laid out sufficient detailed facts to show that BlueWillow's

20  NanoBio® Protect product (NANOBIO) infringes at least claims 1, 2, and 7 of the '802

21  Patent if those facts are taken as true. The complaint was specific enough to permit

22  BlueWillow to respond to the substance of Trutek's allegations and to present affirmative

23  defenses. However, BlueWillow's counter-complaint fails to present sufficient facts to

24  permit Trutek to understand or to respond to BlueWillow's allegations.

25  //

26  **BlueWillow did not adequately plead its first counterclaim demanding a declaratory**

27  **judgment of non-infringement according to the requirements of *Twombly* and *Iqbal*.**

28        On Page 6 of its Opposition, BlueWillow asserts, "[a]s an initial matter, it is not

2

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

1    necessary that a counterclaim explain 'why it does not infringe as that is a legal theory —

2    which is not required to be pled." However, the U.S. Supreme Court considered two

3    issues in patent litigation, claim construction and infringement. It held, "the first issue in a

4    patent case, construing the patent, is a question of law, to be determined by the court. The

5    second issue, whether infringement occurred, is a question of fact for the jury." *Markman*

6    *v. Westview Instruments*, 517 U.S. 370 (1996). Thus, contrary to BlueWillow's assertions,

7    in order to comply with the requirements of *Twombly* and *Iqbal*, BlueWillow must present

8    enough facts to show that it is entitled to a declaratory judgment of non-infringement.

9    Merely stating that it is not infringing is the equivalent of arguing the inverse of Form 16.

10    Such a statement is sufficient for a denial or an affirmative defense, but not for a

11    counterclaim contained in a counter-complaint.

12        Alternatively, on Pages 5 and 6 of its Opposition, BlueWillow alleges that it

13    "adequately pled factual matter sufficient to plead a counterclaim for non-infringement."

14    In Paragraph 13 of its Counter-Complaint (Document ECF 9, Pg. 21), BlueWillow

15    attempted to support its allegation of non-infringement with an example. Exhibit 2

16    (attached hereto) is a table comparing that example with the two independent claims of the

17    '802 Patent. BlueWillow is quoted in the right column next to each of the infringed

18    claims. It is evident that BlueWillow's example does not address the elements of either

19    independent claim, 1 or 2. Neither claim of the '802 Patent recites restriction of the flow

20    of airborne contaminants or particulate matter into the nasal passages, nor does it recite

21    holding airborne contaminants or particulate matter outside the body. This condition is

22    not an element of either independent patent claim 1 or 2.

23        However, it is evident that the claims of the '802 Patent recite electrostatically

24    attracting harmful particulate matter and inactivating the particulate matter by adding at least

25    one ingredient that would render said particulate matter harmless.

26        Exhibit 3 (attached hereto) is a reproduction of pages from BlueWillow's website

27    (*https://www.bluewillow.com*). On the second page of the exhibit, it states, "[t]he nano-

28    droplets are attracted to germs by electro-kinetic charge and present the BZK in such a

3

1   way to enable killing of germs on contact."   (BZK is BlueWillow's abbreviation of
2   benzalkonium chloride.   *See* claim 7 in Exhibit 2).   Thus, the admissions contained in
3   BlueWillow's website directly contradict BlueWillow's assertions in its Answer to the
4   Complaint and in its Opposition.

5          In the footnote on Page 7 of its Opposition, BlueWillow correctly stated that "[t]he
6   burden of proof is on the patent owner, even in an action for declaratory judgment."
7   *Pfizer, Inc. v. Apotex, Inc.*, 726 F.Supp.2d 921, 937 (N.D. Ill., 2010).   However, at the
8   complaint stage, the Court is not dealing with evidentiary proof.   To overcome a motion to
9   dismiss, the facts presented by the complainant are presumed true.   *Iqbal* at 679.
10   Nonetheless, in *Johnson v. City of Shelby*, 274 U.S. 10, 12 (2014), when commenting on
11   *Twombly* and *Iqbal*, the Supreme Court held, "[a] plaintiff, they instruct, must plead facts
12   sufficient to show that her claim has substantive plausibility."

13          However, the admissions by BlueWillow on its own website contradict the facts
14   presented in its counter-complaint.   Based on those admissions, BlueWillow's factual
15   allegations in its counter-complaint are implausible and cannot possibly be accepted as
16   true.   The required support for a declaratory judgment of non-infringement was not
17   asserted by BlueWillow.

18   //

19   **BlueWillow did not adequately plead its second counterclaim demanding a**
20   **declaratory judgment of patent invalidity according to the requirements of *Twombly***
21   **and *Iqbal*.**

22          On Page 11 of BlueWillow's Opposition, it states that, "BlueWillow adequately
23   pled factual matter sufficient to plead a counterclaim for invalidity of the '802 Patent.   In
24   its Second Count, BlueWillow stated (¶ 19) '[a]ll claims of the '802 Patent are invalid for
25   failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and
26   112.' "   This is a statement of law – not of fact.

27          Legal issues are determined by application of facts to the law.   Without the facts,
28   there is no issue.   "Issues averted to in a perfunctory manner, unaccompanied by some

4

effort at developed argumentation are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997).

35 U.S.C. § 101 defines what inventions are patentable.  It requires that inventions must be novel and useful.  35 U.S.C. §§ 102 and 103 recite the standards for novelty.  35 U.S.C. § 112 recites the requirements for a properly submitted patent application.

When an application is examined by the United States Patent and Trademark Office ("USPTO"), determinations by a patent examiner are findings of fact.  There was never a challenge to the usefulness of the invention of the '802 Patent at the USPTO.

In determining whether to allow Trutek's patent application to issue as the '802 Patent, the examiner made a thorough evaluation of its compliance with the requirements of 35 U.S.C. §112.  The USPTO prosecution history shows factually that while there were initial rejections, the inventor was able to overcome them to bring the specification and claims into full compliance.

The issue remaining is one of novelty.  35 U.S.C. § 102 establishes that an applicant is not entitled to a patent if one or more claims of its application is anticipated by the prior art (*i.e.,* someone else previously invented the exact same claimed invention). Anticipation is a question of law <u>based on underlying findings of fact</u>.

35 U.S.C. §103 establishes that an applicant is not entitled to a patent if one or more claims of its application is obvious over the prior art.  "A patent claim is invalid as obvious 'if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a [person having ordinary skill in the art].'  Obviousness is a question of law <u>based on underlying facts</u>."  *Uniloc 2017 v. Apple, Inc.*, 843 Fed.Appx. 305, 312 (Fed. Cir. 2021).[1]

To determine whether an invention is novel, patent examiners perform searches of

---

[1] Emphasis added.  Further the acronym PHOSITA means, "person having ordinary skill in the art."

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

the prior art.  If a search yields one or more prior publications (patent or otherwise) that renders a claim as either anticipated or obvious, the claim is rejected.  The rejection may be overcome by the applicant either through successful argument or by amendment to overcome the limitations of the prior art.

Unfortunately, prior art searches, performed either by applicants or USPTO examiners, are rarely complete.  In a subsequent action, either in court or at the USPTO, claims of an issued patent may be shown to be invalid if prior art is discovered <u>that was not considered by the examiner</u> during the prosecution history.

On Page 11 of its Opposition, BlueWillow alleged that six prior art references render each claim of the '802 Patent either anticipated (under 35 U.S.C. § 102) or obvious (under 35 U.S.C § 103).  The prosecution history of the '802 Patent shows that one of the alleged references was previously considered by the examiner when he decided to allow the application to issue as a patent.  Regarding the remaining prior art references, the mere patent or publication numbers do not constitute facts.  BlueWillow stated, "[f]or example, at least the following prior art references render each claim of the '802 Patent invalid under 35 U.S.C. § 102 and/or § 103."  Here, rather than alleging facts, BlueWillow is asserting a mere possibility.  Which claim(s) is invalid and under which statute?  Further, if any one claim of a patent is valid and infringed, the entire patent is infringed.  Without more, BlueWillow is requiring Trutek to make an uninformed denial without any factual basis for evaluation.

A counterclaim requesting a declaratory judgment of patent invalidity is different from an affirmative defense of patent invalidity.  With an affirmative defense, a defendant is entitled to develop its defense through discovery.  However, a counterclaim is an integral part of a counter-complaint, which as a complaint, must meet the requirements set forth by the Supreme Court in *Twombly* and *Iqbal*.  At least some specific facts must be alleged, which if plausible, entitle the counter-plaintiff relief in the form of a declaratory judgment.

On Page 12 of its Opposition, BlueWillow stated, "[i]ndeed, a patent is invalid

6

unless it satisfies every statutory requirement for patentability."  BlueWillow is required to plead facts that, if presumed true, would render the patent invalid under one or more of these alleged provisions.  However, <u>BlueWillow actually pled no such facts</u>.  On Page 13, BlueWillow stated that, "[i]t is not necessary at the pleading stage to describe in detail <u>every potential ground for invalidity</u>."  Nevertheless, <u>BlueWillow presented no facts to establish patent claim invalidity</u>.

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).  "The Court has the power to dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6), provided that the plaintiffs have been given adequate notice and an opportunity to amend." *O'Lear v. Miller*, 222 F.Supp.2d 862, 863 (E.D. Mich. 2002).

//

## **PRAYER FOR RELIEF**

Trutek hereby repeats its request that BlueWillow's Counter-Complaint along with its two counterclaims be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim showing that it is entitled to relief.

Dated:  _____July 23, 2021_____

_____s/ Stanley H. Kremen_____
Stanley H. Kremen
Attorney for Plaintiff Trutek
4 Lenape Lane
East Brunswick, NJ 08816
(732) 593-7294 Phone
(732) 312-5218 FAX
*shk@shk-dplc.com*

7

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on July 23, 2021, I electronically filed this document, **PLAINTIFF/COUNTER-DEFENDANT TRUTEK CORP.'S REPLY TO DEFENDANT-COUNTER PLAINTIFF BLUEWILLOW BIOLOGICS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS,** with the Clerk of the Court for the Eastern District of Michigan using the ECF System.

s/ Stanley H. Kremen
Stanley H. Kremen
Attorney for Plaintiff
