UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUTEK CORP.,

        Plaintiff/Counter-
        Defendant,

v.

BLUEWILLOW BIOLOGICS,
INC., et al.,

        Defendants/
        Counter-Plaintiff.
_____/

Case No. 2:21-cv-10312

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS [11]**

Plaintiff Trutek Corporation sued Defendants for patent infringement. ECF 1. Defendants answered the complaint and counterclaimed for two claims of declaratory judgment. ECF 9. Plaintiff moved to dismiss the counterclaims. ECF 11. The parties fully briefed the motion, and the Court need not hold a hearing on the motion. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will grant in part and deny in part the motion to dismiss.

**BACKGROUND**[1]

Plaintiff was assigned United States Patent Number 8,163,802 (the '802 patent) and other patents. ECF 1, PgID 2–3. The patented technology allows

---

[1] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.

1

consumers to apply Plaintiff's "products in and around their nasal passages to reduce reactions to airborne allergens and to reduce or eliminate reactions to viral infections" such as the flu. *Id.* at 3. Plaintiff's technology eliminates viruses "by establishing an electrostatic charge in and around nasal passages." *Id.*

Defendants sells a product called NanoBio Protect. ECF 1, PgID 4; ECF 9, PgID 72. The product is also applied to the nasal passage and "kill[s]" germs. ECF 1, PgID 4. Plaintiff alleged that Defendants' product infringes on Plaintiff's '802 patent because "[t]he ability to lessen the reactions to airborne contaminants by creating an electrostatic charge around a person's nasal passages is inherent in [Plaintiff]'s formulations and manufacturing processes." *Id.* at 6.

## LEGAL STANDARD

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

To resolve a Rule 12(b)(6) motion, the Court may rely on "exhibits attached [to the complaint] . . . and exhibits attached to [D]efendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims." *Bassett*, 528 F.3d at 430.

"As a general rule, district courts adjudicating patent cases apply the law of the Federal Circuit, not the regional circuit, where the question 'is intimately involved with the substance of the patent laws.'" *Mich. Motor Techs. LLC v. Volkswagen AG*, 472 F. Supp. 3d 377, 381 (E.D. Mich. 2020) (quoting *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012)).

## DISCUSSION

To start, the first counterclaim sought declaratory relief that Defendants do not infringe on the '802 patent. ECF 9, PgID 84–85. The Court will dismiss the counterclaim because it is redundant of Plaintiff's infringement claim, ECF 1, PgID 7.

Federal courts may dismiss a claim for declaratory judgment redundant of other claims in the case because redundant claims serve no useful purpose under the five factors of *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). *Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 405–06 (6th Cir. 2017) (collecting cases). Federal courts need not examine all *Grand Trunk* factors if the claim is redundant. *Id.* ("Courts have evaluated whether such a 'useful purpose' exists by looking specifically at the issue of redundancy and may appropriately do so without relying on the *Grand Trunk* factors.").

3

Defendants' first counterclaim is plainly redundant. "The heart of [Defendants'] counterclaim is whether [they] infringed . . . ; resolution of [Plaintiff's patent] infringement claim would dispose of all factual or legal issues necessary for deciding that counterclaim." *Id.* at 406. Thus, the Court will dismiss the first counterclaim because the declaratory relief sought serves no useful purpose.

Next, the second counterclaim sought declaratory relief that Plaintiff's '802 patent is invalid as a prior art reference. ECF 9, PgID 86–87. Plaintiff appeared to offer two arguments for why the counterclaim should be dismissed. First, Defendants failed to specify why the '802 patent is invalid. ECF 11, PgID 104. And second, Defendants failed to show by "clear and convincing" evidence the patent is invalid. *Id.* at 104–05.

Defendants need not make a "clear and convincing" showing at the pleading stage. Patent claims and counterclaims are subject to the standard *Iqbal* and *Twombly* pleading standards. *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, No. 16-cv-13456, 2017 WL 4535290, at *4 (E.D. Mich. Oct. 11, 2017) (collecting cases).

And Defendants have satisfied the *Iqbal* and *Twombly* standard because Defendants specified why in their view the '802 patent is invalid. Defendants identified four patents and two patent applications that reference prior art and would invalidate each claim of the '802 patent. ECF 9, PgID 86. Defendants have therefore shown more than bare legal conclusions and identified plausible facts that place Plaintiff on notice about which patents and patent applications will be used to argue the '802 patent is invalid because of prior art references. *See Bestop, Inc.*, 2017 WL

4

4535290, at *5 (dismissing a counterclaim because it "fail[ed] to allege sufficient factual content."). The Court will therefore not dismiss the second counterclaim. As a result, the motion to dismiss is granted in part and denied in part.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to dismiss [11] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff must **ANSWER** the counterclaims **no later than October 27, 2021**.

**SO ORDERED.**

                                      s/ Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: October 5, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 5, 2021, by electronic and/or ordinary mail.

                                      s/ David P. Parker
                                      Case Manager