**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TRUTEK CORP.,

       Plaintiff,

v.    Case No. 2:21-cv-10312

BLUEWILLOW BIOLOGICS, INC.;    Hon. Stephen J. Murphy, III
ROBIN ROE 1 through 10, gender    Mag. R. Steven Whalen
neutral fictitious names, and; ABC
CORPORATION 1 through 10 (fictitious
names).

       Defendants.

**DEFENDANT/COUNTER-PLAINTIFF BLUEWILLOW
BIOLOGICS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO
<u>AMEND THE SCHEDULING ORDER</u>**

i

# TABLE OF CONTENTS

STATEMENT OF ISSUE PRESENTED ........................................................................................ iii

TABLE OF AUTHORITIES ........................................................................................................ iv

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ....................................................................................................... 4

III. ARGUMENT .................................................................................................................... 4

IV. CONCLUSION ................................................................................................................. 6

## **STATEMENT OF ISSUE PRESENTED**

1.     Whether this Court should grant Plaintiff/Counter-Defendant's motion to amend the scheduling order.

Plaintiff/Counter-Defendant's answer: **Yes**.

Defendant/Counter-Plaintiff's answer: **The Court should not grant Plaintiff Trutek's Motion in its entirety, for the reasons provided herein**.

# **TABLE OF AUTHORITIES**

## **Cases**

*Alexander v. Univ. of Memphis*, No. 20-5426, 2021 WL 2579973(6th Cir. 2021)...5

*Banaszak v. Citimortgage, Inc.*, No. 13-cv-13710, 2016 WL 1391854 (E.D. Mich. Apr. 7, 2016) ................................................................................................. 6

*Bentkowski v. Scene Magazine*, 637 F.3d 689 (6th Cir. 2011) .............................. 4, 5

*Gatza v. DCC Litigation Facility, Inc.*, 717 Fed. Appx. 519 (6th Cir. 2017) ........... 4

*Grain v. Trinity Health*, 431 Fed.Appx. 434 (6th Cir. 2011) ................................... 5

*Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002) ............................................ 4

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003) ................................................. 4

*Lorillard Tobacco Co. v. Yazan's Servs. Plaza, Inc.*, No. 05–70804, 2006 WL 2460766 (E.D. Mich. Aug. 23, 2006) ............................................................. 5

Defendant BlueWillow Biologics, Inc. ("BlueWillow") respectfully submits the following response to Plaintiff Trutek Corp.'s ("Trutek") Motion to Amend the Scheduling Order (Dkt. # 24).[1]

## I. INTRODUCTION

This matter involves Trutek's assertion of infringement of U.S. Patent No. 8,163,802 ("the '802 Patent") against BlueWillow. The only accused product, NanoBio Protect®, was sold by BlueWillow for approximately one year, with limited sales, and is no longer on the market. Thus, the amount in controversy is extremely limited, should the matter proceed to trial and Trutek be successful on the merits.[2]

BlueWillow has served two sets of requests for production, one set of interrogatories, and a Federal Rule of Civil Procedure 30(b)(6) Deposition Notice on Trutek. The discovery sought by BlueWillow is standard for patent infringement matters, seeking information from Trutek on basic issues such as conception and development of the claimed invention, prosecution of the asserted patent, as well as Trutek's contentions regarding infringement, invalidity and damages, and the factual basis for same. To date, Trutek has not served any

---

[1] The Scheduling Order can be found at Dkt. # 21.

[2] In addition to the small amount of potentially recoverable damages, BlueWillow also denies that NanoBio Protect® infringes any claim of the '802 Patent and has counterclaimed for invalidity of the '802 Patent.

1

discovery requests on BlueWillow, despite the April 1, 2022 deadline for completion of fact discovery.

While BlueWillow is mindful of the reasons articulated by Trutek for the requested extension of time to respond to BlueWillow's discovery requests, and understands that an extension is necessary for BlueWillow to obtain the discovery it needs from Trutek to defend against the claim of patent infringement, BlueWillow respectfully submits that Trutek's Motion should not be granted in its entirety.  More specifically, BlueWillow does not oppose the new dates proposed by Trutek (with the exception of two dates as noted below), for the limited purpose of granting Trutek the time it indicates it needs to provide the discovery requested by BlueWillow. However, Trutek should not be permitted to seek further fact discovery of BlueWillow given its delay.

In addition, BlueWillow respectfully submits that this matter is presently ripe for a settlement conference. Despite representing to the Court both during the November 3, 2021 Scheduling Conference and in its present Motion (Dkt. # 24, ¶ 8) that discovery is needed before a settlement conference is scheduled, fact discovery has been open for over four months and Trutek has yet to serve a single discovery request on BlueWillow. Moreover, the deadline for serving any written discovery requests under the Federal Rules of Civil Procedure has passed in view of the April 1, 2022 deadline for completion of fact discovery.  Trutek's conduct to

date, including its failure to move the case forward, reinforces that this matter is appropriate for settlement and/or early resolution to avoid any further and unnecessary waste of resources of the Court and the parties.[3]

Finally, in the course of conferring with Trutek's counsel regarding the relief requested in its Motion, BlueWillow indicated that it had a conflict with two of the dates that Trutek proposed in view prior trial commitments of BlueWillow's counsel in other matters. Should the Court grant Trutek's Motion, BlueWillow respectfully requests the following two minor modifications to the dates proposed by Trutek:

    Witness List Disclosure: May 11, 2022

    Opening Expert Reports: June 27, 2022

---

[3] Just last week, counsel for Trutek (Mr. Stanley Kremen) filed a Petition for *Inter Partes Review* in the U.S. Patent and Trademark Office directed to a patent owned by the University of Michigan ("IPR Petition"). Based on the declarations provided with the IPR Petition, BlueWillow understands that Mr. Kremen has been working on the IPR Petition for several weeks, despite the representation in Trutek's Motion at ¶ 5 as to Mr. Kremen's availability. Although Trutek's IPR Petition references the present action and a relationship between the University of Michigan, the inventors and BlueWillow, it is unrelated to any of the issues to be decided in this matter. Moreover, Trutek is not facing any claims of infringement with respect to the challenged patent and thus, the IPR Petition appears to have been filed for the sole purpose of putting additional pressure on BlueWillow in defending and resolving the instant dispute between the parties.

## II. LEGAL STANDARD

"When considering a motion to amend, a district court will examine (1) whether the moving party has shown 'good cause,' and (2) whether the modification will cause the opposing party to experience possible prejudice." *Gatza v. DCC Litigation Facility, Inc.*, 717 Fed. Appx. 519, 521 (6th Cir. 2017) (internal citation omitted) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

## III. ARGUMENT

As an initial matter, Trutek's Motion fails to cite or address any case law or applicable rule. Trutek plainly failed to meet its burden to establish good cause and lack of prejudice for anything other than a limited extension for the purpose of responding to BlueWillow's pending discovery requests (and corresponding changes to deadlines that follow). Thus, BlueWillow respectfully submits that Trutek's Motion should be denied to the extent Trutek seeks to extend fact discovery for the purpose of seeking discovery from BlueWillow.

"To show good cause, a moving party must demonstrate that he or she diligently attempted to meet the original deadline." *Id.* (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). When deciding whether a party met this burden, the court should consider: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling

4

below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011).

First, Trutek has not taken any discovery in this case. It should have known its need for discovery at the beginning of the case—February 9, 2021. As it has been over a year, Trutek's delay is inexcusable. *Cf. id.*

Second, Trutek has not established—or attempted to establish—that any discovery is necessary for it to prosecute its case. Nevertheless, Trutek's lack of due diligence does not constitute good cause. *See Lorillard Tobacco Co. v. Yazan's Servs. Plaza, Inc.*, No. 05–70804, 2006 WL 2460766, at *4 (E.D. Mich. Aug. 23, 2006) ("Because 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts, Defendant's lack of diligent effort in pursuing a date to take its depositions since February 10, 2006, shows a lack of good cause.").

Third, as this matter has been pending for over a year, this factor also weighs against allowing Trutek to belatedly seek discovery from BlueWillow after the deadline. *See Grain v. Trinity Health*, 431 Fed.Appx. 434, 445 (6th Cir. 2011) (affirming denial of motion to amend scheduling order where plaintiff failed to demonstrate why they did not conduct discovery in a timely fashion).

Fourth, Plaintiff's Motion is presumptively dilatory as it was clearly aware of the need of discovery in view of its representations to the Court during the

5

November 3, 2021 Scheduling Conference. *Cf. Alexander v. Univ. of Memphis*, No. 20-5426, 2021 WL 2579973, at *5 (6th Cir. 2021).

Fifth, there is no dispute that BlueWillow has complied with all discovery requests—as there have been none. *Cf. Bentkowski*, 637 F.3d at 696.

Finally, prejudice is clear. A party is naturally prejudiced by the opposing party trying to begin discovery at the 11th hour. *See Banaszak v. Citimortgage, Inc.*, No. 13-cv-13710, 2016 WL 1391854 (E.D. Mich. Apr. 7, 2016).

## IV. CONCLUSION

For the reasons stated herein, BlueWillow requests that the Court deny Trutek's Motion to the extent Trutek seeks an extension of case deadlines for the purpose of seeking discovery of BlueWillow, and schedule the case for a settlement conference.

6

| | |
|---|---|
| Dated:  March 21, 2022 | Respectfully submitted, |
| | **FOLEY & LARDNER LLP** |
| | /s/  *Alan J. Gocha* |
| | Nicholas J. Ellis (P73174) |
| | Alan J. Gocha (P80972) |
| | 500 Woodward Avenue, Suite 2700 |
| | Detroit, MI 48226-3489 |
| | Telephone:  313.234.7100 |
| | Facsimile:  313.234.2800 |
| | |
| | Liane M. Peterson |
| | 3000 K Street NW, Suite 600 |
| | Washington, DC 20007 |
| | Telephone:  202.672.5300 |
| | Facsimile:  202.672.5399 |
| | |
| | *Attorneys for Defendant/Counter-Plaintiff BlueWillow Biologics, Inc.* |

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on March 21, 2022, I electronically filed the forgoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF System.

/s/  *Alan J. Gocha*
Alan J. Gocha (P80972)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone:  313.234.7100
Facsimile:  313.234.2800

i