UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUTEK CORP.,

          Plaintiff,

Case No. 2:21-cv-10312

HONORABLE STEPHEN J. MURPHY, III

v.

BLUEWILLOW BIOLOGICS, INC.,

          Defendant.
                                   /

## CASE MANAGEMENT ORDER

Plaintiff recently moved to extend discovery deadlines by forty-five days. ECF 24, PgID 251. Plaintiff cited its counsel's recent diagnosis that he is legally blind and that it takes him "considerably longer to read, write[,] and prepare documents." *Id.* Defendant opposed the extension because it claimed that Plaintiff did not show good cause. ECF 25.[1] For the following reasons, the Court will grant the motion.

Under Federal Rule of Civil Procedure 16(b)(4), the Court may amend a scheduling order "only for good cause." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citation omitted); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (collecting cases).

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

Here, Plaintiff's counsel has encountered a disability that is making it harder for him to conduct his work. ECF 24, PgID 251. Given that Plaintiff is still working through discovery, it is unclear whether it will need more discovery from Defendant to prosecute the case. That said, the Court only put out a scheduling order in November 2021. ECF 21. It follows that Court-sanctioned discovery has gone on for only four months. *See* Fed R. Civ. P. 26(d). In the Court's experience, similar kinds of cases require more time in discovery before evaluating a party's case.

Because the present motion is the first discovery extension and the extension is for a modest forty-five days, the prejudice is minimal to Defendant. Beyond that, the present motion is not an eleventh-hour request; the Court's Practice Guidelines require all discovery extensions to be requested "no later than one week before the close of discovery." Plaintiff's motion came two weeks before the discovery deadline. ECF 24; *see* ECF 21, PgID 244. To minimize any prejudice that may result from extending discovery, the Court will warn Plaintiff that there will be no further extensions to these deadlines unless the parties agree to extend a deadline.

The new scheduling order deadlines are amended as follows:

| Event | Due Date |
| --- | --- |
| **Witness List Disclosure** | 5/11/2022 |
| **Expert Witness Disclosures** | Opening Expert Reports: **6/27/22**<br>Responsive Expert Reports: **8/15/22**<br>Reply Expert Reports: **9/29/22** |
| **Discovery Ends** | Fact: **5/16/22**<br>Expert: **11/14/22** |
| **Dispositive Motions** | **12/12/22** |

2

Last, the Court will order the parties to attend mediation after the close of fact discovery. The parties must mediate no later than July 29, 2022. An order appointing the mediator will follow.

**WHEREFORE**, it is hereby **ORDERED** that the motion to extend [24] is **GRANTED**.

**IT IS FURTHER ORDERED** that the scheduling order is **AMENDED** as follows:

| Event | Due Date |
|---|---|
| **Witness List Disclosure** | 5/11/2022 |
| **Expert Witness Disclosures** | Opening Expert Reports: **6/27/22**<br>Responsive Expert Reports: **8/15/22**<br>Reply Expert Reports: **9/29/22** |
| **Discovery Ends** | Fact: **5/16/22**<br>Expert: **11/14/22** |
| **Dispositive Motions** | 12/12/22 |

**IT IS FURTHER ORDERED** that the parties must **MEDIATE no later than July 29, 2022**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 23, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 23, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager

3