# **EXHIBIT A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRUTEK CORP.,                          Case No. 2:21-cv-10312

              Plaintiff,                Hon. Stephen J. Murphy, III

v.

BLUEWILLOW BIOLOGICS, INC.,

           Defendants.

---

## PLAINTIFF TRUTEK CORP.'S
## FIRST SET OF REQUESTS FOR PRODUCTION

---

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Trutek Corp. ("Plaintiff" or "Trutek"), by and through its counsel, Law Office of Stanley H. Kremen, Esq. and the Law Office of Keith Altman, hereby requests that Defendant BlueWillow Biologics, Inc. ("Defendant" or "BlueWillow") produce the following within thirty (30) days of service hereof:

## **DEFINITIONS**

For purposes of these discovery requests, the following definitions shall apply:

1.    The Definitions, Rules, and Instructions set forth in Federal Rules of

Civil Procedure 26 and 34 are incorporated herein by reference.

2.    The words "and" and "or" shall be read conjunctively and disjunctively as to require production and disclosure whenever any interpretation of "and" or "or" solicits such production or disclosure. Accordingly, "or" shall not be read exclusively.

3.    All references to the singular of a word shall be deemed to include the plural, and all references to the plural of a word shall be deemed to include the singular.

4.    All references to a word in the present tense shall be deemed to include the past tense, and all references to a word in the past tense shall be deemed to include the present tense.

5.    "Include(s)," including," "such as," and "e.g." shall be read non-exclusively. Accordingly, neither "include(s)," "including," "such as," or "*e.g.*" shall be interpreted as to limit or narrow the scope of a document request.

6.    Pronouns shall be construed to be inclusive of all gender variations—e.g., "her" means her, his and its.

7.    The terms "person" and "entity" mean any natural person, business, corporation, partnership, company, joint venture, single proprietorship, organization, association, or group. "Person" and

"entity" include any combination of the aforementioned, and any subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents, wholly or partially owned entities thereof, and any persons or entities acting (or purporting to act) for, on behalf of, in conjunction with, or who are subject to the direction or control of the foregoing, including any present or former agents, employees, officers, directors, insurance companies, attorneys, accountants, investigators, and consultants of the foregoing.

8.      The terms "You, "Your," "Defendant," and "BlueWillow" mean Defendant/Counter-Plaintiff BlueWillow Biologics, Inc. in this case and includes any persons or entities acting (or purporting to act) for, on behalf of, in conjunction with, or who are subject to the direction or control of the foregoing, including any present or former agents, attorneys, accountants, investigators, and consultants of the foregoing, and any divisions, branches, and affiliates of the foregoing.

9.      The terms "Plaintiff" and "Trutek" mean Plaintiff/Counter-Defendant Trutek Corp. in this case and includes any persons or entities acting (or purporting to act) for, on behalf of, in conjunction with, or who are subject to the direction or control of the foregoing, including any

present or former agents, attorneys, accountants, investigators, and consultants of the foregoing, and any divisions, branches, and affiliates of the foregoing.

10.   The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation. Any third party specifically referred to shall also include that third party's successors and predecessors.

11.   The terms "Action," "Case," and "Litigation" mean the above captioned case filed by Plaintiff in the United States District Court for the Eastern District of Michigan, Case No. 2:21-cv-10312.

12.   The term "Complaint" means the most recent complaint filed by Plaintiff in the Action as of the date of the documents requests.

13.   The term "Counterclaim(s)" means the most recent counterclaim(s) filed in the Action by BlueWillow against Trutek as of the date of the document requests.

14.   The term "document" shall be interpreted in the broadest sense permissible under Federal Rules of Civil Procedure 26 and 34 and mean any and all writings, video or audio recordings, and tangible objects, whether or not electronic, including originals and copies (whether or not identical). "Document" includes all copies of each

document if the copies contain additional writing or are not identical copies of the original. "Document" includes documents in Your actual or constructive possession, custody, control or for which the You know or have reason to know of its existence. "Document" includes letters, memoranda (whether internal or external), drafts, e-mails, facsimiles, text messages, social media posts, comments, and messages, correspondence (including online correspondence), notices, notes, diaries or diary entries (including online diaries), work papers, printed forms, logs (whether visits, telephone calls or otherwise), indices, operating procedures, appointment calendars, time sheets, call slips, books, magazines, periodicals, circulars, pamphlets, forms (whether official or unofficial), publications, press releases, articles, guidelines, position papers, manuals, instructions, training materials, minutes, summaries, compilations, abstracts, reports, files, file jackets, transcripts, phonographic records, data processing results, printouts and computations (both in existence and stored in memory), bulletins, written questions and answers, charts, films, movies, photographs, speeches, telegrams, cables, telex messages, opinions, studies, analyses, evaluations, proposals, charges, budget materials, debit memos, ledgers, invoices, purchase orders, purchase order

confirmations, releases, statements, orders, working papers, licenses, contracts, agreements, offers, rules, regulations, directives, diagrams, charts, and all other written, recorded, or simulated material of whatever kind or description and copies or reproductions thereof (including all copies that differ in any way from the original or from any other copy), as well as computer software, information stored on computer discs, social media platforms, and computer-generated information or material or data, whether or not considered to be subject to production.

15.   The term "document," regardless if used in conjunction with a universal or existential modifier (e.g. all, some, most, etc.), means every document which is known to exist or have existed (in any medium) or that can be located, obtained, accessed or discovered by reasonably diligent effort.

16.   The term "communication" means any oral or written statements, documents, orders, directives, questions, answers, dialogues, discussions, conversations or agreements, howsoever transmitted or exchanged and irrespective of who began the communication.

17.   The term "discussion" means any communication between any two or

more persons, whether on the telephone, in person, through correspondence, or otherwise.

18. The term "date" means the exact date, month, and year if ascertainable; if not, then the closest approximation that can be made thereto in terms of months and years, seasons, or relation to other events and matters.

19. The terms "relate," "related," "relating," "concern," and "concerning" mean all that which concerns, reflects, refers to, has a relationship to, pertains to, evidences, describes, mentions, discusses, embodies, comprises, contains, enumerates, embodies, involves, or identifies, in any way, in whole or in part, the subject matter of the particular request.

20. The terms "identify," "identity," and "identification" mean as follows:

   a. When used in reference to a natural person, it means to produce documents sufficient to identify the person's (i) full name, (ii) last known residential address, (iii) last known business address, (iv) last known employer and position, and (v) last known e-mail address and phone number;

   b. When used in reference to an entity other than a natural person, it means to produce documents sufficient to ascertain the

entity's (i) full name, (ii) type of entity, (iii) last known address, (iv) the nature of its business or purpose, and (v) the person in charge of its principal office;

c.  When used in reference to a document, it means to produce the document in a manner sufficient to ascertain (i) the type of document (e.g., letter, memorandum, telegram, chart, face-to-face conversation, telephone call, etc.); (ii) the date(s) of its generation, and if no such date is available, the response shall so state and shall give the date or approximate date that such information was prepared; (iii) the date of any modification, including any alteration, addition, or adjustment, and if no such date(s) is/are available, the response shall so state and shall give the date(s) or approximate date(s) that it was modified; (iv) the date on which the document came into Your possession—actual or constructive—or control, if different from the date it was generated; (v) if the document is or was in tangible form, the name and title of the signer of the instrument and the name and title of the author (and if not signed, the response shall so state and shall give the name and title of the person who prepared it, if known, and if not known, the response shall so state); (vi) the

name and title of each recipient or addressee or intended recipient or addressee of such document (whether specifically named therein or not), either at the time of initial distribution or any subsequent time; (vii) the subject matter of the document; (viii) a brief summary of the contents of the document; and (ix) the present whereabouts of the document and the name and address of the custodian thereof. If the document cannot be produced in a form that provides all of the above information, then any other documents revealing such information shall be produced.

d.      When used in reference to an event, meeting, or discussion, it means to produce documents sufficient to ascertain (i) time, date, and place thereof; and (ii) the circumstances of the occurrence which comprised the event.

21.   The phrases "sufficient to identify," "sufficient to determine," and "sufficient to ascertain" mean documents that individually or collectively contain all of the information listed under the definition of "identify," "identity," and "identification" and the additional information sought by the particular document request.

22.    The terms "'802 Patent," "asserted patent(s)," and "patent(s) in suit"
       mean U.S. Patent No. 8,163,802 asserted in this Action.

23.    The terms "related applications" or "related patents" mean every U.S.
       and foreign patent application (e.g., provisional, continuation,
       continuation-in-part, divisional, reexamination proceedings, reissue,
       or inventor's certificate) whether abandoned, pending, or published,
       and every domestic and foreign patent granted based thereon, that
       directly or indirectly claims any priority to one or more of the asserted
       patents (or applications resulting in the asserted patents), or to which
       one or more of the asserted patents claim priority.

24.    The terms "USPTO" and "PTO" mean the United States Patent and
       Trademark Office.

25.    The term "invention" includes every alleged invention or discovery
       claimed in the asserted patents.

26.    The terms "Wahi" and "inventor" mean Ashok Wahi, the stated
       inventor on the face of the '802 Patent.

27.    The term "prior art" encompasses by way of example and without
       limitation the subject matter described in each and every subdivision
       of 35 U.S.C. § 102 and 35 U.S.C. § 103.

28. The terms "Plaintiff's Products" or "Trutek Products" mean NasalGuard® AllergieBlock®, NasalGuard Cold&Flu Block®, NasalGuard® Multi Acting™, Anti-Stat Enhanced Mask™, NasalGuard Wipes™, NasalGuard Allergie Wipes™, NasalGuard Cold & Flu Wipes™, Truteks® Skin and Truteks®, and any other product Plaintiff contends it conceived of, developed, formulated, manufactured, sold, or licensed that Plaintiff alleges embodies, uses, practices, or expresses one or more of the alleged inventions in the '802 Patent.

29. The term "Nanobio Protect Products" and "NanoBio" mean NanoBio® Protect.

30. The term "BlueWillow's Products" means all formulations produced or created by BlueWillow, including but not limited to NanoBio® Protect. and vaccines for anthrax, influenza, COVID-19 and its variants, RSV (Respiratory Syneytial Virus), SARS, sexually transmitted diseases, environmental allergies, food allergies, peanut allergies, and certain forms of cancer.

31. The term "NIH" means the National Institutes of Health of the United States.

32.     The term "FDA" means the Food and Drug Administration of the United States.

33.     The term "DOD" means the Department of Defense of the United States.

## INSTRUCTIONS

1.     All responses shall be provided to counsel for BlueWillow within thirty (30) days of service at the Law Office of Stanley H. Kremen, Esq., 4 Lenape Lane, East Brunswick, NJ 08816.

2.     In producing documents and other materials, You shall furnish all documents in Your possession, custody, or control, and any other documents that You have the power to obtain, regardless of the physical location of the documents or whether such documents or materials are possessed directly by You.

3.     If You have reason to believe a responsive document is in the possession of a third party, You shall state (a) the basis for this belief, (b) the party believed to be in possession of the responsive document, (c) where You believe the responsive document may be located, and (d) other information sufficient to identify the document.

4.     If you know of the existence, past or present, of any document described in any request for production but are unable to produce such document because

it is not presently in Your possession, custody, or control, You shall so state and shall identify such document in response to the request for production in question. Further, you shall:

(i)     Specify the nature of the document (such as, for example, a letter, telegram, memorandum, etc.).;

(ii)    State the date, if any, appearing on the document or, if none, the date that such document was prepared.

(iii)   Identify each person, if any, who was an addressee thereof, whether or not the name of such person appears on the document.

(iv)   State whether the document is still in existence.

(v)    Identify each person who presently has possession, custody, or control of the document.

(vi)   Identify each person who has read or examined all or any portion of the document.

(vii)  State the reason or reasons for the preparation of the document.

(viii) State the location or locations where the document was prepared.

(ix)   If the document was at any time transmitted by one person to another, state their names and the location of the person

transmitting the document at the time of transmittal and the location of the person receiving same at the time of receipt.

(x)     Describe in general the subject matter of the document.

5.     If any document responsive to the request has been lost, mutilated, or destroyed, state and identify each such document.

6.     The obligation to comply with these requests is continuing in nature. If You discover or obtain possession, custody, or control of any document previously requested or required to be produced, but has not yet been produced, You shall promptly produce such document.

7.     All materials produced shall be either: (a) segregated by production request, or (b) accompanied by a list that clearly identifies, including by Bates number, what documents are responsive to which requests.

8.     Responsive documents and things shall be produced as kept in the ordinary course of business or shall be produced in a manner organized and labeled to correspond with the categories in these requests for production. If there are no documents or things responsive to a particular request, state so in writing.

9.     Documents attached to each other should not be separated, including, but not limited to, e-mail attachments.

10.   If a document request has subparts, respond to each part separately and in full, and do not limit your response to the request as a whole. If a document request cannot be responded to in full, respond to the extent possible, specify the reason for Your inability to respond to the remainder, and state whatever information and knowledge You have regarding the unanswered portion.

11.   If You locate identical copies of one or more documents in multiple individuals' files, You shall identify all individuals who had the document(s) in Your files.

12.   If any document is withheld under a claim of privilege, You shall identify (i) the withheld document by date, author, addressee, and type of document (e.g., letter, memorandum, etc.), (ii) state the grounds on which each claim of privilege rests, (iii) identify who is making the claim of privilege, and (iv) indicate the portion of the document for which the claim of privilege extends.

13.   If any portion of a document is responsive to any request, then the entire document must be produced. If the document contains privileged material or attorney work product that You claim is protected from production or disclosure, the entire document must be

produced with only the privileged, protected, or immune portions redacted.

14.  Whenever a document is not produced in full or is produced in redacted form, You shall so indicate on the document and state with particularity the reason(s) it is not being produced in full and describe with as much particularity as possible those portions of the document which are not being produced and the reason that document is not being produced.

15.  If any requested document cannot be produced in full, You shall produce it to the extent possible, indicating which document, or portion of such document, is being withheld and the reason for its withholding.

16.  Documents not otherwise responsive to these document requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these document requests, or if such documents are attached to documents called by these document requests, including routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations, and similar materials.

17.  If any documents are withheld on the basis of some other objection, You shall (i) identify the document; (ii) state with particularity the

nature of and the complete factual basis for the objection, and (iii) indicate the portion of the document for which the claim extends.

18.   If any objection is asserted as to form, such as vagueness, provide a detailed explanation of Your interpretation of the request, including by stating Your bases for such understanding and by providing a re-worded version of the request that encapsulates Your understanding. In the event that You are confused, You shall make good faith efforts to ask clarifying questions to BlueWillow's counsel before objecting to requests or refusing to produce responsive documents.

19.   If any documents are deemed to not be producible for any other reason, You shall (i) identify the document; and (ii) state with particularity the nature of and the complete factual basis for concluding that the document cannot be produced.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

A list of all ingredients in the Nanobio formulation.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 2**

The Safety Data Sheet (SDS) for the Nanobio product.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 3**

A list of physical properties of every BlueWillow product, including but not

limited to pH, specific gravity, viscosity, freezing point.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 4**

A 500 ml sample of BlueWillow's vaccine created to produce an immune

response against *bacillus anthracis*.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 5**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against *bacillus anthracis*.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 6**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against *bacillus anthracis*.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 7**

A 500 ml sample of BlueWillow's vaccine created to produce an immune response against influenza virus.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 8**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against influenza virus.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 9**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against influenza virus.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 10**

A 500 ml sample of BlueWillow's vaccine created to produce an immune response against COVID-19 and its variants.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 11**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against COVID-19 and its variants.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 12**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against COVID-19 and its variants.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 13**

A 500 ml sample of BlueWillow's vaccine created to produce an immune response against RSV (Respiratory Syneytial Virus).

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 14**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against RSV (Respiratory Syneytial Virus).

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 15**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against RSV (Respiratory Syneytial Virus).

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 16**

A 500 ml sample of BlueWillow's vaccine created to produce an immune response against SARS.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 17**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against SARS.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 18**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against SARS.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 19**

A 500 ml sample of BlueWillow's vaccine created to produce an immune response against sexually transmitted diseases.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 20**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against sexually transmitted diseases.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 21**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against sexually transmitted diseases.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 22**

A 500 ml sample of BlueWillow's vaccine created to produce an immune response against environmental allergies.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 23**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against environmental allergies.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 24**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against environmental allergies.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 25**

A 500 ml sample of BlueWillow's vaccine created to produce an immune response against food allergies.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 26**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against food allergies.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 27**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against food allergies.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 28**

A 500 ml sample of BlueWillow's vaccine created to produce an immune response against peanut allergies.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 29**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against peanut allergies.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 30**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against peanut allergies.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 31**

A 500 ml sample of BlueWillow's vaccine created to produce an immune response against cancer.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 32**

A list of all ingredients in the formulation of BlueWillow's vaccine created to produce an immune response against cancer.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 33**

The Safety Data Sheet (SDS) for BlueWillow's vaccine created to produce an immune response against cancer.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 34**

All documents concerning communication with the FDA with regard to any or all BlueWillow products and/or formulations created by BlueWillow.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 35**

All documents concerning any grant of funds from any third party (including but not limited to individuals, private business entities, U.S. Government agencies, and foreign entities) to promote research and/or development of any or all BlueWillow products and/or formulations created by BlueWillow.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 36**

All documents concerning communication with NIH with regard to any or all BlueWillow products and/or formulations created by BlueWillow.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 37**

All documents concerning communication with DOD with regard to any or all BlueWillow products and/or formulations created by BlueWillow.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 38**

All documents concerning communication with any foreign government, agencies thereof, or employees thereof with regard to any or all BlueWillow products and/or formulations created by BlueWillow..

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 39**

All documents to or from third parties (domestic or foreign) concerning the manufacture, formulation, and/or production of any or all BlueWillow products.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 40**

Copies of all articles and abstracts published in any scientific journal or other publication between 1990 and the date of this document by any current or former BlueWillow/Nanobio Corporation employee, consultant, or officer concerning vaccine and/or nanoemulsion technology.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 41**

All documents concerning any opposition, litigation, reissue, reexamination, post-patent issuance proceedings, inter partes review or other proceeding before the Patent Trial and Appeal Board or other court or tribunal (in the United States or in a foreign country) commenced by or against BlueWillow or Nanobio Corporation including:

    (1)    all documents concerning any litigation or adversarial proceeding;

    (2)    all pleadings, exhibits, affidavits, affidavit exhibits, and supporting data, trial testimony, documents, and documents produced in such matters, and any decision by the appropriate tribunal; and

    (3)    all transcripts and exhibits from each deposition or other sworn statement provided in connection with any litigation, opposition, or proceeding.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 42**

Documents sufficient to identify each Person involved in or who participated in the research, development, engineering, manufacture, design, testing, marketing, or strategic planning relating to the subject matter of BlueWillow products.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 43**

All documents concerning the research, design, and development of BlueWillow products, including their current pharmaceutical formulation, their manufacturing processes, past formulations, any past manufacturing process, reasons changes in formulation, and reasons for changes in manufacturing process(es).

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 44**

All documents and things concerning any laboratory research, experiments, tests, or evaluations, whether complete, incomplete, or prematurely

terminated concerning any BlueWillow product(s) including but not limited to laboratory notebooks, notebooks, tabulations, data compilations, calculations, presentations, graphs, charts, summaries, memoranda, or reports relating thereto.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 45**

All current curriculum vitae, resume, biography, or equivalent document for each named inventor of the invention(s) claimed or disclosed in any patent and/or patent application assigned to Nanobio Corporation, and all publications and presentations of which each such individual is an author or to which each such individual has contributed.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 46**

All documents concerning the marketing and promotion of BlueWillow products, including presentations, forecasts, brochures, projections, sales-training manuals, market-research materials, budgets, and surveys.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 47**

All documents concerning the first manufacture, first publication, first use, first public use, first sale, and first offer for sale in the United States of any BlueWillow product, including documents sufficient to identify the first offer for sale, initial manufacture, initial use, initial public use or demonstration, initial shipment, initial announcement, and initial disclosure of any BlueWillow product.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 48**

Documents sufficient to show BlueWillow's and/or Nanobio Corporation's organizational structure as a company (e.g., organizational charts) from January 1, 2004, to present.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 49**

All documents relating to Your corporate governance, including but not limited to meeting minutes of officers, executives, and/or directors, and corporate presentations.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 50**

All of Your annual reports or equivalent filed with any governmental entity from January 1, 2004 to the present.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 51**

All documents concerning any document retention policy or program, including any litigation hold issued related to this Action.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 52**

Produce all documents identified in your Initial Disclosures in this Action.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 53**

Produce all documents upon which You rely or anticipate relying upon to support any allegation or defense in this matter.

**RESPONSE**

Dated ___May 11, 2022___                    Respectfully submitted,

                                            /s/Stanley H. Kremen_____
                                            Attorney for Plaintiff
                                            4 Lenape Lane
                                            East Brunswick, NJ 08816
                                            (732) 593-7294 Tel.
                                            (732) 312-5218 FAX
                                            *shk@shk-dplc.com*
                                            *shklaw@kremen.us*

                                            Keith Altman
                                            Law Office of Keith Altman
                                            33228 West 12 Mile Road,
                                            Suite 375
                                            Farmington Hills, MI  48331
                                            (248) 987-8929
                                            keithaltman@kaltmanlaw.com

## CERTIFICATE OF SERVICE

I certify that on May 11, 2022, I served the foregoing Plaintiff's Request for Production upon all parties via email.

                    Keith Altman, Esq.
                    Law Office of Keith Altman
                    33228 West 12 Mile Road, Suite
                    375
                    Farmington Hills, Michigan 48334
                    Telephone: (987) 987-8929
                    keithaltman@kaltmanlaw.com
                    *Attorneys for Plaintiff*