# EXHIBIT B

***Pages Omitted***

Redacted

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TRUTEK CORP., | |
| *Plaintiff/Counter-Defendant*, | |
| v. | Case No. 2:21-cv-10312 |
| BLUEWILLOW BIOLOGICS, INC. | Hon. Stephen J. Murphy, III |
| *Defendant/Counter-Plaintiff*, | Mag. R. Steven Whalen |
| ROBIN ROE 1 through 10 (fictitious names); ABC CORPORATION 1 through 10 (fictitious names), | |
| *Defendants*. | |

## DEFENDANT BLUEWILLOW BIOLOGICS, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant BlueWillow Biologics, Inc. ("BlueWillow"), by and through its counsel, Foley & Lardner LLP submits the following objections and answers to Plaintiff Trutek Corp.'s ("Plaintiff" or "Trutek") First Set of Interrogatories.

This document should be treated as Outside Counsel Eyes' Only until entry of a protective order, at which time, BlueWillow will designate the answers contained herein pursuant to the protective order.

Redacted

Redacted

**INTERROGATORY NO. 4**

List and identify in detail the diseases and medical conditions for which BlueWillow is engaged in research and development of vaccines wherein said vaccine(s) is/are (a) intended to be administered nasally to subjects; and/or (b) contained in or comprising a nanoemulsion adjuvant. For each vaccine identified as being contained in or comprising a nanoemulsion adjuvant, state whether the formulation of said nanoemulsion adjuvant is common to any other of the vaccines identified in this interrogatory. Further, for each vaccine identified as being contained in or comprising a nanoemulsion state whether the vaccine uses recombinant DNA, recombinant RNA, hybridoma technology, and/or other processes involving site specific genetic manipulation techniques.

**ANSWER:** In addition to its General Objections, BlueWillow objects as the interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case. The interrogatory constitutes an improper fishing expedition to obtain information on products that are not at issue in this suit. *See Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co., Ltd.*, No. CV 05-8493-AG(SHx), 2007 WL 4302701, at *2 (C.D. Cal. June 27, 2007); *Biax Corp. v. Nvidia Corp.*, 271 F.R.D. 200, 205 (D. Colo. Sept. 21, 2010); *Moore U.S.A., Inc. v. Standard Register Co.¸* No. CIV.A.97–CV–2054A, 1998 WL 34016835, at *6 (E.D. Va. Mar. 20, 1998); *Oplus Tech., Ltd. v. Sears Holdings Corp.¸* No. 2:12-cv-05707-MRP-Ex, 2013 WL

Redacted

12130253, at *1 (C.D. Cal. Oct. 2, 2013); *see also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990). BlueWillow objects as the interrogatory is not reasonably calculated to obtain discovery regarding any nonprivileged matters that are relevant to any claim or defense. The requested information is not probative of whether the asserted patent is valid or whether the single accused product infringes such patent. Nor is the requested information relevant to whether the safe harbor of 35 U.S.C. § 271(e)(1) applies. BlueWillow objects to the interrogatory to the extent it seeks information about confidential information related to products in development as, among other reasons, there is no protective order governing the disclosure of such information at this time. BlueWillow further objects as the interrogatory is vague and ambiguous, including in the use of the phrases "engaged in research and development of vaccines," "intended to be administered" and "contained in or comprising a nanoemulsion state."

Redacted

Redacted

Redacted

**INTERROGATORY NO. 5**

Identify and describe all products, intended to be administered nasally to subjects; and/or contained in or comprising a nanoemulsion adjuvant, ever manufactured or sold by BlueWillow or Nanobio, and all technology ever licensed by BlueWillow or Nanobio to third parties. Where said licenses were granted by BlueWillow or Nanobio to third parties, provide the identity of each third party and the nature of said license. Provide the name, title, and role of each professional who worked on each of said products on behalf of BlueWillow and/or Nanobio.

**ANSWER:** In addition to its General Objections, BlueWillow objects as the interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it broadly seeks information on "all products, intended to be administered nasally to subjects; and/or contained in or comprising a nanoemulsion adjuvant, ever manufactured or sold by BlueWillow or Nanobio" and "all technology licensed by BlueWillow or Nanobio to third parties," regardless of relevance. The interrogatory constitutes an improper fishing expedition to obtain information on products that are not at issue in this suit. BlueWillow objects as the interrogatory is not reasonably calculated to obtain discovery regarding nonprivileged matters relevant to a claim or defense. The requested information is not probative of whether the asserted patent is valid or whether the single accused product infringes such patent. BlueWillow further objects to providing the information requested concerning products under development to the extent it is not

33

# \*\*\*Pages Omitted\*\*\*

Redacted

# CERTIFICATE OF SERVICE

I hereby certify that on **May 9, 2022**, I caused the foregoing document to be served via email and First Class Mail on:

>Stanley H. Kremen
>4 Lenape Lane
>East Brunswick, NJ 08816
>(732) 593-7294
>shk@shk-dplc.com
>
>Keith L. Altman
>The Law Office of Keith Altman
>33228 West 12 Mile Road, Suite 375
>Farmington Hills, Michigan 48334
>kaltman@kaltmanlaw.com

                                              /s/  *Alan J. Gocha*
                                              Alan J. Gocha