# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUTEK CORP.,

      Plaintiff,

v.

BLUEWILLOW BIOLOGICS, INC.;
ROBIN ROE 1 through 10, gender
neutral fictitious names, and; ABC
CORPORATION 1 through 10 (fictitious
names).

      Defendants.

Case No. 2:21-cv-10312

Hon. Stephen J. Murphy, III
Mag. R. Steven Whalen

## DEFENDANT/COUNTER-PLAINTIFF BLUEWILLOW
## BIOLOGICS, INC.'S MOTION TO EXCLUDE
## <u>DAMAGES–RELATED THEORIES OR EVIDENCE</u>

Pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1), and the Court's inherent authority, Defendant/Counter-Plaintiff BlueWillow Biologics, Inc. ("BlueWillow"), by and through its under signed counsel, Foley & Lardner LLP, respectfully moves for the Court to limit Plaintiff/Counter Defendant Trutek Corp. ("Trutek") to zero damages (or nominal damages in the alternative) and exclude any damages-related theory or evidence by Trutek. BlueWillow also requests that the Court warn Trutek of the possibility of dispositive sanctions and an exceptional case award.

On September 22, 2022, BlueWillow's counsel met and conferred with counsel for Trutek, explained the nature and bases of this Motion, and requested concurrence in the relief sought. Trutek did not concur.

Trutek cannot meet its burden to establish recoverable damages as it: (1) has failed to make required damages-related disclosures; (2) failed to timely conduct necessary damages-related discovery; and (3) failed to identify a damages expert, which is necessary for the apportionment of alleged damages between accused and non-accused aspects of the products at issue. For the reasons stated in the accompanying Brief in Support, the Court should grant BlueWillow's Motion.

Dated:  September 26, 2022                    Respectfully submitted,

**FOLEY & LARDNER LLP**


/s/   *Alan J. Gocha*
Nicholas J. Ellis (P73174)
Alan J. Gocha (P80972)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone:  313.234.7100
Facsimile:  313.234.2800

Liane M. Peterson
3000 K Street NW, Suite 600
Washington, DC 20007
Telephone:  202.672.5300
Facsimile:  202.672.5399

*Attorneys for Defendant/Counter-
Plaintiff BlueWillow Biologics, Inc.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUTEK CORP.,

       Plaintiff,

v.                                                    Case No. 2:21-cv-10312

BLUEWILLOW BIOLOGICS, INC.;          Hon. Stephen J. Murphy, III
ROBIN ROE 1 through 10, gender           Mag. R. Steven Whalen
neutral fictitious names, and; ABC
CORPORATION 1 through 10 (fictitious
names).

       Defendants.

## BRIEF IN SUPPORT OF MOTION IN LIMINE

# **TABLE OF CONTENTS**

STATEMENT OF ISSUE PRESENTED ................................................................... iii

TABLE OF AUTHORITIES ............................................................................... iv

I.    INTRODUCTION .................................................................................1

II.   FACTUAL BACKGROUND ....................................................................3

III.  LEGAL STANDARD ...........................................................................7

IV.   ARGUMENT ......................................................................................9
      A.   Trutek's failure to disclose damages evidence is dispositive ...............9
      B.   Trutek's failure to conduct discovery on damages is dispositive .......12
      C.   Trutek's failure to identify a damages expert is dispositive ..............16

V.    CONCLUSION ..................................................................................19

CERTIFICATE OF SERVICE ............................................................................ i

## STATEMENT OF ISSUE PRESENTED

1.      Whether the Court should exclude any damages-related evidence or theory by Trutek at trial and limit Trutek to zero damages (or nominal damages in the alternative) and warn Trutek of the possibility of dispositive sanctions and exceptional case award.

BlueWillow's answers: **Yes**.

Trutek's answers: **No**.

## <u>TABLE OF AUTHORITIES</u>

### Cases

*AOS Holding Co. v. Bradford White Corp.*, No. 18-412-LPS, 2021 WL 5411103
    (D. Del. Mar. 31, 2021) ..................................................................14

*Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 WL 2536962
    (E.D. Tex. May 18, 2007)..............................................................18

*Calico Brand, Inc. v. Ameritek Imports, Inc.*, 527 Fed.Appx. 987
    (Fed. Cir. 2013).............................................................................16

*Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc.*, 809 F.3d 1295
    (Fed. Cir. 2015).............................................................................18

*Devex Corp. v. General Motors Corp.*, 667 F.2d 347 (3rd Cir.1981) ....................15

*Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976
    (6th Cir. 2004) .............................................................................8, 9

*Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201 (Fed. Cir. 2014)................ 16, 17

*Garreston v. Clark*, 111 U.S. 120 (1884) ................................................................17

*Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341
    (Fed. Cir. 1999).............................................................................13

*LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51
    (Fed. Cir. 2012)........................................................................ 16, 18

*Luce v. United States*, 469 U.S. 38 (1984)................................................................7

*Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009)....................17

*Mee Indus. V. Dow Chem. Co.*, 608 F.3d 1202 (11th Cir. 2010) ...........................17

*MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344
    (Fed. Cir. 2005).........................................................................8, 10

*Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*, No. 05-60120, 2007 WL
    627874 (E.D. Mich. Feb. 26, 2007)..............................................11

*Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) ........................................9

*Niazi Licensing Corp. v. St. Jude Medical S.C., Inc.*, No. 17-cv-5096, 2020 WL
    5512507 (D. Minn. Sept. 14, 2020) ...............................................................18

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1156
    (6th Cir. 1978) ...............................................................................................13

*Presidio Components, Inc. v. Am. Tech. Ceramics, Corp.*, 875 F.3d 1369
    (Fed. Cir. 2017) .............................................................................................13

*ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010) ...........................12

*Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302 (Fed. Cir. 2002) ......... 12, 15

*Santana v. U.S. Tsubaki, Inc.*, 87 F.3d 1315 (6th Cir. 1996) ...................................12

*TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278 (Fed. Cir. 2020) ....................................15

*Tobias v. Pa. Bd. of Probation and Tezak v. Montgomery Ward & Co., Inc.*, 33
    Fed. Appx. 172 (6th Cir. 2022) ....................................................................11

*Unicom Monitoring, LLC v. Cencom, Inc.*, No. 06–1166 (MLC), 2013 WL
    1704300 (D.N.J. Apr. 19, 2013) ...................................................................14

*Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011) ..................17

*United States v. Poulsen*, 655 F.3d 492 (6th Cir. 2011) .............................................7

*Use Techno Corp. v. Kenko USA, Inc.*, No. C-06-02754, 2007 WL 4169487
    (N.D. Cal. Nov. 20, 2007) .............................................................................18

*Veritas Operating Corp. v. Microsoft Corp.*, No. 2:06-cv-00703-JCC, 2008 WL
    657936 (W.D. Wash. Jan. 17, 2008) ............................................................14

*Voice Int'l Inc. v. Oppenheimer Cine Rentals LLC*, No. 15-08830, 2020 WL
    1229735 (C.D. Cal. Feb. 4, 2020) ........................................................... 10, 11

*WesternGeco L.L.C. v. ION Geophysical Corp.*, 913 F.3d 1067
    (Fed. Cir. 2019) .............................................................................................17

*Whitserve LLC v. Computer Packages, Inc.*, 694 F.3d 10 (Fed. Cir. 2012) ............12

*Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994) ........7

## Statutes

35 U.S.C. § 284 ................................................................................................14
35 U.S.C. § 285 ..................................................................................................3

## Rules

Fed. R. Civ. P. 26(a)(2) ......................................................................................2, 9
Fed. R. Civ. P. 37(c)(1) ................................................................................... 3, 7, 9
Federal Rule of Civil Procedure 41(b) ....................................................................3

## I.   <u>INTRODUCTION</u>

Defendant BlueWillow Biologics, Inc. ("BlueWillow") continues to reiterate that this is a classic nuisance patent lawsuit in which Plaintiff Trutek Corp. ("Trutek") is seeking to extort a settlement based on the cost of defending against a patent infringement suit. While most patent plaintiffs are eager to ascertain potential damages and proceed to trial, Trutek has continuously delayed this case, never conducted discovery on (potential) damages, and failed to furnish an expert report on damages—a relatively rare posture in a legitimate patent infringement suit. Notably, in response to BlueWillow's timely discovery requests seeking Trutek's theories on damages and underlying factual support, Trutek responded that an expert would provide this analysis. Yet, Trutek did not identify a damages expert or serve a damages expert report in accordance with this Court's Scheduling Orders. Likewise, Trutek has not supplemented its interrogatory answers to identify damages-related theories, evidence, or witnesses.[1]

This Court previously granted Trutek an extension on fact discovery, but warned Trutek that "there will be no further extensions . . . unless the parties agree to extend a deadline." (Dkt. 26.) The deadline on fact discovery has now long

---

[1] Trutek is also, of course, currently truant on expert discovery relating to technical experts.

passed, the deadline to serve opening and responsive expert reports has elapsed, and the parties are entering into the trial preparation stage of the case.

Trutek cannot meet its burden to establish recoverable damages as it: (1) has failed to make required damages-related disclosures; (2) failed to timely conduct damages-related discovery; and (3) failed to identify a damages expert and serve related disclosures pursuant to Fed. R. Civ. P. 26(a)(2) within the timeframe set in the procedural schedule, which is necessary for the apportionment of alleged damages between accused and non-accused aspects of the products at issue. Trutek cannot, as a matter of law, establish damages and therefore should be limited to zero damages (nominal damages in the alternative) and precluded from presenting any damages-related evidence or theories to a jury.

Further, this fact pattern is particularly noteworthy given that there is no basis for injunctive relief either. Trutek acknowledges that the sole accused product in this case is "no longer being sold by Defendant." (*See* Dkt. # 28-3, PgID 335.) As such, there is no activity of BlueWillow to enjoin even if this case is tried on the merits and Trutek is successful in proving infringement and the '802 Patent is found valid. In other words, if the Court grants this Motion, there is no meaningful case or controversy given that there is no relief or remedy that can be

awarded to Trutek, and the Court should separately consider outright dismissal and other sanctions.[2]

## II.    FACTUAL BACKGROUND

BlueWillow is a clinical-stage biopharmaceutical company focused on developing intranasal vaccines for various medical conditions. (Dkt. 9, Counterclaim, ¶ 6.) BlueWillow also developed and sold NanoBio® Protect, an over-the-counter nasal antiseptic that uses BlueWillow's proprietary technology to deliver benzalkonium chloride (BZK), a common skin antiseptic that has been used in over-the-counter products for more than 75 years. (*Id*. ¶ 7.) NanoBio® Protect is now discontinued and is no longer sold in the U.S. (Dkt. 28, Plaintiff's Mot. for Leave to File Am. Compl., p. 2; Dkt. 28-1, Declaration of Stanley H. Kremen (Trutek's Counsel), ¶ 7.)

On **February 10, 2021**, Trutek filed suit alleging one count of patent infringement of United States Patent No. 8,163,802 ("the '802 Patent") against BlueWillow with respect to a single product, NanoBio® Protect. (Dkt. 9, Counterclaim ¶ 6; Dkt. 1, Complaint). The '802 Patent is attached as Exhibit 6 to the Complaint. (Dkt. 1-6.) Trutek's Complaint alleges that BlueWillow's

---

[2] While not the focus of this Motion, Trutek's actions and omissions warrant, among other things, application of Federal Rule of Civil Procedure 41(b) (dismissal for failure to prosecute), other sanction (e.g., Fed. R. Civ. P. 37(c)(1)), and a 35 U.S.C. § 285 exceptional case finding.

NanoBio® Protect directly infringes "at least claims 1, 2, and 7 of the ['802] Patent because the [NanoBio® Protect] products possess an electrostatic charge when applied to a person's nasal passages, and they use benzalkonium chloride as a biocide." (Dkt. 9, Counterclaim, ¶ 9; Dkt. 1, Complaint, ¶ 30.)

On **May 19, 2021**, BlueWillow filed its responsive pleading, including its Counterclaims. (Dkt. 9.)

On **November 03, 2021**, the Court entered a scheduling order stating that fact discovery shall be completed by April 1, 2022. Trutek failed to issue a single discovery request before this initial deadline.

On **February 18, 2022**, BlueWillow served its First Set of Interrogatories and First Set of Document Requests. On **March 2, 2022,** BlueWillow served its Second Set of Requests for Production.

On **March 18, 2022**, Trutek filed a motion to extend the scheduling order by 45 days. (Dkt. 24.) On **March 23, 2022**, the Court granted the motion extending, among other things, the following deadlines:

- Witness disclosures, **May 11, 2022**
- Fact discovery, **May 16, 2022**
- Opening expert reports, **June 27, 2022**
- Responsive expert reports, **August 15, 2022**

(Dkt. 26.) The Court "warn[ed] Plaintiff that there will be no further extensions to these deadlines unless the parties agree to extend a deadline." (*Id.* at PgID 269.)

Trutek subsequently failed to timely respond to BlueWillow's Second Set of Requests for Production. Trutek also failed to meet the deadline for witness list disclosures. (*See* Dkt. 29 (two days late)).

On **May 11, 2022**, Trutek issued its First Set of Documents to BlueWillow, 5 days before the close of the discovery deadline (as amended). On the **same day**, Trutek provided its Answers to BlueWillow's First Set of Interrogatories, (Ex. 1), and filed a motion seeking leave to amend the Complaint, (Dkt. 28.) On June 2, 2022, the Court denied Trutek's Motion for Leave. (Dkt. 32.)

On **June 27, 2022**, the Parties exchanged opening expert reports. Trutek did not serve an expert report on damages.

On **August 15, 2022**, the Parties exchanged responsive expert reports.

Trutek's exceedingly late interrogatory Answers[3] state the following with regard to damages:

> **INTERROGATORY No. 9**
>
> Identify each person you anticipate will testify in this Action, including by providing such person's name, employer, title, and a detailed explanation of and summary of the person's anticipated testimony.

---

[3] Trutek's Answers were due March 20, 2022. Thus, Trutek was 52 days late. Even assuming a generous interpretation—i.e., that the Court's extension of the discovery cutoff deadlines by 45 days was an extension on discovery response deadlines—Trutek still should have provided its Answers 6 days earlier.

**ANSWER:**

- Ashok Wahi - Trutek Corp. - evidence regarding the '802 Patent and testing of Nanobio Protect product.
- Alexei Ermakov, Ph.D. - evidence regarding testing of BlueWillow products.
- Shane Burns or Troy Anthony - Electro-Tech Systems, Inc. - evidence regarding testing of BlueWillow products.
- Edward A. Lemmo, Ph.D. - expert testimony regarding BlueWillow products.
- Dennis M. O'Donnell, R.Ph. - Primus Advisors LLC - expert testimony regarding BlueWillow products.
- **<u>At least one additional expert to testify regarding damages</u>**.
- At least one additional expert to testify regarding patent validity.

## INTERROGATORY No. 10

Identify and describe in detail all damages that you seek to recover in this Action, including an accounting of the specific categories of damages claimed (e.g., lost profits, reasonable royalty, or any other category you claim to have suffered as a result of any conduct by BlueWillow), the amount for each category and how it was calculated, the legal and factual bases supporting your claim for damages, all documents and evidence upon which you rely for your calculations, and the persons most knowledgeable about the information requested in this interrogatory.

## ANSWER:

The NanoBio Protect product is no longer being sold. BlueWillow took the product off the market sometime in mid-2021. However, the start date and end date of this product's sales is unknown. Because this product

6

> infringes upon the '802 Patent, every sale of this product made by BlueWillow should have accrued to Trutek. Therefore, Plaintiff seeks the profit from every sale. **The method of calculation of lost profits will be presented by an expert yet to be engaged**.
>
> According to information and belief, the BlueWillow vaccines are not yet commercialized. It is therefore not feasible to compute past, present, or future damages. Instead, Plaintiff seeks injunctive relief that would allow it to protect its patent rights.

(Ex. 1 (bold and underlined emphasis added)). As of the date of this Motion, Trutek *still* has not supplemented its Answers.

On August 17, 2022, BlueWillow served expert-related document requests on Trutek, which means they were due on September 16, 2022. Yet, Trutek has *still* failed to respond or produce documents as of the date of this Motion.

### III.   LEGAL STANDARD

Motions *in limine* serve the purpose of excluding inadmissible or prejudicial evidence before it is actually offered at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). Whether or not to grant a motion *in limine* is within the sound discretion of the Court. *See United States v. Poulsen*, 655 F.3d 492, 508 (6th Cir. 2011); *see also Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994) (affirming grant of motion *in limine* to limit damages). However, under Rule 37(c)(1), "[t]he exclusion of non-disclosed evidence is **automatic and mandatory** under Rule 37(c)(1) unless non-disclosure was justified or harmless."

*Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (emphasis added). Rule 37(c)(1) states:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

In patent cases, courts will not permit introduction of a damages calculation or theory to be submitted to a jury when disclosed for the first time in response to a motion in limine. *See MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1356–357 (Fed. Cir. 2005) (affirming exclusion of patent owner's non-expert damages theories and related evidence that was not disclosed in response to interrogatories requesting identification of damages theories and factual basis and methodology for damages calculations).

# IV.   ARGUMENT

As a matter of law, Trutek cannot meet its burden to establish recoverable damages as it: (1) has failed to make required damages-related disclosures; (2) failed to timely conduct damages-related discovery; and (3) failed to identify a damages expert and make the required expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) within the timeframe mandated by the procedural schedule, which is necessary for the apportionment of alleged damages between accused and non-accused aspects of the products at issue.

## A.   Trutek's failure to disclose damages evidence is dispositive

After a year and a half of litigation, Plaintiff has failed to disclose a damages calculation, identify any evidence supporting a damages theory, or disclose any witness that will testify as to damages. "The exclusion of non-disclosed evidence is *automatic* and *mandatory* under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Dickenson*, 388 F.3d at 983 (emphasis added). "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure. The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

To date, Plaintiff has not even attempted to provide an evidentiary basis for damages. Plaintiff has not identified any damages calculation or damages-related

expert witness. Nor has Plaintiff produced any documents or provided any information in response to BlueWillow's interrogatories concerning the factual and legal basis for its damages claims. For example, and not by way of limitation, Trutek has not produced any evidence of comparable license agreements to support a reasonable royalty, or any evidence in support of its purported lost profits theory (e.g., evidence of (1) demand for the patented product, (2) absence of acceptable non-infringing alternatives, (3) manufacturing capability to support increased demand, or (4) amount of profit it would have made from additional sales). Accordingly, exclusion of all damages evidence and theories is required. *See MicroStrategy*, 429 F.3d at1356–357 (affirming exclusion of patent owner's non-expert damages theories and related evidence that was not disclosed in response to interrogatories requesting identification of damages theories and factual basis and methodology for damages calculations).

Courts will not permit introduction of a damages calculation or theory to be submitted to a jury when disclosed for the first time in response to a motion in limine. *See id.*; *Voice Int'l Inc. v. Oppenheimer Cine Rentals LLC*, No. 15-08830, 2020 WL 1229735, at *3–8 (C.D. Cal. Feb. 4, 2020) (granting motion in limine to preclude Plaintiffs from offering "arguments, exhibits or testimony at trial regarding alleged monetary damages"). Indeed, "[d]amages claims are a central part" of patent cases. *Id.* "Therefore, Plaintiff[] should have timely disclosed the

10

relevant information [it has] on this issue[,]" including "in [its] initial disclosures, and in response to [Defendant's] discovery requests." *Id.*

The "failure is not harmless, but is prejudicial to [BlueWillow] given that discovery is closed . . . ." *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*, No. 05-60120, 2007 WL 627874, at *7 (E.D. Mich. Feb. 26, 2007); *see also Tobias v. Pa. Bd. of Probation and Tezak v. Montgomery Ward & Co., Inc.*, 33 Fed. Appx. 172, 179 (6th Cir. 2022) (affirming exclusion of expert not disclosed in response to interrogatories until after the close of discovery and deadline to exchange witness list); *Parole*, No. 04-0270, 2005 WL 6042718, at *2–3 (E.D. Pa. Apr. 26, 2005) (excluding damages expert and finding prejudice where plaintiff failed to identify damages expert in response to interrogatory or timely supplement interrogatory answers). In particular, by failing to disclose its damages theories and calculations, BlueWillow has been prejudiced in its ability to formulate a response and to provide its own, alternative damages theories and calculations and related expert disclosures. *See Voice Int'l*, 2020 WL 1229735, at *7.

Trutek lacks any justification for its continued failure to prosecute a damages case (among other things). Thus, the Court must apply the ***automatic*** and ***mandatory*** exclusion of any damages-related evidence or theory. *See Dickenson*, 388 F.3d at 983.

**B.      Trutek's failure to conduct discovery on damages is dispositive**

Trutek's failure to timely conduct damages-related discovery precludes Trutek from recovering any damages for BlueWillow's alleged infringement. *See Santana v. U.S. Tsubaki, Inc.*, 87 F.3d 1315, 1315 (6th Cir. 1996) (affirming zero damages based on lack of evidence as plaintiff failed to demonstrate why he was unable to conduct discovery within the allotted timeframe). Courts will not award patent damages without supporting evidence or based on mere speculation and conjecture. *See Whitserve LLC v. Computer Packages, Inc.*, 694 F.3d 10, 29–33 (Fed. Cir. 2012); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868–73 (Fed. Cir. 2010) (explaining expert's failure to rely on reliable evidence of comparable license agreements to support a reasonable royalty). Trutek's only evidence of damages is raw sales data voluntarily provided by BlueWillow in furtherance of the Court-ordered mediation. Yet, Trutek has neither taken any depositions on the raw sales data nor made any other steps towards turning such raw data into meaningful (or admissible) evidence.

The appropriate statutory measure of damages for patent infringement is "the difference between the patent owner's pecuniary condition after the infringement, and what his condition would have been if the infringement had not occurred." *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002). This measurement requires that the patentee present evidence to

"reconstruct the market, a necessarily hypothetical exercise, to project economic results that did not actually occur." *Id.* Here, Trutek states that is theory of recovery is based on alleged lost profits. (Ex. 1, Answer to Interrog. 10.) Notably, Trutek has not made any efforts to establish what alleged sales would have theoretically gone to Trutek absent the alleged infringement.

"To recover lost profits, the patent owner must show 'causation in fact,' establishing that 'but for' the infringement, he would have made additional profits." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). "To prevent the hypothetical from lapsing into pure speculation, this court requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture." *Id.* More specifically, Trutek is required to establish each element of the *Panduit* factors: "(1) demand for the patented product; (2) an absence of acceptable, noninfringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of profit that would have been made." *Presidio Components, Inc. v. Am. Tech. Ceramics, Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017) (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1156 (6th Cir. 1978)). As Trutek failed to disclose or obtain any evidence to support any, let alone all, of these elements, it cannot recover lost profits damages as a matter of law. *Cf. id.* at 1381–

82 (overturning jury verdict where insufficient evidence was provided to establish lost profits).

Any claim by Trutek that, if lost profits are not recoverable, it should be awarded a reasonable royalty similarly fails. "While the patent damages statute provides that a patentee is 'in no event' to be awarded 'less than a reasonable royalty for the use made of the invention by the infringer,' 35 U.S.C. § 284, this does not absolve a patentee of its obligation in litigation to meet its burden of proof . . . ." *AOS Holding Co. v. Bradford White Corp.*, No. 18-412-LPS, 2021 WL 5411103, at *38 (D. Del. Mar. 31, 2021) (collecting cases). Rather, Plaintiff is required to provide competent evidence of a reasonable royalty:

> [T]he failure to present competent evidence regarding how the factfinder should perform the reasonable royalty calculation is fatal to [a] claim for reasonable royalty damages. A factfinder cannot be asked to speculate from numbers unsupported by law and divorced from expert guidance, but rather the factfinder needs either clear guidance from an expert about how to apply complex calculations or simple factual proofs about what this patentee has previously accepted in factually analogous licensing situations.

*Unicom Monitoring, LLC v. Cencom, Inc.*, No. 06–1166 (MLC), 2013 WL 1704300, at *8 (D.N.J. Apr. 19, 2013) (granting summary judgment with respect to monetary damages absent expert); *see also Veritas Operating Corp. v. Microsoft Corp.*, No. 2:06-cv-00703-JCC, 2008 WL 657936, at *34 (W.D. Wash. Jan. 17,

2008) (finding summary judgment on patent damages absent expert was warranted).

A damages theory absent the evidence necessary "to prevent the hypothetical from lapsing into pure speculation" should not be entertained. *Riles*, 298 F.3d at 1311.  Here, Plaintiff has no expert or other evidence that could be used to reliably reconstruct the market or assist a jury in determining the outcome of a hypothetical licensing negotiation. While BlueWillow has provided sales records, Plaintiff has not produced any evidence of what royalty rate would be appropriate. Absent this evidence, damages should be limited to zero (nominal in the alternative):

> Although we have not upheld a zero royalty rate in a case with an affirmative infringement finding – and have stated that it is 'unlikely' that a hypothetical negotiation would result in a zero royalty rate – we have previously stated that "in a case completely lacking any evidence on which to base a damages award, the record may well support a zero royalty award."

*TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291–92 (Fed. Cir. 2020); *see also AOS*, 2021 WL 5411103, at *38 (awarding nominal damages of $1); *Devex Corp. v. General Motors Corp.*, 667 F.2d 347, 363 (3rd Cir.1981) (affirming award of zero damages for lack of evidence and saying: "The statute requires the award of a reasonable royalty, but to argue that this requirement exists even in the absence of any evidence from which a court may derive a reasonable royalty goes beyond the

possible meaning of the statute."). Trutek improperly seeks to have the Court (or a jury) serve as economists (without guidance) and extrapolate from a spreadsheet as to how market conditions would have settled the dispute absent the alleged infringement.

## C.  Trutek's failure to identify a damages expert is dispositive

Trutek should be precluded from recovery of damages as it has failed to identify a damages expert, preventing Trutek from apportioning damages, as required. Reasonable royalty damages are, by statute, "the minimum amount of infringement damages 'adequate to compensate for the infringement.'" *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 66 (Fed. Cir. 2012) (quoting 35 U.S.C. § 284). Reasonable royalties must "be based not on the entire product, but instead on the smallest salable patent-practicing unit." *LaserDynamics, Inc.*, 694 F.3d at 67 (internal quotation marks omitted). In short, "the governing rule is that the ultimate combination of royalty base and royalty rate must reflect the value attributable to the infringing features of the product, and no more." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014). Likewise, "[l]ost profits must [also] be tied to the intrinsic value of the patented feature" and "demand for the entire apparatus is, in most circumstances, not interchangeable with demand for a patented component of the larger apparatus." *Calico Brand, Inc. v. Ameritek Imports, Inc.*, 527 Fed.Appx. 987, 996 (Fed. Cir.

2013) (citing *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011)); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1337–38 (Fed. Cir. 2009).

"What is taken from the owner of a utility patent (for purposes of assessing damages under § 284) is only the patented technology, and so the value to be measured is only the value of the infringing features of an accused product." *Id.* "When the accused infringing products have both patented and unpatented features, measuring this value requires a determination of the value added by such features" as "a jury must ultimately 'apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features' using 'reliable and tangible' evidence." *Id.* (quoting *Garreston v. Clark*, 111 U.S. 120, 121 (1884)). This rule applies to both lost profits and reasonable royalty calculations. *See id.* ("Indeed, apportionment is required even for non-royalty forms of damages . . . ."); *see also Ericsson*, 773 F.3d at 1226   (same); *WesternGeco L.L.C. v. ION Geophysical Corp.*, 913 F.3d 1067, 1073 (Fed. Cir. 2019) ("[I]f the application of the *Panduit* factors does not result in the separation of profits attributable to the patented device and the profits attributable to [non-patented features], it appears that apportionment is necessary."); *Mee Indus. V. Dow Chem. Co.*, 608 F.3d 1202, 1222 (11th Cir. 2010) (affirming exclusion of loss of good will damages theory in patent case where there was a lack of expert

testimony to provide the appropriate calculation); *see also Use Techno Corp. v. Kenko USA, Inc.*, No. C-06-02754, 2007 WL 4169487, at *4 (N.D. Cal. Nov. 20, 2007) (excluding evidence of damages in patent case where no damages expert or damages calculation was disclosed).

One could argue that this case falls under the entire market value rule, a "narrow exception," which permits a patentee to recover based on the revenue for a product if the patentee can show that "the patented feature drives the demand for [the] entire multi-component product." *LaserDynamics*, 694 F.3d at 66. However, Trutek has not disclosed any evidence or theory supporting the notion that the entire market value rule applies. Like here, when the market value rule is not implicated, a damages expert is required to guide for the purposes of apportionment. *See Niazi Licensing Corp. v. St. Jude Medical S.C., Inc.*, No. 17-cv-5096, 2020 WL 5512507, at *9 (D. Minn. Sept. 14, 2020) (quoting *Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015)); *see also Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 WL 2536962, at *5 (E.D. Tex. May 18, 2007) (stating expert is required to apportion).

In short, Trutek was required to, but did not, provide evidence sufficient to establish a legally permissible damages award. The Court should grant

BlueWillow's Motion in its entirety and, at a minimum, warn Trutek about the possibility of dispositive sanctions and an exceptional case award.

## V.    <u>CONCLUSION</u>

For the reasons stated herein, BlueWillow requests that the Court limit Trutek to zero damages and preclude Trutek from offering any arguments, evidence or testimony at trial (whether by fact or expert witness) regarding damages and warn Trutek about the possibility of dispositive sanctions and an exceptional case award.

Dated:  September 26, 2022       Respectfully submitted,

**FOLEY & LARDNER LLP**


/s/   *Alan J. Gocha*
_____
Nicholas J. Ellis (P73174)
Alan J. Gocha (P80972)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone:  313.234.7100
Facsimile:  313.234.2800

Liane M. Peterson
3000 K Street NW, Suite 600
Washington, DC 20007
Telephone:  202.672.5300
Facsimile:  202.672.5399

*Attorneys for Defendant/Counter-Plaintiff BlueWillow Biologics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 26, 2022, I filed the foregoing document and this Certificate of Service with the Court using the ECF system.

/s/    *Alan J. Gocha*
Alan J. Gocha