# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUTEK CORP.,                      Case No. 2:21-cv-10312

         Plaintiff,             Hon. Stephen J. Murphy, III

v.

BLUEWILLOW BIOLOGICS, INC.,
et. al.

         Defendants.

## PLAINTIFF TRUTEK CORPORATION'S OPPOSITION TO BLUEWILLOW BIOLOGICS, INC'S MOTION TO EXCLUDE DAMAGES-RELATED THEORIES OR EVIDENCE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................2

I. INTRODUCTION .......................................................................................3

II. ARGUMENT................................................................................................4

III. CONCLUSION .........................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich. 2009) ................................................................................................................6

*Finch v. Monumental Life Ins. Co.*, 820 F.2d 1426, 1432 (6th Cir. 1987) .................5

*In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3rd Cir. 1983) .......5

*Microstrategy, Inc., v. Business Objects, S.A.,* 429 F.3d 1344, 1356-357 (Fed. Cir. 2005) .......................................................................................................................4

*Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975) ...3, 10

*Tompkin v. Philip Morris USA, Inc.,* 362 F.3d 882, 897 (6th Cir. 2004) ...................5

*United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ...................................3

*United States v. Certain Land Situated in City of Detroit, Wayne Cnty., State of Mich.*, 547 F. Supp. 680, 681 (E.D. Mich. 1982) .....................................................6

**Statutes**

35 U.S.C. § 284 ........................................................................................................7

**Rules**

Fed. R. Civ. P. 26(a) .................................................................................................9

Fed. R. Civ. P. 26(a)(1)(c) ........................................................................................7

Fed. R. Civ. P. 37(c)(1) .........................................................................................7, 8

Fed. R. Civ. P. 54(c) .................................................................................................8

Fed. R. Evid. 401 .....................................................................................................5

Fed. R. Evid. 402 .....................................................................................................5

Fed. R. Evid. 403 .....................................................................................................5

Trutek Corporation, Inc., ("Trutek"), through counsel hereby responds in opposition to Bluewillow Biologics's, Inc's. ("BlueWillow")'s motion *in limine* to exclude damages related theories or evidence.

### I.     INTRODUCTION

By its motion, BlueWillow seeks to exclude virtually all damages-related theories or evidence presented by Trutek. BlueWillow's position is disingenuous due to BlueWillow's delayed production of financial records demonstrating BlueWillow's sales figures regarding its Nanobio product. BlueWillow mischaracterizes Trutek's investigation of BlueWillow's financial records as unwillingness to present an approximate damage amount and a damages expert who will testify as to the damages incurred by Trutek that arose out of BlueWillow's willful infringement of the '802 patent.

The Sixth Circuit Court of Appeals discourages excluding evidence prior to trial. "Orders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975). The purpose of a motion *in limine* is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In essence, BlueWillow is seeking to exclude evidence that is at the very core of Plaintiff's claims. BlueWillow's motion *in limine* is overbroad and

3

should be denied. Moreover, BlueWillow's own actions mandate denial of the motion *in limine*. Lastly, the evidence in question—BlueWillow's sales of the infringing product—will not require expert testimony to assist the trier of fact.

## II.  ARGUMENT

The damages-related theories and evidence presented by Trutek will assist the trier of fact in determining the financial cost to Trutek of BlueWillow's willful infringement of the '802 patent. The evidence BlueWillow seeks to exclude is the kind of evidence that District Courts have the discretion to admit and have routinely allowed to be presented in patent infringement suits to aid the trier of fact in understanding the evidence and determining the facts in issue. According to BlueWillow's Brief in support of its motion *in limine*, Trutek committed three errors: (1) Trutek failed to disclose damages evidence, (2) Trutek failed to conduct discovery on damages, and (3) Trutek failed to identify a damages expert. BlueWillow mischaracterizes Trutek's actions as dilatory. BlueWillow cites *Microstrategy, Inc., v. Business Objects, S.A.,* 429 F.3d 1344, 1356-357 (Fed. Cir. 2005) to imply that Trutek will disclose damages evidence for the first time in response to BlueWillow's motion *in limine*. This is inaccurate.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or

4

less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is admissible. Fed. R. Evid. 402.

Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. This court has broad discretion in deciding whether to admit or exclude evidence, but such a decision will only be reversed on appeal if there is a clear abuse of discretion. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004). The decision to exclude evidence must be made with carefully circumscribed discretion and by "balancing the probative value of the evidence against its prejudicial attributes." *Finch v. Monumental Life Ins. Co.*, 820 F.2d 1426, 1432 (6th Cir. 1987).

Excluding relevant evidence pre-trial would be "without the benefit of the flavor of the record developed at trial." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3rd Cir. 1983). The court may find it nearly impossible to balance the prejudicial effect of evidence before it is offered. The use of motions *in limine* "by the trial court is purely discretionary and generally confined to very specific evidentiary issues of an extremely prejudicial nature." *United States v. Certain Land Situated in City of Detroit, Wayne Cnty., State of Mich.*, 547 F. Supp. 680, 681 (E.D.

5

Mich. 1982) (citing Wright & Graham, *Federal Practice & Procedure: Evidence*, P 5037).

BlueWillow in its motion *in limine* attempts to exclude all damages-related theories or evidence prior to trial. "Motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defense." *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich. 2009). BlueWillow's motion *in limine* to exclude all damages-related theories or evidence prior to trial functions as a motion for summary judgment. In the Eastern District of Michigan, "the denial of a motion *in limine* is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case." *Id.* BlueWillow's blanket assertion that Trutek has not produced any damages figures belies BlueWillow's delayed production of its financial records until after the close of discovery. Motions *in limine* typically deal with discrete evidentiary issues related to trial, not wholesale exclusion of relevant evidence. BlueWillow attempts to forestall Trutek from seeking any economic damages whatsoever.

First, counsel for Trutek and BlueWillow met and conferred on September 22, 2022, regarding Trutek's amended complaint and BlueWillow's motion *in limine*. BlueWillow should have asserted its motion *in limine* on the day fact discovery ended. BlueWillow has waived this argument. Second, the damages-related theories

6

relied on by Trutek are set forth by statute, and therefore cannot be excluded prior to trial. Third, Trutek's counsel did not receive BlueWillow's financial records until *after* fact discovery was concluded. BlueWillow's delay in producing financial records related to its Nanobio product was an explicit attempt to have the sales figures excluded prior to trial. However, BlueWillow did not produce these financial records until after the close of fact discovery, and Trutek should have the opportunity to present these financial records to the trier of fact and the jurors.

The method of calculating Trutek's damages is provided by statute. 35 U.S.C. § 284. ("Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer.") BlueWillow's financial records enabled Trutek to take initial steps toward calculating an approximate damages figure. BlueWillow's motion *in limine* to exclude all damages-related theories or evidence is overbroad, contradictory, and mischaracterizes Trutek's good faith efforts to calculate the damages amount arising from BlueWillow's willful infringement of the '802 patent. Trutek should not have damages-related theories and evidence excluded due to BlueWillow's unjustified delay in producing financial records related to the Nanobio product.

BlueWillow relies on Fed. R. Civ. P. 26(a)(1)(c) and Fed. R. Civ. P. 37(c)(1) in making its argument that the court should exclude all of Trutek's damages-related

7

theories or evidence. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Sanctions for failing to timely disclose information pursuant to Fed. R. Civ. P. 37(c)(1) do not apply when no party suffers harm. BlueWillow knew from the inception of the present action that Trutek attempted calculate an accurate damages amount related to BlueWillow's willful infringement of the '802 patent and its sales of the Nanobio product. When a party requests the severest sanction of preclusion of evidence it is appropriate and proper for a court to closely examine that party's own discovery behavior in the case. *See*, 10 Fed. Proc., L. Ed. § 26:52, ("…good faith…or its absence, is…a relevant factor to be weighed by the trial court in choosing a sanction.") BlueWillow delayed producing the requisite financial records until after the close of discovery. Trutek asserts that BlueWillow's failure to produce financial records before the close of discovery offsets any argument made by BlueWillow that the inclusion of damages-related theories or evidence will prejudice or harm BlueWillow.

Moreover, Fed. R. Civ. P. 54(c) provides that "every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings. Trutek is entitled to a reasonable royalty based

8

on Bluewillow's willful infringement of the '802 patent. BlueWillow's motion *in limine* should be denied because excluding Trutek's damages-related theories or evidence would provide BlueWillow with the right to mandate what evidence is excluded prior to trial simply by refusing to produce relevant evidence until after the close of discovery. Here, BlueWillow attempts to simultaneously rule and litigate while manipulating the procedures the court relies upon for the fair and impartial administration of justice. BlueWillow should have produced the financial records according to Fed. R. Civ. P. 26(a) because they support the Defendants' claims or defenses.

BlueWillow does not deny that it sold the Nanobio product. If it should be determined that the Nanobio product infringes on the '802 patent, Trutek is entitled to damages. These damages are facts which can be ascertained. The magnitude of the sales of Nanobio product are facts that do not require expert testimony. As such, these facts can be elicited from direct witness testimony during the trial. Therefore, BlueWillow's motion *in limine* must be denied because it is simply trying to exclude relevant factual information. BlueWillow first produced financial records at the mediation, and the mediation occurred after the close of discovery.

The question of infringement requires expert testimony. The magnitude of the sales of Nanobio product do not. Trutek will be putting expert testimony on infringement. BlueWillow does not deny selling the Nanobio product. If the Nanobio

9

product infringes on Trutek's patents, damages exist. These damages are calculations subject to statutory authority. As the damages are a statutory construction, no expert damage testimony is required.

### III. CONCLUSION

BlueWillow contends that its motion *in limine* is the correct procedural means to preclude Trutek from seeking economic damages at trial. The Sixth Circuit has stated that "orders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). BlueWillow's motion *in limine* is an attempt to prevent Trutek from presenting its case. Therefore, the court should deny BlueWillow's motion *in limine* to exclude all damages-related theories or evidence.

Dated: October 25, 2022          Respectfully submitted,

/s/ *Stanley H. Kremen*
Stanley H. Kremen, Esq.
4 Lenape Lane
East Brunswick, NJ 08816
Tel: (732) 593-7294
Fax: (732) 312-5218
*shk@shk-dplc.com*

/s/ Keith Altman

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Tel: (987) 987-8929
*keithaltman@kaltmanlaw.com*

*Attorneys for Plaintiff, Trutek Corp.*

11

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| TRUTEK CORP., | Case No. 2:21-cv-10312 |
| Plaintiff, | Hon. Stephen J. Murphy, III |
| v. | |
| BLUEWILLOW BIOLOGICS, INC., et. al. | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I certify that on October 25, 2022, I served the foregoing Plaintiff's Trutek Corporation's Opposition to Bluewillow Biologics, Inc's Motion to Exclude Damages-Related Theories or Evidence upon all parties herein by filing copies of same using the ECF System.

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com
A*ttorneys for Plaintiff*