UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUTEK CORP., | Case No. 2:21-cv-10312 |
| Plaintiff, | Hon. Stephen J. Murphy, III |
| v. | |
| BLUEWILLOW BIOLOGICS, INC., et. al. | |
| Defendants. | |

**PLAINTIFF TRUTEK CORPORATION'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff Trutek, Corp., requests leave of Court to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Specifically, Trutek seeks to add one count of willful patent infringement to its Complaint.

Trutek has not delayed in seeking leave to amend its Complaint in this matter. Trutek's original Complaint put Defendants on notice that Trutek intended to prove that Defendant BlueWillow Biologics, Inc., infringed the '802 patent.

Trutek is justified in waiting until now to seek to amend the Complaint because Trutek did not become aware of the willful patent infringement claim until Trutek reviewed financial records produced by Defendant BlueWillow Biologics,

Inc. Defendant BlueWillow Biologics, Inc., waited until after the close of discovery to submit its financial records to Trutek.

Even if Trutek is untimely in seeking leave to amend its Complaint, delay by itself is not a sufficient reason to deny leave to amend the Complaint. Defendant would not suffer substantial prejudice if the Court permitted Trutek to amend its Complaint. Defendant BlueWillow's financial records demonstrate that BlueWillow had actual knowledge that it continued to market, distribute, and sell the Nanobio Product after it was served with Trutek's original Complaint asserting patent infringement claims. BlueWillow produced the financial records during the mediation. The mediation occurred after the close of discovery.

Trutek's amendment would not be subject to dismissal under Fed. R. Civ. P. 12(b)(6).

On September 22, 2022, counsel for Plaintiff and Defendant's counsel met and conferred on the present motion in accordance with E.D. Mich L. R. 7.1.

WHEREFORE Plaintiff Trutek, Corp., respectfully requests leave to amend the Complaint.

Dated: October 25, 2022          Respectfully submitted,

　　　　　　　　　　　　　　　　/s/ *Stanley H. Kremen*
　　　　　　　　　　　　　　　　Stanley H. Kremen, Esq.
　　　　　　　　　　　　　　　　4 Lenape Lane
　　　　　　　　　　　　　　　　East Brunswick, NJ 08816

1

Tel: (732) 593-7294
Fax: (732) 312-5218
*shk@shk-dplc.com*

*[signature]*

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Tel: (987) 987-8929
*keithaltman@kaltmanlaw.com*

*Attorneys for Plaintiff, Trutek Corp.*

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUTEK CORP.,                  Case No. 2:21-cv-10312

        Plaintiff,              Hon. Stephen J. Murphy, III

v.

BLUEWILLOW BIOLOGICS, INC.,
et. al.

        Defendants.

---

## PLAINTIFF TRUTEK CORPORATION'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................2
I. BACKGROUND ...........................................................................................3
II. ARGUMENT..................................................................................................4
III. CONCLUSION ..............................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ..........................5

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................................4

*Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)...................................4

*Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)..........................................4

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) .......................................5

*United States v. Wood*, 877 F.2d 453, 456-57 (6th Cir. 1989) ..................................4

**Rules**

Fed. R. Civ. P. 15(a)(2)..........................................................................................3, 4

Plaintiff Trutek, Corp., requests leave of Court to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Specifically, Trutek seeks to add one count of willful patent infringement to its Complaint.

A proposed Amended Complaint is attached to this motion in accord with Local Rule 15.1. **Exhibit A**. A red-lined version of the proposed Amended Complaint is attached to this motion. **Exhibit B**.

## I.    BACKGROUND

A Rule 26(f) discovery plan for the present action was filed and entered on October 28, 2021. A scheduling conference and a scheduling order were filed and entered on November 11, 2021. The parties were ordered to filed a joint status report no later than June 21, 2022. Based on the parties' joint status report, the court set a claim construction schedule on June 22, 2022. Defendant filed a motion to exclude damages-related theories or evidence on September 26, 2022. On September 27, 2022, Plaintiff Trutek filed a responsive brief on claim construction issues for Markman hearing. On October 5, 2022, Plaintiff Trutek filed its motion for extensions of time to file response to BlueWillow's motion to exclude damages-Related theories or evidence. On October, 6, 2022, the Court granted Trutek's motion for extension of time to file a response as to BlueWillow's motion *in limine* to exclude damages-related theories or evidence.

## II.     ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the Complaint after a responsive pleading has been filed only by leave of court, but instructs that "the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178 (1962). The determination of a motion to amend "is committed to the district court's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

Trutek seeks leave to amend its Complaint to add one count of willful patent infringement against Defendant BlueWillow Biologics, Inc. The reason for this request is that BlueWillow Biologics, Inc., did not produce financial records until after the close of discovery. Upon reviewing the financial records of BlueWillow Biologics, Inc., Trutek discovered that BlueWillow Biologics, Inc., continued to market, distribute, and sell Nanobio Product months after Trutek served its original Complaint in the present action.

The Sixth Circuit has held that delay by itself is ordinarily an insufficient basis to deny leave to amend a Complaint. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "When there is no demonstrable prejudice, even amendments made on the eve of trial are permissible." *United States v. Wood*, 877 F.2d 453, 456-57 (6th

Cir. 1989). The party opposing leave to amend must also demonstrate at least some significant showing of prejudice as a result of permitting the amendment. *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Courts in the Sixth Circuit, when determining prejudice, should consider "whether the assertion of the new claim…would require the opponent to expend significant additional resources to conduct discovery and prepare for trial." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). Defendant BlueWillow cannot demonstrate substantial prejudice resulting from the proposed amendment.

      BlueWillow delayed producing its financial records, and only after the close of discovery did Trutek have the opportunity to scrutinize details regarding the sales of the Nanobio product. Trutek was therefore not put on notice of a claim of willful patent infringement until after a satisfactory examination of the financial records was complete. Upon learning that BlueWillow continued to market, distribute, and sell the Nanobio product after Trutek served its original Complaint claiming patent infringement, Trutek seeks leave to amend its Complaint. Such amendment merely conforms the Complaint to the evidence. Furthermore, no additional expert testimony is required to assist the trier of fact. The amendment only affects the statutory calculation of damages.

### III. CONCLUSION

Trutek's purpose in seeking leave to amend its Complaint is to assert one count of willful patent infringement against Defendant BlueWillow Biologics, Inc. Defendant BlueWillow Biologics, Inc., would not suffer prejudice to its defense of the case. The Court should therefore grant leave to amend the Complaint and to file the proposed Amended Complaint.

Dated: October 25, 2022                     Respectfully submitted,

/s/ *Stanley H. Kremen*
Stanley H. Kremen, Esq.
4 Lenape Lane
East Brunswick, NJ 08816
Tel: (732) 593-7294
Fax: (732) 312-5218
*shk@shk-dplc.com*


Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Tel: (987) 987-8929
*keithaltman@kaltmanlaw.com*

*Attorneys for Plaintiff, Trutek Corp.*

6

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUTEK CORP.,                 Case No. 2:21-cv-10312

         Plaintiff,         Hon. Stephen J. Murphy, III

v.

BLUEWILLOW BIOLOGICS, INC., et. al.

         Defendants.

## CERTIFICATE OF SERVICE

I certify that on October 25, 2022, I served the foregoing Plaintiff's Trutek Corporation's Motion for Leave to Amend the Complaint and Brief in Support upon all parties herein by filing copies of same using the ECF System.

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
*keithaltman@kaltmanlaw.com*

*Attorneys for the Plaintiff*

7