# EXHIBIT B

Case 2:21-cv-10312-SJM-RSW   ECF No. 1, PageID.1   Filed 02/10/21   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Stanley H. Kremen,
Attorney at Law
4 Lenape Lane
East Brunswick, New Jersey 08816
(732) 593-7294
Attorney for the Plaintiff

SOUTHERN DIVISION

TRUTEK CORP.,

Plaintiff,

v.

BlueWillow Biologics, Inc.
ROBIN ROE 1 through 10, gender neutral fictitious
names, and ABC CORPORATION 1 through 10
(fictitious names).

BLUEWILLOW BIOLOGICS, INC.,
et. al.

Defendants.

Case No. 2:21-cv-10312

Hon. Stephen J. Murphy, III

PLAINTIFF TRUTEK CORPORATION'S
AMENDED COMPLAINT



Style Definition: Normal: Font: (Default) +Body (Calibri), 11 pt, Font color: Auto, Left, Indent: Left: 0", First line: 0", Space After: 0 pt, Line spacing: single

Style Definition: Heading 1: Font: (Default) Times New Roman, 14 pt, Underline color: Auto, Font color: Auto, Indent: Left: 0", First line: 0", Space After: 0 pt, Line spacing: Double, Don't keep with next, Don't keep lines together

Style Definition: Heading 2: Font: (Default) Times New Roman, 14 pt, Bold, Underline, Font color: Auto, Centered, Indent: Left: 0", First line: 0", Space After: 0 pt, Line spacing: Double, Don't keep with next, Don't keep lines together

Style Definition: footnote description

Formatted: Font: Times New Roman, 14 pt

Formatted: Font: Times New Roman, 14 pt, Bold

Formatted: Centered, Right: 0", Space After: 0 pt, No bullets or numbering

Formatted: Font: Times New Roman, 14 pt

Formatted: Font: Times New Roman, 14 pt, Bold

Inserted Cells

Formatted Table

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Indent: Left: 0", Right: 0", Space After: 0 pt, Line spacing: single, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Right: 0", Space After: 0 pt, Position: Horizontal: Left, Relative to: Column, Vertical: In line, Relative to: Margin, Wrap Around

Formatted: Font: 14 pt, Bold



CIVIL ACTION No. _____

COMPLAINT

DEMAND FOR JURY TRIAL

PARTIES

**NOW COMES** Plaintiff, TRUTEK CORP., by and through its attorneys, the Law Office of Stanley H. Kremen and The Law Office of Keith Altman, and for their Amended Complaint, hereby states the following:

## PARTIES

Plaintiff, TRUTEK CORP, ("TRUTEK") is a corporation of the State of New Jersey, with principal offices at 281 East Main Street, Somerville, New Jersey, 08876.

2. Upon information and belief, Defendant, BlueWillow Biologics, Inc. ("BLUEWILLOW") is a corporation of the State of Delaware, with a place of business at 2311 Green Road, Suite A, Ann Arbor, Michigan 48105.

## FEDERAL SUBJECT MATTER JURISDICTION

2



3.    The subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331 concerning a federal question, the Patent Laws of the United States, 28 U.S.C. §§ 1338(a), (b), and 35 U.S.C. § 271.

**Formatted:** Font: Times New Roman, 14 pt

**Formatted:** Font: Times New Roman, 14 pt

**Formatted:** Font: Times New Roman, 14 pt

**Formatted:** Font: Times New Roman, 14 pt

**Formatted:** Justified, Space After:  0 pt, Line spacing: Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0" + Tab after:  0.25" + Indent at:  0.25", Tab stops: 0.5", List tab + Not at  0.25"

3

Case 2:21-cv-10312-SJM-RSW ECF No. 1, PageID.2 Filed 02/10/21 Page 2 of 8

## IN PERSONAM JURISDICTION

4. The *in personam* jurisdiction of this Court over Defendant BLUEWILLOW is proper under 28 U.S.C. § 1400(b) because the tort of patent infringement occurred in Michigan and BLUEWILLOW has an established place of business in Michigan.

## VENUE

5. The venue of this Court is proper under the Patent Venue Statute, 28 U.S.C. § 1400(b) since the tort of patent infringement occurred within the State of Michigan, and Defendant BLUEWILLOW has an established place of business thereat, and which is furthermore located within the venue of the Eastern District of Michigan.

## STATEMENT OF FACTS AND CAUSES OF ACTION

6. Ashok Wahi ("WAHI") is ~~President~~Chief Science and IP Officer of Plaintiff TRUTEK.

7. On November 21, 1995, United States Patent No. 5,468,488 (hereinafter the '488 Patent) was issued to WAHI for his invention titled, "Electrostatically Charged Nasal Application Product and Method." The '488 Patent was assigned to TRUTEK.

8. On October 7, 1997, United States Patent No. 5,674,481 (hereinafter the '481 Patent) was issued to WAHI for his invention titled, "Electrostatically Charged Nasal Topical Application Product." The '481 Patent was assigned to TRUTEK.

4

9.    On January 18, 2005, United States Patent No. 6,844,005 (hereinafter the '005

9. Patent) was issued to WAHI for his invention titled, "Electrostatically Charged Nasal Application Product With Increased Strength."   The '005 Patent was assigned to TRUTEK.

10.    On April 24, 2012, United States Patent No. 8,163,802 (hereinafter the '802 Patent) was issued to WAHI for his invention titled, "Electrostatically Charged

Case 2:21-cv-10312-SJM-RSW   ECF No. 1, PageID.3   Filed 02/10/21   Page 3 of 8

10. Multi-Acting Nasal Application Product, and Method," on a patent application that was filed at the United States Patent and Trademark Office (USPTO) on May 16, 2009.  The '802 Patent was assigned to TRUTEK.  The '802 Patent is attached hereto as Exhibit 6.

11. The patented technology made it possible for people to apply TRUTEK's manufactured products in and around their nasal passages to reduce reactions to airborne allergens and to reduce or eliminate reactions to viral infections from influenza and the common cold by restricting and inactivating virus sized particles. This is done by establishing an electrostatic charge in and around nasal passages.

12.    As of the year 1992 going forward, TRUTEK utilized its patented and proprietary trade secret technology to establish proof of concept, develop, formulate, manufacture, sell, and/or license over-the-counter products under the brand name

47    NasalGuard® AllergieBlock®, NasalGuard Cold&Flu Block®, NasalGuard®

48    Multi Acting™, Anti-Stat Enhanced Mask™, NasalGuard Wipes™,

49    NasalGuard Allergie

50    Wipes™, NasalGuard Cold & Flu Wipes™, Skin and Hair super

51    conditioners, Truteks® Skin and Truteks® skin care products, along with

52    electrostatically charged nasal multipurpose products, nasal application (anti-

53    stat) diagnostic products and, associated Technologies and Methodologies,

54    Patents and Pending

55    Patent Applications, also including products under the brand names
56    Chloraseptic

57 12. Allergen Block and Little Allergies Allergen Block, Eisai Crystal Veil, Eisai Crystal

58    Veil Cool, Nitto Nuru Mask, Nitto NasalGuard, further including but not limited to

59    nasal application product lines such as gels, pre-moistened products for *e.g.*

60    applicators, swabs, wipes, etc., sticks, nasal sprays, nasal washes, surgical masks, and

61    multi-acting/integrated products.

62 13. Claim 1 of the '802 Patent claims a method of applying a formulation to the skin

63    or tissue of a person's nasal passages in a thin film.  The formulation attracts

64    and holds particulate matter to the thin film, and binds it to the thin film.  The

65    bound

66 Case 2:21-cv-10312-SJM-RSW   ECF No. 1, PageID.4   Filed 02/10/21   Page 4 of 8

67

6

68  13. particulate matter is then inactivated by at least one ingredient that renders it harmless.

69  One such claimed inactivating ingredient is benzalkonium chloride (claim 7).  This

70  process is sometimes referred to as "catch, hold, and kill."

71  14. Claim 2 of the '802 Patent claims a formulation that is applied to the skin or tissues

72  of a person's nasal passages in a thin film. The formulation contains a cationic agent

73  (an ingredient that produces a positive electrostatic charge) and a biocidic agent (a

74  substance that destroys or inhibits the growth or activity of living organisms). The

75  formulation electrostatically attracts and holds particulate matter to the thin film, and

76  binds it to the thin film. The bound particulate matter is then inactivated by at least

77  one ingredient that renders it harmless. One such claimed cationic agent is

78  benzalkonium chloride (claim 6) and one such claimed biocidic agent is benzalkonium

79  chloride (claim 7). This formulation functions using the process referred to as "catch,

80  hold, and kill," *supra*.

81  **BLUEWILLOW'S Nanobio® Protect Products**

82  14. 15. According to information and belief, sometime in 2020, Defendant

83  BLUEWILLOW manufactured and marketed one or more over-the-counter

84  pharmaceutical products named NanoBio® Protect ("NANOBIO").  According to

85  information and belief, the NANOBIO products were sold over-the-counter at least at

86  CVS pharmacies nationwide, and were sold online to customers by Amazon.com.

87  15. 16. BLUEWILLOW's website advertises the NANOBIO product being applied to a

88  customer's nasal passages.  Their product forms positively charged "NanoBio

7

Droplets" that are approximately 600 nanometers[1] in size, which adhere to nasal membranes. Most harmful particles, such as bacteria or viruses (referred to as "germs"), are negatively charged. The positively charged "NanoBio Droplets" attract and bind to these particles. The NANOBIO product formulation contains benzalkonium chloride (which the website calls BZK) that adheres to the surface of the "NanoBio droplets." According to the website, the "NanoBio droplets" surround the germs and "kill them via membrane disruption." (See Exhibit 1 attached hereto.) The NANOBIO product implements the methodology of "catch, hold, and kill." The NANOBIO website "Frequently Asked Questions" section (Exhibit 2) describing the product further enforces this mechanism of action.

16.17. Sometime in 2020, WAHI suspected that the NANOBIO product infringes one or more of TRUTEK's patents. To that end, on June 23, 2020, TRUTEK personnel purchased the NANOBIO product from Amazon.com. After extensive in-house experimentation, it was indicated that the NANOBIO product functions by producing an electrostatic charge in and around the user's nasal passages. It was indicated that NANOBIO product infringes claims of TRUTEK's '802 Patent. On January 14, 2021, TRUTEK personnel purchased a NANOBIO product from CVS, and obtained similar results through in-house experimentation.

On January 14, 2021, TRUTEK personnel purchased a NANOBIO product from

Case 2:21-cv-10312-SJM-RSW ECF No. 1, PageID.5 Filed 02/10/21 Page 5 of 8

---

[1] A nanometer is a billionth of a meter.

CVS, and obtained similar results through in-house experimentation.

17. To validate TRUTEK's in-house experimental results, TRUTEK contracted with Alexei Ermakov, Ph.D. to compare the electrostatic charges between BLUEWILLOW's NANOBIO product and TRUTEK's NasalGuard® products. His experiments showed not only that the NANOBIO product exhibited a surface electrostatic charge, but also that the orders of magnitude of the charges of the BLUEWILLOW and TRUTEK products were of the same order of magnitude. Dr. Ermakov's Report is attached hereto as Exhibit 3. For further verification, TRUTEK contracted with Electro-Tech Systems ("ETS") in Perkasie,

18. Pennsylvania, to run additional experiments. ETS personnel applied BLUEWILLOW's NANOBIO product and TRUTEK's NasalGuard® product to pig skin swatches. Pig skin is very similar to human skin tissue. The ETS and Ermakov experiments yielded similar results. The NANOBIO product exhibited a surface electrostatic charge of the same order of magnitude as the NasalGuard® product. The ETS report is attached hereto as Exhibit 4.

18. On January 31, 2021, Keith Altman, a resident of the State of Michigan, ordered and paid for one unit of NanoBio Protect Nasal Antiseptic online from Amazon.com. The product was to be shipped by Amazon.com to his address in Michigan. Mr. Altman used his computer to place the order, and the

9

132    computer is located in Michigan, and it was located therein at the time that he

133    placed his order.  On February 1, 2021, Mr. Altman received the ordered one

134    unit of NanoBio

135    19. Protect Nasal Antiseptic in Michigan at the designated Michigan shipping address.  A

136    declaration of Keith Altman attesting to these events is attached hereto as Exhibit 5.

137    19. 20. The ability to lessen the reactions to airborne contaminants by creating an

138    electrostatic charge around a person's nasal passages was disclosed in TRUTEK's

139    '488, '481, '005, and '802 Patents.  A copy of the '802 Patent is attached hereto as

140    Exhibit 6.

141    Case 2:21-cv-10312-SJM-RSW   ECF No. 1, PageID.6   Filed 02/10/21   Page 6 of 8

142

143    20. 21. The ability to lessen the reactions to airborne contaminants by creating an

144    electrostatic charge around a person's nasal passages is inherent in TRUTEK's

145    formulations and manufacturing processes.  Efficacy studies show that TRUTEK's

146    methodology presented a viable solution to relief of allergy, cold, and flu symptoms.

147    21. 22. Upon information and belief, just as TRUTEK's products work on allergens and

148    viruses by creating an electrostatic charge around nasal passages and further inactivate

149    said allergens and viruses, the NANOBIO products work the same way.

150    23. At some point after this lawsuit was filed, BLUEWILLOW discontinued sales of the

151    NANOBIO products, and the product descriptions were removed from

152    BLUEWILLOW'S website.

Formatted: Font: Times New Roman, 14 pt

Formatted: Justified, Line spacing:  Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0" + Tab after:  0.25" + Indent at:  0.25", Tab stops:  0.5", List tab + Not at

Formatted: Font: Times New Roman, 14 pt

Formatted: Font: Times New Roman, 14 pt

Formatted: Font: Times New Roman, 14 pt

Formatted: Justified, Line spacing:  Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0" + Tab after:  0.25" + Indent at:  0.25", Tab stops:  0.5", List tab + Not at

Formatted: Font: Times New Roman, 14 pt

Formatted: Font: Times New Roman, 14 pt

24. The NANOBIO products ~~are~~were sold to customers by Amazon.com as are TRUTEK's competing products also sold thereby.  The competitive sales of the competing NANOBIO products deprive TRUTEK of sales and profits from its own products.

~~23.~~  Upon information and belief, Defendants Robin Roe 1 through 10 and ABC 25. Corporations 1 through 10 also infringe on the claims of TRUTEK's '802 Patent.

#

## WILLFUL PATENT INFRINGEMENT

26. Plaintiff owns intellectual property relating to an electrostatically charged multi-acting nasal application product and method covered by the '802 patent.

27. Defendants distributed, made, used, offered to sell and/or sold infringing products, *i.e.*, the NANOBIO products.

28. Defendants distributed, made, used, offered to sell and/or sold infringing products, *i.e.*, the NANOBIO products, which infringe on the '802 patent, without authority or license from Plaintiff.

29. Defendants infringe at least claims 1, 2 and 7 of the '802 patent because the NANOBIO products possess an electrostatic charge when applied to a person's nasal passages, and they use benzalkonium chloride as a cationic agent and also as a biocidic agent.

30. Defendants received notice that the NANOBIO products infringed on claims 1, 2, 6 and 7 of the '802 patent when Plaintiff filed the original complain in this action on February 10, 2021.

31. Defendants had knowledge of the '802 patent on the date of the original complaint in the present action.

32. Defendants continued to market, distribute, and sell NANOBIO products for approximately months after learning that the NANOBIO products infringed on claims 1, 2, 6 and 7 of the '802 patent. A copy of BlueWillow Biologics, Inc.'s, financial records are attached hereto as Exhibit 7.

33. Defendants provided Plaintiff with copies of BlueWillow Bioligics, Inc.'s, financial records after the close of discovery.

34. Plaintiff has analyzed BlueWillow Bioligics, Inc.'s financial records, and the records establish by a preponderance of the evidence that enhanced damages are appropriate.

35. Defendants' actions constitute willful patent infringement under 35 U.S.C. § 284 and 35 U.S.C. § 285.

36. Under 35 U.S.C. § 284, when the damages are not found by a jury, the court shall assess them; in either event the court may increase the damages up to three times the amount found or assessed.

## GENERAL ALLEGATIONS

12

37. Plaintiff incorporates all of the above Paragraphs *supra* as though fully restated herein.

38. Plaintiff owns intellectual property related to certain formulations based upon attracting and/or repelling electrostatically charged particles in and around a person's nasal passages by application of a product that maintains an electrostatic charge on the skin or mucous membranes.  Plaintiff has expended considerable resources to inventing, formulating, and developing its inventions and products and to protecting its rights therein.  Plaintiff holds all rights, title, and interest to its '488, '481, '005, and '802 Patents.  The '802 Patent is in full force and effect.  TRUTEK is the legal owner of the '802 Patent and possesses all rights of recovery under the patent.

#

#

Case 2:21-cv-10312-SJM-RSW   ECF No. 1, PageID.7   Filed 02/10/21   Page 7 of 8

## STATEMENT OF CLAIMS

### COUNT 1

### Infringement of the '802 Patent

39. Plaintiff incorporates all of the above Paragraphs *supra* as though fully restated herein.

13

213 ~~27~~ 40. Plaintiff owns intellectual property relating to an electrostatically charged

214 ~~multiacting~~multi-acting nasal application product and method covered by the '802

215 patent.

216 ~~28~~ 41. Defendants ~~distribute, make, use, offer~~distributed, made, used, offered to sell and/or

217 ~~sell~~sold infringing products, *i.e.*, the NANOBIO products.

218 ~~29~~ 42. Defendants ~~distribute, make, use, offer~~distributed, made, used, offered to sell and/or

219 ~~sell~~sold infringing products, *i.e.*, the NANOBIO products, which ~~infringe~~infringed on

220 the '802 Patent, without authority or license from Plaintiff.

221 ~~30~~ 43. Defendants infringe at least claims 1, 2, and 7 of the '802 Patent because the

222 NANOBIO products possess an electrostatic charge when applied to a person's nasal

223 passages, and they use benzalkonium chloride as a ~~biocide~~cationic agent and also as a

224 biocidic agent.

225 ~~31~~ 44. Plaintiff has been damaged as a result of Defendants' infringement of the '802

226 Patent, and will continue to be damaged unless such infringement is enjoined by this

227 Court pursuant to 35 U.S.C. § 283.

228 ~~32~~ 45. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to

229 compensate in an amount not less than a fair and reasonable royalty.

230 46. Alternatively, as the NANOBIO products are no longer being sold by Defendants,

231 Plaintiff is entitled to damages adequate to compensate in an amount not less than the

232 profits realized by Defendants for past sales of the NANOBIO products.

233  47. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to compensate
234      in an amount not less than a fair and reasonable royalty.

235  48. Plaintiff is entitled to a judgment from the Court, which enjoins sales or
236      commercialization by BLUEWILLOW of its NANOBIO products until after
237      expiration of the '802 Patent.

**COUNT 2**

**Willful Infringement of the '802 Patent**

240  49. Plaintiff incorporates all of the above paragraphs *supra* as though fully restated herein.

241  50. Plaintiff owns intellectual property relating to an electrostatically charged multi-
242      acting nasal application product and method covered by the '802 patent.

243  51. Defendants distributed, made, used, offered to sell and/or sold infringing products,
244      *i.e.*, the NANOBIO products.

245  52. Defendants distributed, made, used, offered to sell and/or sold infringing products,
246      *i.e.*, the NANOBIO products, which infringe on the '802 patent, without authority or
247      license from Plaintiff.

248  53. Defendants infringe at least claims 1, 2, 6, and 7 of the '802 patent because the
249      NANOBIO products possess an electrostatic charge when applied to a person's nasal
250      passages, and they use benzalkonium chloride as a cationic agent and also as a biocidic
251      agent.

54. Under 35 U.S.C. § 284, when the damages are not found by a jury, the court shall assess them; in either event the court may increase the damages up to three times the amount found or assessed.

55. Defendants had knowledge of the '802 patent on the date of the original complaint in the present action.

56. Defendants continued to market, distribute, and sell NANOBIO products for months after learning that the NANOBIO products infringed on claims 1, 2, 6, and 7 of the '802 patent.

57. Defendants' actions and financial records demonstrate that Defendants' conduct amounted to intentional or knowing infringement of the 802' patent.

58. Defendants' actions constitute willful patent infringement under 35 U.S.C. § 284 and 35 U.S.C. § 285.

59. Pursuant to 35 U.S.C. § 285, the court in exceptional circumstances may award reasonable attorneys' fees to the prevailing party.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that:

1. a)   Defendants be required to pay over and account to Plaintiff for all gains, profits, and advantages derived from the infringement of its '802 Patent beginning April 24, 2012, based upon manufacture, sales, and/or use

of the NANOBIO products in the United States and anywhere in the world,

or by way of international commerce with the United States.

2.   Defendants be enjoined from manufacturing and/or selling the NANOBIO

b) products in the United States, either directly or indirectly.

**Formatted:** Font: Times New Roman, 14 pt

**Formatted:** Font: Times New Roman, 14 pt

**Formatted:** Font: Times New Roman, 14 pt

**Formatted:** Justified, Indent: Left: 0.75", Line spacing: Double, Numbered + Level: 1 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at: 0" + Tab after: 0.25" + Indent at: 0.25", Tab stops: Not at 0.25"

17

Case 2:21-cv-10312-SJM-RSW   ECF No. 1, PageID.8   Filed 02/10/21   Page 8 of 8

c)  1. 3. Defendants be enjoined from actively inducing others to sell the NANOBIO ₂products in the United States, either directly or indirectly.

3 4. Defendants be enjoined from exporting the NANOBIO products from the United 4 States, either directly or indirectly.

5            5.   Plaintiff prays for such other and further relief as the Court may deem to be just

6d)     and proper.

7   #.

8   **DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

9            Pursuant to Defendants' discovery obligations, demand is made that all

10   Defendants disclose to the Plaintiff whether or not there are any insurance agreements

11   or policies under which any person or firm carrying on an insurance business may be

12   liable to satisfy part or all of a judgment which may be entered in this action or indemnify

13   or reimburse for payments made to satisfy the judgment and provide Plaintiff with true

14   copies of those insurance agreements or policies, including, but not limited to, any and

all declarations sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

~~#~~

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Dated: ~~February 9, 2021~~ October 25, 2022 Respectfully submitted,

/s/ *Stanley H. Kremen*
Stanley H. Kremen, Esq.
~~Attorney for Plaintiff~~
4 Lenape Lane
East Brunswick, NJ 08816
Tel: (732) 593-7294
Fax: (732) 312-5218
*shk@shk-dplc.com*

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Tel: (987) 987-8929

**Formatted:** Header
**Formatted:** Font: Times New Roman, 14 pt
**Formatted:** Justified, Line spacing: Double, No bullets or numbering
**Formatted:** Font: Times New Roman, 14 pt
**Formatted:** Font: Times New Roman, 14 pt
**Formatted:** Font: Times New Roman, 14 pt
**Formatted:** Justified, Space After: 0 pt, Line spacing: Double, No bullets or numbering
**Formatted** ...
**Formatted** ...
**Formatted:** Font: Times New Roman, 14 pt
**Formatted** ...
**Formatted:** Font: Times New Roman, 14 pt
**Formatted:** Font: Times New Roman, 14 pt
**Formatted** ...
**Formatted:** Font: Times New Roman, 14 pt, Underline
**Formatted** ...
**Formatted** ...
**Formatted:** Font: Times New Roman, 14 pt
**Formatted** ...
**Formatted:** Font: Times New Roman, 14 pt
**Formatted** ...
**Formatted:** Font: Times New Roman, 14 pt
**Formatted:** Font: Times New Roman, 14 pt
**Formatted** ...
**Formatted:** Font: Times New Roman, 14 pt
**Formatted** ...
**Formatted:** Font: Times New Roman, 14 pt
**Formatted:** Font: Times New Roman, 14 pt
**Formatted** ...
**Formatted:** Font: Times New Roman, 14 pt
**Formatted:** Font: Times New Roman, 14 pt, Italic
**Formatted:** Justified, Indent: Left: 3", Right: 0"
**Formatted:** Font: Times New Roman
**Formatted** ...
**Formatted:** Footer, Indent: Left: 0"

keithaltman@kaltmanlaw.com

*Attorneys for Plaintiff, Trutek Corp.*

2

**Formatted:** Header

**Formatted:** Font: Times New Roman, 14 pt, Italic

**Formatted:** Justified, Indent: Left:  3"

**Formatted:** Font: Times New Roman

**Formatted:** Footer, Centered, Space After:  0 pt, Tab stops: Not at  0.38" +  3.7" +  6.92"

**Formatted:** Footer, Indent: Left:  0"