# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUTEK CORP.,

    Plaintiff,

v.

BLUEWILLOW BIOLOGICS, INC.;
ROBIN ROE 1 through 10, gender
neutral fictitious names, and; ABC
CORPORATION 1 through 10 (fictitious
names).

    Defendants.

Case No. 2:21-cv-10312

Hon. Stephen J. Murphy, III
Mag. R. Steven Whalen

**DEFENDANT/COUNTER-PLAINTIFF BLUEWILLOW
BIOLOGICS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO
EXCLUDE DAMAGES–RELATED THEORIES OR EVIDENCE**

Trutek's Response fundamentally fails to address BlueWillow's arguments establishing that exclusion of damages-related evidence is required. Under these circumstances, exclusion is ***mandatory*** under Rule 37(c)(1) according to the Sixth Circuit. To the extent a damages case exists (which it does not), BlueWillow has been prejudiced as Trutek facially failed to meet its obligations, fact discovery has closed, and expert discovery is set to close in two weeks (November 14). (*See* ECF No. 26, PgID 269.) Indeed, it has been over 1 year and 8 months since Trutek filed its Complaint. Trutek has nevertheless failed to disclose even a rough sketch of a damages calculation in response to its discovery obligations. Ignoring the foregoing, Trutek attempts to make two arguments, each erroneous.

First, Trutek argues that application of Rule 37(c)(1) is inappropriate because: (a) Trutek asserts (without evidence) that BlueWillow purportedly delayed in providing financial records, and (b) Rule 37(c)(1) does not apply absent prejudice. Neither point is well taken. BlueWillow gratuitously provided the sales data (peripherally at issue) in June 2022 in the hopes of facilitating a productive mediation.[1] This does not excuse Trutek's failure to prosecute its case or other evidentiary deficiencies. The framework for calculating patent infringement damages requires more than just sales of the accused product, including factual

---

[1] *See generally* Ex. 1, Email re Raw Sales data.

evidence solely within Trutek's possession that it never disclosed. More pointedly, under binding precedent, exclusion is *mandatory* as the prejudice is clear.

Second, Trutek argues that a motion in *limine* is an improper avenue to exclude "theories or defenses." However, Trutek fails to address the cited case law where numerous courts excluded damages evidence and theories on a motion in *limine*. The cases cited by Trutek where, in the abstract, theories related to dispositive matters are often resolved on summary judgment, are easily reconciled.

Trutek fails to acknowledge that, in this case (and like the cases cited by BlueWillow), it seeks to introduce unidentified evidence to a jury that foundationally has no probative value under the circumstances. The ultimate question here is whether Trutek will be allowed to present *evidence* of damages in a purported attempt to support a theory that was never disclosed to the Court or to the Defendant prior to the close of discovery and trial. *See, e.g., Voice Int'l*, 2020 WL 1229735, at *3–8; *Multimatic,* 2007 WL 627874, at *7; *see Tobias v. Pa. Bd. of Probation and Tezak v. Montgomery Ward & Co., Inc.*, 33 Fed. Appx. 172, 179 (6th Cir. 2022) (affirming exclusion of expert not disclosed in response to interrogatories until after close of discovery and witness list exchange).

A.   **Failure to Prosecute and Timely Disclose Damages Theories/Evidence**

After over 1 year and 8 months of litigation, Plaintiff Trutek has failed to disclose a damages calculation or identify supporting evidence, including

2

disclosure of any witness that will testify as to damages. Ignoring its own discovery failures, Trutek argues BlueWillow is responsible for Trutek's many-month delay, without providing an explanation or justification for its failure to produce damages-related evidence. As shown in Exhibit 1, BlueWillow voluntarily provided the sales records Trutek relies on in June 2022 for the purpose of furthering the Court-ordered mediation, despite Trutek's failure to timely serve discovery seeking this information. There is no legitimate claim of delay. Indeed, Trutek should have timely requested such information in discovery. And, five months later, Trutek should not be heard to complain that it lacked notice.

"The exclusion of non-disclosed evidence is **automatic** and **mandatory** under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (emphasis added). "The **burden** of establishing a substantial justification and harmlessness ***is upon the party who is claimed to have failed to make the required disclosure***." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) (emphasis added). To this day, Trutek has not produced information within its own possession relating to a potential damages calculation. For example, Trutek has not produced information concerning the rate at which it licensed the asserted patent or

3

a comparable royalty rate (relevant to reasonable royalty).[2] Nor has Trutek provided an evidentiary basis for damages or a damages calculation. *Cf. Voice Int'l Inc. v. Oppenheimer Cine Rentals LLC*, 2020 WL 1229735, at *3–8 (C.D. Cal. Feb. 4, 2020) (granting motion in *limine* to preclude "arguments, exhibits or testimony at trial regarding alleged monetary damages"). Indeed, "[d]amages claims are a central part" of patent cases. *Id.* "Therefore, Plaintiff[] should have timely disclosed the relevant information [it has] on this issue[,]" including "in [its] initial disclosures, and in response to [Defendant's] discovery requests." *Id.*

The "failure is not harmless, but it is prejudicial to [BlueWillow] given that discovery is closed . . . ." *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*, No. 05-60120, 2007 WL 627874, at *7 (E.D. Mich. Feb. 26, 2007); *see also Tobias*, 33 Fed. Appx. at 179. Trutek's failure to disclose its damages theories, calculations, and evidence in its own possession supporting such theories and calculations has prejudiced BlueWillow's ability to formulate a response and to provide its own, alternative theories and calculations. *See Voice Int'l*, 2020 WL 1229735, at *7. Trutek's arguments (without citation to authority) lack merit. Trutek cannot manifest a damages theory (still undisclosed) after the close of discovery.

Trutek lacks any justification for its continued failure to prosecute a

---

[2] Likewise, Trutek has not produced any information relevant to lost profits. Based on its Response, it no longer appears that Trutek asserts it is entitled to lost profits.

damages case, and the Court must apply the ***automatic*** and ***mandatory*** exclusion of any damages-related evidence or theory. *See Dickenson*, 388 F.3d at 983.

### B. Trutek Fails to Address the Question of Apportionment

As a threshold matter, Trutek does not address the case law that an expert is required for apportionment between accused and non-accused features of the products at issue, a fundamental requirement to obtain damages in a patent infringement lawsuit.[3] Trutek also side-steps BlueWillow's arguments, supported by well-established precedent, that a patent holder cannot recover lost profits or a reasonable royalty without the introduction of reliable evidence sufficient to reconstruct the market—i.e., an expert that theoretically could survive *Daubert*.

Ignoring BlueWillow's arguments regarding apportionment and the evidence needed to support damages calculation, Trutek points to the general section of the patent statute addressing damages.[4] However, the Federal Circuit has made clear that reasonable royalties must be assessed based on the value the patented

---

[3] As already briefed by BlueWillow, there is a very limited exception where a plaintiff may attempt to prove that the patented features entirely drive the market demand for a product. Trutek, however, has neither shown (or even argued) that the entire-market-value rule applies, nor identified an expert that could theoretically establish the application of this narrow exception.

[4] At a basic level, a reasonable royalty consists of two parts: (1) a royalty rate (e.g., a percentage or per unit rate) applied to (2) a royalty base (e.g., sales of the accused products). The sales data Trutek relies on pertains only to the second part, the royalty base. Trutek has not addressed, or pointed to any evidence, calculation or theory addressing how the royalty rate should be determined.

5

technology contributes to the accused product. *See Exmark Mfg Co. v. Briggs & Stratton Power Prods. Group, LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018) ("[A]pportionment can be addressed . . . 'by careful selection of the royalty base to reflect the value added by the patented feature [or] . . . by adjustment of the royalty rate so as to discount the value of a product's non-patented features; or by a combination thereof.'"); *Omega Patents, LLC v. CalAmp Corp.*, 13 F.4d 1361, 1376–1382 (Fed. Cir. 2021) (per unit royalty not properly apportioned as plaintiff failed to show patent drove demand for entire accused product). Courts will not award damages without evidence or based on speculation and conjecture. *See Whitserve LLC v. Computer Packages, Inc.*, 694 F.3d 10, 29–33 (Fed. Cir. 2012).

Under well-established case law, Plaintiff must present competent proof to be entitled to damages, for which Trutek has not attempted to accomplish. Absent this evidence, damages should be limited to zero. *See, e.g., Unicom Monitoring, LLC v. Cencom, Inc.*, , 2013 WL 1704300, at *8 (D.N.J. Apr. 19, 2013; *Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 657936, at *34 (W.D. Wash. Jan. 17, 2008); *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291–92 (Fed. Cir. 2020); *AOS Holding Co. v. Bradford White Corp.*, 2021 WL 5411103, at *38 (D. Del. Mar. 31, 2021); *Devex Corp. v. General Motors Corp.*, 667 F.2d 347, 363 (3rd Cir. 1981). Trutek's uncited and unsupported assertion it is entitled to reasonable royalties should be rejected on its face given the undisputed weight of authority.

### C. Motions *in Limine* are a Proper Avenue to Exclude Damages

Without citation to authority, Trutek generally asserts that "theories and claims" should not be excluded through motions in *limine*. The Sixth Circuit, however, disagrees. *See Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994) (*en banc*) (affirming grant of motion *in limine* to limit damages); *see also Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 2002 WL 34421864, at *1 (E.D. Mich. Aug. 21, 2002). The cases cited by Plaintiff all relate to situations in which there is not a central evidentiary question. Admittedly, the lack of damages is often resolved on a motion for summary judgment. In this case, however, the imminent issue is facially evidentiary in nature—relating to what, and will not, be allowed to be presented at trial.[5]

Dated: November 1, 2022    Respectfully submitted,

/s/ *Alan J. Gocha*
Alan J. Gocha (P80972)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Tele: 313.234.7100; Fax 313.234.2800
*Attorneys for BlueWillow Biologics, Inc.*

---

[5] In the alternative, BlueWillow's motion can be converted or refiled as a motion for summary judgment should the Court deem it necessary. In that scenario, BlueWillow respectively requests leave to file a second motion for summary judgment on the issues of infringement and/or invalidity.

7

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 1, 2022, I filed the foregoing document and this Certificate of Service with the Court using the ECF system.

/s/     *Alan J. Gocha*
Alan J. Gocha