# EXHIBIT 1

| | |
|---|---|
| From: | Peterson, Liane M. |
| To: | shk@shk-dplc.com |
| Cc: | keithaltman@kaltmanlaw.com |
| Subject: | RE: Trutek v. BlueWillow - Mediation |
| Date: | Saturday, June 4, 2022 4:05:00 PM |
| Attachments: | BW000001-BW000012.pdf |

Stan,

Thank you for confirming. Please see attached for the referenced document, which should be maintained as Outside Counsel Eyes Only.

Regards,
Liane

**From:** shk@shk-dplc.com <shk@shk-dplc.com>
**Sent:** Saturday, June 4, 2022 10:39 AM
**To:** Peterson, Liane M. <LPeterson@foley.com>
**Cc:** keithaltman@kaltmanlaw.com
**Subject:** Re: Trutek v. BlueWillow - Mediation
**Importance:** High

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Liane,

Of course, you may transmit that information to us, and if marked ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL EYES ONLY, it will remain in strictest confidence and only between the Law Office of Keith Altman personnel and me. Trutek does not employ in-house counsel, so that should not be an issue. We are working on the edits to the proposed stipulated protective order, and hopefully it can be at least signed by the parties during this coming week.

However, any of the materials submitted to us in this way cannot and will not be discussed in the upcoming mediation session in the presence of our client's personnel, who will be present at the meeting. Nevertheless, any settlement proposals between the parties can be made and decided only by the parties. Therefore, I suggest that you provide to Trutek such information and documents that will assist Trutek during negotiations at the mediation session. Otherwise, mediation may prove futile.

Stan


---

On 2022-06-02 12:38, Peterson, Liane M. wrote:

> Keith & Stan,

I write to address two issues in advance of the June 14 mediation.

First, we intend to reference some of the information produced by Trutek in our mediation statement. As the parties have agreed that any Court-appointed Mediator may have access to Confidential and Attorneys Eyes' Only information under the proposed protective order, we expect that you should not have any concerns about this.

Second, as noted in BlueWillow's interrogatory responses, we have more detailed financial information concerning NanoBio Protect to provide subject to entry of the protective order. We believe that this information is relevant to the mediation and will be disclosing it to the Mediator. We are also willing to provide it to Trutek's counsel on an outside counsel eye's only basis in connection with the mediation and prior to entry of the protective order upon your confirmation that you will treat the information on an outside counsel eyes' only basis.

Please confirm that we have your agreement on both of these points.

Regards,

Liane

---

**From:** Peterson, Liane M.
**Sent:** Wednesday, June 1, 2022 11:37 AM
**To:** Keith Altman <keithaltman@kaltmanlaw.com>; shk@shk-dplc.com
**Cc:** Lori Crusselle <loricrusselle@kaltmanlaw.com>; Ellis, Nicholas J. <NEllis@foley.com>; Gocha, Alan J. <agocha@foley.com>
**Subject:** RE: Trutek v. BlueWillow - Trutek Discovery Responses

Keith & Stan,

Attached please find a further revised copy of the protective order. Changes from the prior version are shown in redline. We believe that revised protective order addresses all of the issues raised during our meet and confer, and is consistent with the subsequent discussion I had with Keith on the issues raised below.

Please confirm that this version is acceptable to Trutek so that we can get the protective order on file.

Thank you,
Liane

---

**From:** Gocha, Alan J. <agocha@foley.com>
**Sent:** Wednesday, May 11, 2022 2:13 PM
**To:** Keith Altman <keithaltman@kaltmanlaw.com>; shk@shk-dplc.com
**Cc:** Lori Crusselle <loricrusselle@kaltmanlaw.com>; Ellis, Nicholas J. <NEllis@foley.com>; Peterson, Liane M. <LPeterson@foley.com>
**Subject:** RE: Trutek v. BlueWillow - Trutek Discovery Responses

Counselors:

I have included a summary of our understanding of the positions taken at the meet-and-confer yesterday.

**Protective Order**

First, Trutek will indicate whether it would prefer the protective order to: (a) prohibit confidential documents from being shown to any employee of a party; or (b) to two employees for each party designated as persons allowed to view documents designated confidential (who also sign the acknowledgement to the protective order).

Second, Trutek objects to the inclusion of a provision requiring the disclosure of the identity of testifying and non-testifying experts that will be given access to confidential information. Trutek proposed that the parties reach an agreement as to certain requirements before disclosure. While BlueWillow believes that each expert (consulting or technical) receiving confidential information should be disclosed to permit the producing party to evaluate potential conflicts, we are willing to discuss the following proposal with the client:

- Experts may not be current employees of the party by whom they are retained.

- Experts receiving confidential/AEO information may not be employees, previous employees, consultants, or previous consultants of the producing party or any other person that has previously received confidential information of the producing party.

- Experts receiving confidential/AEO information may not currently work at a direct competitor of the producing party or be in a current consulting arrangement with a direct competitor of the producing party.

- Prior to receiving confidential/AEO information, Experts must sign the acknowledgement

attached to the end of the proposed protective order.

Third, Trutek objects to the inclusion of a prosecution bar. BlueWillow believes this provision is entirely appropriate under the circumstances. Nevertheless, if we are able to reach agreement on the remainder of the protective order, we are willing to consider the potential compromise of including language in the Protective Order acknowledgement requiring all attorneys, experts and/or other party employees (subject to the first point above) who receive confidential/AEO information to affirmatively attest that they will not use the confidential/AEO information of the producing party for any reason other than litigating this specific matter pending in E.D. Michigan, including for any matters related to patent prosecution. As explained during our meet and confer, this proposal is still subject to approval by our client, BlueWillow.

### Discovery

As stated in our email dated May 9, 2022, BlueWillow served its First Set of Document Requests and Interrogatories on February 18, 2022. Under the Federal Rules of Civil Procedure, Trutek had 30 days to serve responses and answers, which would have been due on March 21, 2022. While we were in discussions about extending discovery deadlines, Trutek filed a motion to amend the scheduling order by 45 days. While Trutek did not expressly request the time to respond to be extended (and the order did not so state), BlueWillow (in a show of good faith) operated as if such an extension was given. As such, Trutek's responses and objections to BlueWillow's first set of discovery requests were due no later than May 5, 2022. Nevertheless, Trutek missed even the 75 day deadline (76, if taking into account that the first deadline fell on a Sunday) and therefore waived its objections.

Other than privilege objections, BlueWillow expects that Trutek fully responds to each discovery request under the broadest reasonable interpretation of the requests. Trutek has stated that it will provide responses and answers by the end of the week. Given the imminent close of fact discovery, and Trutek's delay in providing its discovery responses, we request that Trutek provide complete responses and production (rather than withholding information until a protective order is finalized and entered). Until a protective order is entered, we will treat all productions and discovery responses as Outside Attorneys' Eyes Only, as we expect Trutek to do with our discovery answers that we have already served with this understanding.

Additionally, please promptly provide the identity and availability of your 30(b)(6) witness. As it appears that we will not receive discovery responses until right before the close of discovery, we should start discussing dates asap and will also need Trutek to agree to produce the witness for deposition after the deadline.

Sincerely,

Alan

---

**From:** Peterson, Liane M. <LPeterson@foley.com>
**Sent:** Monday, May 9, 2022 11:22 AM
**To:** Keith Altman <keithaltman@kaltmanlaw.com>; shk@shk-dplc.com
**Cc:** Lori Crusselle <loricrusselle@kaltmanlaw.com>; Ellis, Nicholas J. <NEllis@foley.com>; Gocha, Alan J. <agocha@foley.com>
**Subject:** Trutek v. BlueWillow - Trutek Discovery Responses

Counselors:

BlueWillow served its First Set of Document Requests and Interrogatories on February 18, 2022. Under the Federal Rules of Civil Procedure, Trutek had 30 days to serve responses and answers. While we were in discussions about extending discovery deadlines, Trutek filed a motion to amend the scheduling order by 45 days. This motion and resulting order did not expressly extend the time for Trutek to submit responses and answers to BlueWillow's First Set of discovery requests. Nevertheless, in a show of good faith, BlueWillow proceeded as if a 45 day extension for discovery responses and answers (for Trutek) had been granted. However, Trutek still failed to timely provide responses and answers even assuming a 45-day extension was granted.

Under well-established case law in the Eastern District of Michigan, the failure to timely object to discovery requests constitutes a waiver of objections. Please confirm that Trutek will promptly and fully provide responses and answers to BlueWillow's discovery requests as well as all requested documents. Please also confirm that Trutek will promptly provide responses to BlueWillow's Rule 30(b)(6) Deposition Notice of Trutek, along with proposed dates for the deposition and identify the witness(es) designated by Trutek to testify on each topic. Otherwise, please note that we plan to address this at the same time as our meet-and-confer scheduled for Tuesday, May 10, 2022, at 10:30 am EST.

Fact discovery is set to close May 16 per the Court's schedule. BlueWillow has responded to Trutek's discovery requests in a timely manner. Trutek's delay and failure to comply with its discovery obligations has and continues to cause prejudice to BlueWillow and its ability to defend against the claims asserted by Trutek in this matter.

Sincerely,

Liane

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.