**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUTEK CORP.,

Plaintiff,

v.

BLUEWILLOW BIOLOGICS, INC., et. al.

Defendants.

Case No. 2:21-cv-10312

Hon. Stephen J. Murphy, III

---

**PLAINTIFF TRUTEK CORPORATION'S REPLY TO MOTION FOR LEAVE TO AMEND COMPLAINT**

---

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES .......... 3**

**LEGAL STANDARD .......... 4**

**ARGUMENT .......... 5**

- **A. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT IS BROUGHT WITHOUT DELAY AND WILL NOT RESULT IN UNFAIR PREJUDICE TO THE DEFENDANT .......... 5**
- **B. PLAINTIFF'S MOTION TO AMEND BRING FORTH A WELL PLED CLAIM FOR WILLFUL PATENT INFRINGEMENT .......... 8**

**CONCLUSION .......... 10**

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .......... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .......... 8

*Duchon v. Cajon Co.*, 791 F. 2d 43 (6th Cir. 1986) .......... 4

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) .......... 9

*Foman v. Davis*, 371 U.S. 178 (1962) .......... 4, 5

*Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) .......... 5

*Hageman v. Signal L. P. Gas, Inc.,*486 F.2d 479, 484 (6th Cir. 1973) .......... 5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) .......... 9

*Knight Cap. Partners Corp.* v. Henkel AG & Co., 930 F.3d 775, 786 (6th Cir. 2019) .......... 7

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) .......... 8

*Schwendimann v. Stahls', Inc.*, 510 F. Supp. 3d 503, 507 (E.D. Mich. 2021) .......... 9

*Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382 (6th Cir. 1993) .......... 8

*WBIP, LLC v. Kohler Co*., 829 F.3d 1317, 1341 (Fed. Cir. 2016) .......... 9

## Statutes

35 U.S.C. § 284 .......... 9

Fed. R. Civ. P. 15 .......... 4

Fed. R. Civ. P. 15(a)(2) .......... 4

## Rules

Fed. R. Civ. P. 16 .......... 5

**LEGAL STANDARD**

Motions to Amend are governed by Fed. R. Civ. P. 15, which provides in relevant part:

(a) Amendments Before Trial.

(1) Amending as a matter of course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required. . . .

(2) Other amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15. Plaintiff seeks leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

While leave to amend should be "freely given when justice so requires," leave to amend should be denied when "it would result in undue delay or prejudice to the opposing party ... or where the amendment is futile." *Foman v. Davis*, 371 U.S. 178 (1962); *Duchon v. Cajon Co.*, 791 F. 2d 43 (6th Cir. 1986).

The decision on a motion to amend is within the sound discretion of the district court. Absent "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the moving party should be allowed to test his claim on the merits. *Foman* at 182.

Courts also consider untimely requests to amend the pleadings under Federal Rule 16's "good cause" standard, which is measured by the moving party's diligence and by prejudice to defendants. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020). Plaintiff's Motion to Amend is timely under Rule 16 and brought in good faith. Fed. R. Civ. P. 16.

## ARGUMENT

### A. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT IS BROUGHT WITHOUT DELAY AND WILL NOT RESULT IN UNFAIR PREJUDICE TO THE DEFENDANT

While there are a variety of factors involved in determining whether an amendment should be granted, "notice and substantial prejudice to the opposing party are critical factors." *Hageman v. Signal L. P. Gas, Inc.,*486 F.2d 479, 484 (6th Cir. 1973). Prejudice to the opposing party must be more than "unfair." It must be "substantial," so as to create a "grave injustice" to defendants. Defendants are not prejudiced by the proposed amendment in any manner.

The motion to amend brings forth a claim arising from a continuation of the infringement on Plaintiff's intellectual property as stated in the original complaint.

At the time of filing, Defendant was put on notice that it would have to defend the action involving infringement of Plaintiff's intellectual property. The Defendant's own sales records demonstrate that the Defendant failed to remediate their infringement following Plaintiff's notice. Defendant failed to provide their sales records to Plaintiff until June 2022.

Defendant claims Plaintiff's motion is unfairly prejudicial to the Defendant based on the timing within the Scheduling Order. Plaintiff's amendment seeks to include a claim for willful patent infringement which requires no further discovery on the part of the parties, no further expert discovery and merely adds an additional claim to what Defendant has already been put on notice for. Defendant was put on notice of their patent infringement. Defendant has since knowingly continued its behavior and willfully infringe on Plaintiff's licensed patent, leading to Plaintiff seeking to add an additional claim for willful patent infringement. Defendant's willful infringement is evidenced by Defendant's financial reports.

Moreover, Defendant cannot claim prejudice in preparing its defense to the amendment, as there is no additional fact or expert discovery required. No additional defense preparation is required for a single addition that goes to the extent of the damages owed to plaintiff based on continued infringement. No significant delay would present itself with the granting of the present motion.

Defendant seeks to dismiss the timing of their document disclosure as irrelevant; this is not the case. Plaintiff did not have the knowledge of the willfulness of the continued patent infringement until Defendant disclosed their financial reports. It was not until this disclosure that Plaintiff had the knowledge to bring forth the present amendment. Even if the Motion to Amend was not filed immediately upon receiving Defendants financial records it is not calamitous. This Court in *Knight Cap Partners Corp*. addresses the timeliness of a motion to amend. The lack of timeliness in moving to amend the pleadings does not always merit denial, and "[h]ad [Nichols] explained [his] tardiness, [he] may have shown that the timing of the motion—by itself—was not sufficient to deny the motion outright." *Knight Cap. Partners Corp.* v. Henkel AG & Co., 930 F.3d 775, 786 (6th Cir. 2019).

From the time of the financial report disclosure Plaintiff has sought to have a Protective Order filed. To date, Defendant's financial report has not been filed as the parties have not come to an agreement on the contents of the Protective Order. Plaintiff sought the Protective Order in order to file a Motion to Seal with the intention of protecting Defendants financial report from public disclosure. Plaintiff has no benefit of the Protective Order limiting the disclosure of Defendant's financial reports. However, Plaintiff's respectfulness should not be held against Plaintiff as to the timing of the Motion to Amend. In order to timely file the Motion to Amend, Plaintiff went forward with it's filing absent the Protective Order being

filed before hand. Plaintiff still seeks resolution of the contents of the Protective Order to file Defendants financial report with the Court.

B. **PLAINTIFF'S MOTION TO AMEND BRING FORTH A WELL PLED CLAIM FOR WILLFUL PATENT INFRINGEMENT**

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382 (6th Cir. 1993)). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege "specific factual allegations to support each claim"; "a formulaic recitation of the elements of a cause of action will not suffice." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

The United States Supreme Court in *Halo* overturned the prior standard for willful patent infringement. Since the *Halo* opinion, the Federal Circuit has held that liability for willful infringement requires knowledge of the patent and intentional or knowing infringement — i.e., acting despite a risk of infringement that was either

known or so obvious that it should have been known. *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020); *Schwendimann v. Stahls', Inc.*, 510 F. Supp. 3d 503, 507 (E.D. Mich. 2021). The Patent Act provides that district courts "shall award the claimant damages adequate to compensate for the infringement." 35 U.S.C. § 284. Section 284 also provides that district courts may award enhanced damages "up to three times the amount found or assessed." 35 U.S.C. § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).

Defendant was made aware of the Plaintiff's patent when the original complaint was filed in February 2021. According to Defendant's own financial records, disclosed to Plaintiff in June of 2022, Defendant took no action to remediate their conduct, as evidenced by their records showing continued sales revenue from the infringing product between February 2021 and September 2021. Defendant had knowledge of the patent and intentionally and/or knowingly infringed on the patent. To establish willful infringement, the patentee must demonstrate both knowledge of the patent and knowledge of the infringement. *WBIP, LLC v. Kohler Co*., 829 F.3d 1317, 1341 (Fed. Cir. 2016). Both prongs have been satisfied by Plaintiff.

Thus, because Defendant knew of Plaintiff's patent as of February 2021 but, according to their own sales records, continued to gross sales revenue from the infringing product until September 2021, Plaintiff can reasonably establish that

continued sales of the infringing product constitute willful infringement and plausibly state a claim upon which relief can be granted.

**CONCLUSION**

Wherefore, Plaintiff respectfully requests that the Court utilize their discretion and grant Plaintiff's Motion for Leave to Amend its Complaint.

Dated: November 9, 2022

Respectfully submitted,

/s/ *Stanley H. Kremen*
Stanley H. Kremen, Esq.
4 Lenape Lane
East Brunswick, NJ 08816
Tel: (732) 593-7294
Fax: (732) 312-5218
*shk@shk-dplc.com*

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Tel: (987) 987-8929
*keithaltman@kaltmanlaw.com*

*Attorneys for Plaintiff, Trutek Corp.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUTEK CORP.,

Plaintiff,

v.

BLUEWILLOW BIOLOGICS, INC., et. al.

Defendants.

Case No. 2:21-cv-10312

Hon. Stephen J. Murphy, III

---

**CERTIFICATE OF SERVICE**

---

I certify that on November 9, 2022, I served the foregoing Plaintiff's Trutek Corporation's Reply to Motion for Leave to Amend the Complaint upon all parties herein by filing copies of same using the ECF System.

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
*keithaltman@kaltmanlaw.com*

*Attorneys for the Plaintiff*