UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUTEK CORP.,

    Plaintiff/Counter-Defendant,

v.

BLUEWILLOW BIOLOGICS, INC.,

    Defendant/Counter-Plaintiff.

Case No. 2:21-cv-10312

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
MOTION FOR LEAVE TO AMEND COMPLAINT [44]**

Plaintiff sued Defendant for patent infringement. ECF 1, PgID 6. Defendant denied Plaintiff's allegations. ECF 9, PgID 84. After the parties submitted briefing for a claim construction hearing, Plaintiff moved to amend the complaint and add a claim of willful patent infringement. ECF 44. The parties briefed the motion. ECF 47; 48. For the reasons below, the Court will deny the motion.[1]

### BACKGROUND

The United States Patent and Trademark Office assigned Plaintiff United States Patent Number 8,163,802 (the '802 patent). ECF 1, PgID 2–3. The patented technology allows consumers to apply Plaintiff's "products in and around their nasal passages to reduce reactions to airborne allergens and to reduce or eliminate reactions to viral infections" such as the flu. *Id.* at 3. Plaintiff's technology eliminates

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

viruses "by establishing an electrostatic charge in and around nasal passages." *Id*. Defendant sells a product called NanoBio Protect. ECF 1, PgID 4; ECF 9, PgID 72. The product is also applied to the nasal passages and "kill[s]" germs. ECF 1, PgID 4.

Plaintiff sued Defendant for patent infringement and alleged that Defendant's product infringed on Plaintiff's '802 patent because "[t]he ability to lessen the reactions to airborne contaminants by creating an electrostatic charge around a person's nasal passages is inherent in [Plaintiff]'s formulations and manufacturing processes." *Id.* at 6. Plaintiff argued that Defendant's product uses benzalkonium chloride, the same substance Plaintiff uses in its product. *Id.* at 4, 7. Defendant denied Plaintiff's allegations, and argued that the '802 patent was "invalid and has not been . . . infringed by [Defendant]." ECF 9, PgID 84.

After the close of discovery, Plaintiff moved to amend its complaint to add a claim of willful patent infringement. ECF 44. Plaintiff argued that it had not learned of the need for an amendment until Defendant produced its financial disclosures one month after the close of discovery. *Id.* at 799. In its proposed amended complaint, Plaintiff alleged that Defendant had "received notice" that its product infringed Plaintiff's patent "when Plaintiff filed the original complain[t]." ECF 44-1, PgID 819. Yet Defendant "continued to market, distribute, and sell NANOBIO products for months after learning that the NANOBIO products infringed on claims 1, 2, 6[,] and 7 of the '802 patent." *Id.* at 823. Defendant's financial records, maintained Plaintiff, established "by a preponderance of the evidence that enhanced damages [were]

2

appropriate." *Id.* at 819. Plaintiff requested that Defendant be required to pay Plaintiff for all gains it derived from the infringement of the '802 patent. *Id.* at 824.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is filed and twenty-one days has elapsed, a party may only amend a pleading with the written consent of the opposing party or with leave of the Court. Rule 15(a)(2) also provides that "[t]he [C]ourt should freely give leave when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). To determine whether to grant leave to amend a pleading, the Court relies on six factors: (1) "undue delay in filing"; (2) "lack of notice to the opposing party"; (3) "bad faith by the moving party"; (4) "repeated failure to cure deficiencies by previous amendments"; (5) "undue prejudice to the opposing party"; and (6) "futility of [the] amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted).

## DISCUSSION

Plaintiff moved for leave to amend its complaint to add a claim of willful patent infringement. ECF 44. The Court will deny the motion based on three of the factors: undue delay, undue prejudice to Defendant, and futility of the amendment.

I. <u>Undue Delay</u>

The Court will first deny the motion for leave to amend the complaint because of Plaintiff's "undue delay in filing." *Wade*, 259 F.3d at 458. There is "an increased burden" on a party that moves to amend a complaint after the close of the discovery. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citation omitted).

3

The moving party must "show justification for the failure to move earlier." *Id.* In short, Plaintiff offered little to no justification for waiting to move for leave to amend at the present late point in the litigation. Indeed, Plaintiff's motion was filed more than five months after the close of discovery and less than a month before the close of expert discovery.[2] *See Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806–07 (6th Cir. 2005) (affirming a district court's denial of leave to amend a complaint with only a few weeks left in discovery); *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 440–41 (6th Cir. 2005) (affirming a district court's denial of leave to amend a complaint after the close of discovery). And Plaintiff could have easily discovered Defendant's knowledge of its alleged willful infringement in other ways. For instance, Plaintiff could have searched for Defendant's product online or at a local pharmacy as it had done before the case was filed. ECF 44-1, PgID 849–55; ECF 1-5, PgID 32–33. Yet Plaintiff did not explain that it had not taken any such action before filing the previous complaint. *See Scott v. Hemlock Semiconductor Corp.*, No. 06-14903, 2007 WL 2649360, at *3 (E.D. Mich. Sept. 10, 2007) (denying motion to amend because no explanation was given for why a claim was not brought in the previously filed complaint).

Instead, Plaintiff argued that its delay in filing the present motion was not undue because it was based on information contained in Defendant's financial records, which were not provided to Plaintiff until one month after the close of

---

[2] Discovery closed on May 16, 2022. ECF 26. Plaintiff filed its motion for leave to amend on October 25, 2022. ECF 44. Expert discovery closed on November 14, 2022. ECF 26.

4

discovery.[3] ECF 44, PgID 799–800; ECF 47, PgID 909; ECF 48, PgID 932. Plaintiff blamed Defendant for the "delayed" disclosure, which in turn caused Plaintiff to not "have the opportunity to scrutinize details regarding the sales of the Nano[B]io product" until after the close of discovery. ECF 44, PgID 807. Plaintiff is correct that Defendant did not provide the financial records until one month after the close of fact discovery.[4] But Plaintiff delayed another four months to file the present motion. Compared with Defendant's one-month delay, Plaintiff's four-month delay was undue. The factor thus cuts against granting Plaintiff's motion for leave to amend.

II. Prejudice

The Court will also deny Plaintiff leave to amend the complaint because an order granting the motion would result in "undue prejudice to the opposing party." *Wade*, 259 F.3d at 458–59. Courts consider "whether the assertion of the new claim . . . would[] require the opponent to expend significant additional resources to conduct discovery and prepare for trial." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). Here, granting leave to amend would create undue prejudice to Defendant because it would require Defendant to "expend significant additional resources" to respond to the new claim. *Id.* at 663. Willful patent infringement is, after all, a fact-intensive issue that requires the examination of multiple factors, including "whether the infringer deliberately copied the ideas or design of another,"

---

[3] Plaintiff did not attach the financial records to its motion, nor did it cite any authority in support of the contention.
[4] Defendant provided the financial records in June 2022. ECF 47, PgID 909–10. The discovery period ended on May 16, 2022. ECF 26.

5

the "remedial action by the defendant," and "whether defendant attempted to conceal its misconduct." *Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*, 32 F.4th 1161, 1177 (Fed. Cir. 2022).

Beyond that, Defendant would be unduly prejudiced because, as in *Duggins*, 195 F.3d at 834, Defendant would be compelled to reopen discovery. And reopening discovery would cause significant prejudice because it would require new investigation into, among other things, whether and when Defendant received notice of the alleged infringement; whether Defendant was aware of the alleged infringement as it was distributing its product; and whether Defendant intentionally continued distributing its product despite receiving notice. Plus, the dispositive motions deadline is less than a month away. *See Miller v. Admin. Off. of Cts.*, 448 F.3d 887, 898 (6th Cir. 2006) (finding prejudice because the motion to amend the complaint was filed soon before the dispositive motions deadline). Any work toward crafting a dispositive motion would likely need to be altered or even redone based on new information that might be obtained through the extended discovery period. All told, Defendant would by unduly prejudiced by the proposed amendment. The factor thus weighs against Plaintiff's motion.

III. <u>Futility</u>

Last, the Court will deny the motion for leave to amend because the proposed amendment would be futile. A proposed amendment is futile if the complaint could not survive a motion to dismiss. *Wade*, 259 F.3d at 458–59. The proposed amended complaint must therefore allege facts "sufficient 'to raise a right to relief above the

6

speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

To establish willful patent infringement, a party must demonstrate both knowledge of the patent and knowledge of the infringement. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1339–41 (Fed. Cir. 2016). The Court has the discretion to award enhanced damages based on factors including "whether the infringer deliberately copied the ideas or design of another," the "infringer's behavior as a party to the litigation," the infringer's "size and financial condition," the "closeness of the case," "remedial action by the defendant," the defendant's "motivation for harm," and "whether [the] defendant attempted to conceal its misconduct." *Sunoco Partners*, 32 F.4th at 1177.

Here, the proposed amended complaint failed to allege sufficient facts to move beyond the level of speculation. Plaintiff alleged, for example, that Defendant had "received notice" that its product infringed Plaintiff's patent "when Plaintiff filed the original complain[t]." ECF 44-1, PgID 819. Despite receiving notice, "Defendant[] continued to market, distribute, and sell NANOBIO products for months after learning that the NANOBIO products infringed on claims 1, 2, 6, and 7 of the '802 patent." ECF 44-1, PgID 823. Yet Plaintiff's argument requires the assumption that Defendant infringed the patent, a legal conclusion that has yet to be proven. And merely pleading awareness of the patent "is not enough to sustain a willful

7

infringement claim." *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 384–85 (E.D. Mich. 2020) (collecting cases).

Plaintiff also alleged in the proposed amendment that Defendant's "[financial] records establish by a preponderance of the evidence that enhanced damages are appropriate." ECF 44-1, PgID 819. But Plaintiff failed to support its argument with any facts about the financial records. *See id.* at 819–23. Indeed, it did not attach the financial records to its motion. What is more, Plaintiff claimed only that Defendant had notice of the alleged infringement and continued to sell its product. *See id.* Plaintiff's new, proposed allegations stop short of establishing that Defendant intentionally infringed the patent. *Kohler*, 829 F.3d at 1341; *see also Gustafson, Inc. v. Intersystems Indus. Prod., Inc.*, 897 F.2d 508, 510–11 (Fed. Cir. 1990). In sum, the proposed amended claim is futile because it would not survive a motion to dismiss given the new claims' speculative and conclusory nature. The Court will therefore deny Plaintiff's motion to amend the complaint.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for leave to amend the complaint [44] is **DENIED**.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dted: November 17, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 17, 2022, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager