UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUTEK CORP., | Case No. 21-10312 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| BLUEWILLOW BIOLOGICS, INC.; ROBIN ROE 1 through 10, gender neutral fictitious names; and ABC CORPORATION 1 through 10 (fictitious names), | |
| Defendants. | |
| _____ / | |

## ORDER FOR SUPPLEMENTAL BRIEFING

This matter is currently before the court on a number of motions, including Defendant/Counter-Plaintiff BlueWillow Biologics, Inc.'s ("BlueWillow") motion for leave to file under seal. (ECF No. 60). In their motion, BlueWillow requests leave to file under seal certain materials in connection with the brief in support of their motion for summary judgment, (ECF No. 59). Plaintiff/Counter-Defendant Trutek Corp. does not oppose the motion. (ECF No. 60, PageID.2358).

Local Rule 5.3 permits a party to file a motion to seal if it is "narrowly tailored to seek sealing in accord with applicable law." E.D. Mich. LR 5.3(b)(2). To comply with the local rule, a motion to seal must contain:

> (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;
> (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;
> (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom;
> (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority;
> (v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit…; and
> (vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal…

E.D. Mich. LR 5.3(b)(3)(A).  Additionally, the party seeking to seal documents must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).

In its current form, BlueWillow's motion seeks to file the following exhibits or information under seal: (1) Exhibit 3 to the Declaration of Mansoor M. Amiji (ECF No. 59-2); (2) information about the licensees to the asserted U.S. Patent No. 8,163,802 ("the '802 Patent") included in their motion for summary judgment; and (3) Exhibit 9 to the Declaration of Liane M. Peterson (ECF No. 59-3).

BlueWillow claims this information is "confidential, proprietary, and technical information…concerning the formulation and composition of the accused NanoBio Protect that is the subject of this action." (ECF No. 60, PageID.2357). BlueWillow's motion does not, however, address why they have a compelling interest in sealing the records, why their interest in sealing outweighs the public's interest in accessing the records, or how the request is narrowly tailored. *See Kondash*, 757 F. App'x at 637.  The motion also does not include any "supporting evidence and legal citations demonstrating that the request…satisfies controlling legal authority."  E.D. Mich. LR 5.3(b)(3)(A).

The court now orders BlueWillow to submit supplemental briefing addressing the required factors so the court may fully analyze their motion to seal under the controlling law.  Their brief must be submitted by September 26, 2023, and must be limited to ten pages.

**SO ORDERED**.

Date: September 19, 2023            s/F. Kay Behm
                                    F. Kay Behm
                                    United States District Judge