# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| TRUTEK CORP.,<br><br>       Plaintiff,<br><br>v.<br><br>BLUEWILLOW BIOLOGICS, INC.;<br>ROBIN ROE 1 through 10, gender neutral<br>fictitious names, and ABC<br>CORPORATION 1 through 10 (fictitious<br>names).<br><br>       Defendants. | Case No. 2:21-cv-10312<br><br>Hon. F. Kay Behm |

**DEFENDANT/COUNTER-PLAINTIFF BLUEWILLOW BIOLOGICS,
INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF UNOPPOSED
<u>MOTION FOR LEAVE TO FILE UNDER SEAL (ECF NO. 60)</u>**

Pursuant to the Order dated September 19, 2023 (ECF No. 83), Defendant/Counter-Plaintiff BlueWillow Biologics, Inc. ("BlueWillow") respectfully submits the foregoing supplemental briefing in support of its Motion for Leave to File Under Seal (ECF No. 60) ("Motion to Seal").

## I.  Summary of the Parties' Confidential Material to be Sealed

Certain portions of BlueWillow's Motion for Summary Judgment (ECF No. 59) and materials filed in support thereof contain highly sensitive confidential and proprietary technical and business information of BlueWillow and Plaintiff/Counter-Defendant Trutek Corp. ("Trutek") ("Confidential Material"). Pursuant to the agreement of the parties, the materials and information sought to be sealed in BlueWillow's Motion to Seal were designated as confidential or subject to an outside attorneys' eyes-only designation when produced and/or disclosed in the litigation, consistent with the highly sensitive nature of the information. Declaration of Liane M. Peterson attached hereto as **Exhibit A** ("Peterson Decl.") at ¶ 2.

The Confidential Information that BlueWillow seeks to place under seal falls in two specific categories.

The first category addresses highly sensitive confidential and proprietary technical information of BlueWillow concerning the formulation and composition of the accused NanoBio Protect® product that is the subject of this action

1

("NanoBio Protect® Formulation"). The specific details of the precise formulation and composition of NanoBio Protect® are not publicly available or otherwise known outside of BlueWillow. In addition, BlueWillow has taken steps to limit further disclosure of the NanoBio Protect® Formulation over the course of this litigation by ensuring that all references to the information contained in expert reports and in deposition testimony were treated on an outside attorneys' eyes-only designation. Peterson Decl. at ¶ 3.

The second category addresses confidential, sensitive business information produced by Trutek in the litigation relating to Trutek's licensees to the asserted U.S. Patent No. 8,163,802 ("the '802 Patent") ("Trutek Licensee Information"). By designating such information as confidential when it was produced, Trutek asserted that the material includes confidential and highly sensitive business information of Trutek. Peterson Decl. at ¶ 4. In addition, the non-party licensees are understood to have a confidentiality interest in such information and ensuring that it remains under seal.

BlueWillow's Motion to Seal is narrowly tailored as it seeks to only seal very limited portions of the Motion for Summary Judgment and supporting papers in the two limited categories above. The proposed Confidential Materials to be sealed are redacted from ECF No. 59 and categorized more specifically below:

    a. BlueWillow's Summary Judgment Brief (ECF No. 59) contains confidential, proprietary, technical information directed to the

  NanoBio Protect® Formulation. The proposed material to be sealed concerning the NanoBio Protect® Formulation is located in the redactions on pages 37 and 38. The material to be sealed is narrowly tailored to include only three sentences (or portions thereof), each of which include specific references to the confidential NanoBio Protect® Formulation.

 b. BlueWillow's Summary Judgment Brief (ECF No. 59) also contains information directed to the confidential Trutek Licensee Information. The proposed material to be sealed concerning the Trutek Licensee Information is located in the redactions on page 29 (footnote 2) and pages 31 and 32. The material to be sealed is narrowly tailored to include only two sentences, each of which includes specific references to the confidential Trutek Licensee Information.

 c. The Declaration of Mansoor M. Amiji ("Amiji Decl.") (ECF No. 59-2) attached as Exhibit A to BlueWillow's Summary Judgment Brief further contains, at Exhibit 3 thereto, confidential, proprietary, technical information directed to the NanoBio Protect® Formulation. Notably, BlueWillow does not seek to place the entire Amiji Decl. (and each of its exhibits) under seal. The material to be sealed is narrowly tailored to include only four sentences contained in paragraphs 51, 52 and 54 of Exhibit 3, as evidenced by the redactions in those paragraphs. Each of the proposed redactions includes specific references to the confidential NanoBio Protect® Formulation.

 d. The Declaration of Liane M. Peterson ("Peterson Decl.") (ECF No. 59-3), attached as Exhibit B to BlueWillow's Summary Judgment Brief also contains, and attaches as Exhibit 9, specific references to the confidential Trutek Licensee Information. BlueWillow does not seek to place the entire Peterson Decl. (and each of its exhibits) under seal. The material to be sealed is narrowly tailored to include only portions of two sentences in the Peterson Decl. in addition to Exhibit 9, which is a single page document produced by Trutek and designated as confidential. Each of the proposed redactions includes specific references to the confidential Trutek Information.

  On March 28, 2023, BlueWillow's counsel met and conferred by phone with counsel for Plaintiff/Counter Defendant Trutek, explained the nature and bases of

its Motion to Seal, and requested concurrence in the relief sought. While Trutek reserved its rights with respect to handling of information at trial, Trutek concurred in the relief sought in the Motion to Seal.

## II.     Legal Standard

Local Rule 5.3 permits a party to file a motion to seal if it is "narrowly tailored to seek sealing in accord with applicable law." E.D. Mich. LR 5.3(b)(2). As noted by the Court, "the party seeking to seal documents must show: '(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored.'" ECF No. 83 (quoting *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).

Under Fed. R. Civ. P. 26(c), courts recognize that parties have an interest in avoiding the disclosure of sensitive commercial information. *United States v. Serta Associates, Inc.* 29 F.R.D. 136 (N.D. Ill. 1961); *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 26 F.R.D. 525, 529 (D. Del. 2002). Disclosure of such information is presumed to be harmful. *Cytodye Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003).

"The Sixth Circuit has long-recognized that a company's trade secrets, or information that would affect its competitive position are appropriate to seal." *Krueger v. Experian Info. Sols., Inc.*, No. 19-10581, 2020 WL 13490064, at *1

(E.D. Mich. Mar. 18, 2020). More specifically, sensitive commercial information about a company's technology is appropriate for sealing. *See Jonna v. GIBF GP, Inc.*, No. 22-10208, 2023 WL 3244832, at *4 (E.D. Mich. May 4, 2023) ("The provisional patent applications themselves reveal similarly sensitive commercial information about Monsoon's technology. The provisional patent applications describe the contours of Monsoon's inventions in great detail, including the inventions' functions and limitations. As this information could be used to replicate the technology, the Court finds that it impacts Monsoon's competitive standing. Thus, there is a compelling reason for sealing the provisional patent applications."); *Evans v. Cardinal Health*, No. 19-10751, 2020 WL 8459141, at *1 (E.D. Mich. Aug. 6, 2020) (granting motion to seal "confidential information regarding its cold pack product specifications (e.g., the ratio and weights of ingredients in the product)" where public disclosure of "this sensitive and proprietary information would allow its competitors to derive unfair insights into its production and development processes").

Likewise, confidential business information such as "customer lists" and "pricing information" are also appropriate for sealing. *Avomeen Holdings, LLC v. Thanedar*, No. 17-CV-13703, 2018 WL 8806093, at *1 (E.D. Mich. Dec. 19, 2018); *see also Cincinnati Ins. Co. v. Richfield Corp., Inc.*, No. 2:16-CV-14342, 2017 WL 5957765, at *1 (E.D. Mich. Aug. 16, 2017) ("Here, defendant specifies

two confidential documents containing commercially sensitive information that, if filed publicly, could harm the business interests of General Motors and other businesses in the automotive industry with which it contracts.").

### III. BlueWillow's Motion to Seal Should Be Granted as the Request Complies with Controlling Law

BlueWillow's Motion to Seal and the information provided in this supplemental brief ("BlueWillow's Request") comply with each of the requirements of Local Rule 5.3(b)(3)(A). BlueWillow's Request contains a list of the documents that are proposed for sealing, along with a certification that no party objects.[1] E.D. Mich. LR 5.3(b)(3)(A)(i).

The Request provides a description of each of the parties' privacy interests that would be affected if the portions to be sealed were publicly disclosed. E.D. Mich. LR 5.3(b)(3)(A)(ii). More specifically, category one directed to the NanoBio Protect® Formulation contains highly sensitive confidential and proprietary technical information of BlueWillow concerning the formulation and composition of the accused NanoBio Protect®. The specific details of the precise formulation and composition of NanoBio Protect® are not publicly available or otherwise known outside of BlueWillow, and its public disclosure would impact BlueWillow's competitive position and standing. Peterson Decl. at ¶ 3. This

---

[1] Unredacted copies of all three documents are being submitted via the "Sealed Document" function concurrent with filing this Supplemental Brief.

Court has previously recognized that this type of confidential technical information regarding product formulation is of the type that if disclosed, would affect the party's competitive position, and is appropriate for sealing. *Krueger*, 2020 WL 13490064, at *1; *Jonna*, 2023 WL 3244832, at *4 (granting motion to seal "sensitive commercial information about Monsoon's technology" where the materials "could be used to replicate the technology" and as such, would impact the party's competitive standing); *Evans*, 2020 WL 8459141, at *1 (granting motion to seal confidential technical product information where public disclosure "would allow its competitors to derive unfair insights into its production and development processes").

Category two directed to the confidential Trutek Licensee Information contains confidential and highly sensitive business information produced by Trutek in the litigation relating to Trutek's licensees to the asserted '802 Patent. By designating such information as confidential when it was produced, Trutek asserted that the material includes confidential and highly sensitive business information of Trutek. This Court has likewise recognized that this type of confidential business information is of the type that if disclosed, would affect the party's competitive position, and is appropriate for sealing. *Avomeen Holdings*, 2018 WL 8806093, at *1; *Cincinnati Ins. Co.*, 2017 WL 5957765, at *1 (granting motion to seal "commercially sensitive information that, if filed publicly, could harm the business

7

interests of General Motors and other businesses in the automotive industry with which it contracts").

BlueWillow's Request confirms that the material that is proposed for sealing was produced, disclosed and maintained over the course of the litigation on a confidential or outside attorneys' eyes-only designation, consistent with the highly sensitive nature of the information. E.D. Mich. LR 5.3(b)(3)(A)(iii). As explained above, BlueWillow's Request provides a detailed explanation, with supporting evidence and citation to legal authority, demonstrating that the Motion to Seal complies with controlling legal authority. E.D. Mich. LR 5.3(b)(3)(A)(iv).

Pursuant to E.D. Mich. LR 5.3(b)(3)(A)(v), concurrent with its Motion to Seal, Blue Willow filed redacted versions of its Motion for Summary Judgment and supporting papers indicating the specific and limited portions that are necessary for sealing. ECF 59. Blue Willow will submit the unredacted portions under seal upon leave of the Court. Pursuant to E.D. Mich. LR 5.3(b)(3)(A)(vi), BlueWillow hereby also provides unredacted versions, filed as a sealed exhibit, to this supplemental brief in support of its Motion to Seal.

As demonstrated above, the parties have a compelling interest in sealing the proposed materials and, given the competitive harm that would result should the materials be publicly disclosed, that compelling interest outweighs any interest that the public may have in accessing the limited information to be sealed. In addition,

8

BlueWillow's proposed redactions reflecting the materials to be sealed are minor in scope, and are narrowly tailored to seal information only to the extent necessary to protect the legitimate confidentiality interests of the parties. *See Kondash*, 767 F. App'x at 637. More specifically, the limited nature of the proposed material to be sealed is addressed above in Section I, demonstrating that BlueWillow only seeks to seal those limited portions of the summary judgment motion and supporting papers that are directly related to the parties' Confidential Information outlined above in the two categories.

For the foregoing reasons, BlueWillow respectfully requests that the Court grant leave to file under seal the specific materials referenced in its Motion to Seal and in this supplemental brief. To the extent supplemental briefing is required on BlueWillow's motion for summary judgment, BlueWillow also respectfully requests leave to file the same categories of narrowly tailored confidential information under seal in the supplemental briefing, as needed.

| | |
|---|---|
| Dated:  September 26, 2023 | Respectfully submitted, |

**FOLEY & LARDNER LLP**

/s/   *Nicholas J. Ellis*
Nicholas J. Ellis (P73174)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone:  313.234.7100
Facsimile:  313.234.2800

Liane M. Peterson
3000 K Street NW, Suite 600
Washington, DC 20007
Telephone:  202.672.5300
Facsimile:  202.672.5399

*Attorneys for Defendant/Counter-Plaintiff BlueWillow Biologics, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 26, 2023, I filed the foregoing document and this Certificate of Service with the Court using the ECF system.

/s/     Nicholas J. Ellis