# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRUTEK CORP.,

        Plaintiff,

v.                              Case No. 2:21-cv-10312

BLUEWILLOW BIOLOGICS, INC.;    Hon. F. Kay Behm
ROBIN ROE 1 through 10, gender
neutral fictitious names, and; ABC
CORPORATION 1 through 10 (fictitious
names).

        Defendants.

### DECLARATION OF LIANE M. PETERSON IN SUPPORT OF BLUEWILLOW BIOLOGICS, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL (ECF NO. 60)

I, Liane M. Peterson, declare as follows:

    1.    I am a partner with the law firm of Foley & Lardner LLP and represent the Defendant, BlueWillow Biologics, Inc. in the above-referenced action. I have personal knowledge of the facts set forth below, and if called upon to do so, I could and would testify thereto.

    2.    Certain limited portions of BlueWillow's Motion for Summary Judgment (ECF No. 59) and materials filed in support thereof contain highly sensitive confidential and proprietary technical and business information of

1

BlueWillow and Trutek.  Pursuant to the agreement of the parties, the materials and information sought to be sealed in BlueWillow's Motion to Seal were designated as confidential or subject to an outside attorneys' eyes-only designation when produced and/or disclosed in the litigation, consistent with the highly sensitive nature of the information.

3.     The first category of confidential information addressed in BlueWillow's Motion to Seal relates to highly sensitive confidential and proprietary technical information of BlueWillow concerning the formulation and composition of the accused NanoBio Protect® product that is the subject of this action ("NanoBio Protect® Formulation").  The specific details of the precise formulation and composition of NanoBio Protect® are not publicly available or otherwise known outside of BlueWillow.  BlueWillow has taken steps to limit the disclosure of the NanoBio Protect® Formulation over the course of this litigation by ensuring that all references to the information contained in expert reports and in deposition testimony were treated on an outside attorneys' eyes-only designation because of the potential for competitive harm that would result to BlueWillow if such materials were publicly disclosed.

4.     The second category of confidential information addressed in BlueWillow's Motion to Seal relates to confidential, sensitive business information produced by Trutek in the litigation relating to Trutek's licensees to

the asserted '802 Patent ("Trutek Licensee Information").  Trutek designated the Trutek Licensee Information as outside attorneys' eyes-only when it was produced in the litigation.

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 26th day of September, 2023.

_____
Liane M. Peterson

3