UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUTEK CORP.,

        Plaintiff,                       Case No. 4:21-cv-10312

v.                                           Hon. F. Kay Behm

BLUEWILLOW BIOLOGICS, INC., et. al.

        Defendants.

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT ON PRE-SUIT DAMAGES (ECF 84)**

Pursuant to the E.D. Mich. Local Rule 7.1(h), Plaintiff Trutek, by and through its attorneys, respectfully submits that the Court reconsider its order granting summary judgment, entered on September 19, 2023, with respect to pre-suit damages and for other and further relief as the Court deems just and proper. In accordance with Local Rule 7.1(a), Plaintiff Trutek's counsel sought concurrence of the requested relief sought in this Motion from counsel for Defendant BlueWillow by explaining the nature and bases of this Motion. BlueWillow did not concur.

Under Local Rule 7.1(h)(2)(A), parties are entitled to file motions for reconsideration of non-final orders wherein the court made a mistake, the correction of which would change the outcome of the judgment. Plaintiff Trutek contends that the Court erred in granting summary judgment with respect to pre-suit damages because judgment

1

was based on a mistake of fact, the correction of which would alter the outcome of the summary judgment order in that respect.

For that reason, and for the reasons stated in Plaintiff's brief in support of its motion as incorporated below, the Court should grant Trutek's motion for reconsideration and deny summary judgment with respect to pre-suit damages. Plaintiff further requests that the Court should reverse its judgment holding that Trutek failed to meet its burden of proving compliance with the marking requirement (ECF 84, PageID 4281).

Dated: October 3, 2023                   Respectfully Submitted,

/s/ *Stanley H. Kremen*
Stanley H. Kremen, Esq.
4 Lenape Lane
East Brunswick, NJ 08816
Tel: (732) 593-7294
Fax: (732) 312-5218
shk@shk-dplc.com

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRUTEK CORP.,

        Plaintiff,                              Case No. 4:21-cv-10312

v.                                                              Hon. F. Kay Behm

BLUEWILLOW BIOLOGICS, INC., et. al.

        Defendants.

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

I. INTRODUCTION ............................................................................................ 1

II. BACKGROUND .............................................................................................. 2

III. LEGAL STANDARD ...................................................................................... 3

IV. ARGUMENT ................................................................................................... 4

   A. The Court Made a Mistake in Relying on The Peterson Declaration. ...................... 4

      i. Compliance with 35 U.S.C. §287 is Required to Pursue Pre-Suit Damages. ......... 4

      ii. BlueWillow's Peterson Declaration is Factually Inaccurate. ................................ 5

   B. The Court's Mistake Necessarily Changes the Outcome of the Case. ...................... 7

      i. BlueWillow Has Failed to Meet Its Burden of Production .................................... 7

      ii. Summary Judgment is Not Appropriate Where a Genuine Dispute of Fact Exists. ................................................................................................................... 10

   C. The Mistake Relied Upon Was Based On The Record Before It. .......................... 11

V. CONCLUSION ............................................................................................... 11

# **TABLE OF AUTHORITIES**

C<small>ASES</small>

*Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). ............................................. 10

*Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).............. ................................................................................................................................2, 4, 5, 8

*Dunlap v. Schofield*, 152 U.S. 244, 248, 14 S. Ct. 576, 38 L. Ed. 426, 1894 Dec. Comm'r Pat. 224 (1894 ........................................................................................................... 4

*Lubin v. FCA US, LLC*, No. 20-cv-13233, 2023 U.S. Dist. LEXIS 66099 (E.D. Mich. Apr. 14, 2023) .................................................................................................................3, 4

*Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed Cir. 1996) ...................................... 5, 10

S<small>TATUTES</small>

35 U.S.C. §287 ............................................................................................................. 1, 4, 10

R<small>ULES</small>

E.D. Mich LR 7.1 ....................................................................................................... 1, 3, 11

Fed. R. Civ. P. 54(b) ............................................................................................................ 3

Fed. R. Civ. P. 56(a) .......................................................................................................... 10

**STATEMENT OF ISSUE PRESENTED**

Whether the Court should reconsider their order granting summary judgment with respect to pre-suit damages where judgment is based on a mistake of fact.

I.  **INTRODUCTION**

Plaintiff Trutek Corp. ("Trutek") respectfully submits that the Court should grant Trutek's motion for reconsideration of the September 19th order granting summary judgment to Defendant BlueWillow Biologics, Inc. ("BlueWillow") on the matter of pre-suit damages. Trutek further submits that the Court should reverse its holding that it has not met its burden of proving compliance with the marking requirement. The basis for such reconsideration stems from a mistake of fact which the court relied upon in reaching its decision to grant summary judgment. Under Local Rule 7.1(h), a motion for reconsideration may be brought where "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich LR 7.1(h)(2).

In its order granting summary judgment, (ECF 84), the Court made a mistake in relying solely upon the declaration of Liane M. Peterson containing erroneous statements of fact to determine whether BlueWillow had shown that there is no genuine issue of fact with respect to pre-suit damages. Under 35 U.S.C. §287, a patentee or licensee can only sue for pre-suit damages if it complies with the marking requirements of §287(a). Therefore, an inquiry into whether a patentee is entitled to pre-suit damages necessarily involves an inquiry into whether it has complied with §287 marking requirements. In order to challenge a patentee's compliance with §287, however, the alleged infringer –

BlueWillow here – must first meet the initial burden of production to produce evidence of patentee's unmarked products. *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017)

The only "evidence" BlueWillow provided that allegedly meets their burden of production is factually inaccurate. This mistake changes the outcome of the Court's decision to grant Summary Judgment to Defendant BlueWillow. But for the erroneous declaration, BlueWillow provided no other evidence that it has met its initial burden of production required to put compliance with §287 at issue. Without meeting this burden, BlueWillow cannot shift the burden of proof to Trutek to show compliance with §287, rendering any discussion of whether or not Trutek complied with the marking requirements inapposite. Without evidence that meets their burden of production, BlueWillow cannot challenge Trutek's compliance with §287.

## II.   BACKGROUND

Patent No. 8,163,802 ("the '802 Patent"), referred to as "Electrostatically Charged Multi-Acting Nasal Application, Product, and Method," was issued and assigned to Trutek on April 24, 2012, by the United States Patent and Trade Office. (ECF 1). On February 10, 2021, Plaintiff Trutek filed suit alleging infringement of the '802 Patent against BlueWillow. *Id.* Trutek asserted infringement of claims 1, 2, 6 and 7 of the '802 patent, among others. BlueWillow responded to the complaint by asserting defenses of non-infringement and invalidity of the '802 patent. (ECF 9).

On March 28, 2023, BlueWillow filed a Motion for Summary Judgment on the issues of non-infringement, no remedy, and invalidity of the '802 Patent. (ECF 59).

2

Accompanying their motion was the Declaration of Liane M. Peterson in Support of BlueWillow Biologics, Inc.'s Motion for Summary Judgment ("The Peterson Declaration"). (ECF 59-3). Trutek filed a Brief in Opposition to Defendant BlueWillow's Motion for Summary Judgment on June 1, 2023, (ECF 76), and shortly thereafter BlueWillow filed a Reply Brief in Support of its Motion for Summary Judgment. (ECF 80). In both its Motion for Summary Judgment and its Reply Brief, BlueWillow relied solely upon the Peterson Declaration to support their claim of no remedy. (ECF 59; ECF 80).

On September 19, 2023, the Court granted partial summary judgment in favor of BlueWillow as to the issue of damages or "no remedy." (ECF 84). The Court too relied solely upon the Peterson Declaration in deciding to grant summary judgment in BlueWillow's favor with respect to pre-suit damages.

### III.   LEGAL STANDARD

Orders that do not dispose of all the claims in an action are not final orders but rather interlocutory or "non-final" orders. *Lubin v. FCA US, LLC*, No. 20-cv-13233, 2023 U.S. Dist. LEXIS 66099 (E.D. Mich. Apr. 14, 2023). Moreover, as Fed. R. Civ. P. 54(b) states with respect to judgments: "any order…however designated, that adjudicates fewer than all the claims…does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, orders granting partial summary judgment are not final orders. Under Local Rule 7.1(h), a party may bring a motion for reconsideration only with respect to "non-final orders.". E.D. Mich LR 7.1(h)(2). Such

3

motions may only be brought upon the following grounds: "(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." *Lubin v. FCA US, LLC*, U.S. Dist. LEXIS 66099.

## IV. ARGUMENT

### A. The Court Made a Mistake in Relying on The Peterson Declaration.

#### i. Compliance with 35 U.S.C. §287 is Required to Pursue Pre-Suit Damages.

Pursuant to 35 U.S.C. §287(a), a patentee who makes or sells a patented product must mark his articles or notify infringers of his patent in order to recover damages. *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d at 1365. "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. §287(a). A patentee's licensees must also comply with §287 because the statute extends to "persons making or selling any patented article for or under [the patentee]."*Arctic Cat,* 876 F.3d at 1365. A finding of failure to mark, either on the part of patentee or licensee, thus precludes a finding of pre-suit damages.

Courts generally agree that the burden to prove compliance with §287 rests with the patentee. *Dunlap v. Schofield,* 152 U.S. 244, 248, 14 S. Ct. 576, 38 L. Ed. 426, 1894 Dec.

4

Comm'r Pat. 224 (1894). "The burden of proving compliance with marking is and at all times remains on the patentee." *Arctic Cat,* 876 F.3d at 1367. But while it is true that patentee Trutek bears the burden of proving compliance with the marking statute, "an alleged infringer who challenges the patentee's compliance with §287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to §287." *Id. at 1368; See also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed Cir. 1996). This is a sensible approach, as "permitting infringers to allege failure to mark without identifying any products could lead to a large-scale fishing expedition and gamesmanship." *Arctic Cat,* 876 F.3d at 1367. In short, if an alleged infringer wishes to challenge a patentee's compliance with §287, it must first provide evidence of lack of compliance by pointing to unmarked articles that are otherwise required to carry the markings of the operative patent. Meeting this burden of production is thus a necessary requirement to place §287 compliance at issue.

Although the *Artic Cat* Court acknowledged this burden of production was a "low bar," it is one that BlueWillow nonetheless fails to meet, as it has failed to produce any evidence of Trutek's failure to comply but for that which is factually inaccurate.

### ii. BlueWillow's Peterson Declaration is Factually Inaccurate.

In their Order Granting Summary Judgment, the Court believes that BlueWillow has met their burden of production with respect to §287 compliance because of a declaration from BlueWillow attorney representative Liane M. Peterson. [ECF 59-3; 84] States the Court:

5

> *As to unmarked articles, BlueWillow submits a declaration stating that in January 2023, two different products purchased from Matrixx, a Trutek licensee from a separate patent infringement case that settled in November 2020, were marked with other patent numbers but not the '802 Patent number (citation omitted). (ECF 84, p 52).*

No further discussion on the burden of production takes place and no other evidence is provided by BlueWillow or relied upon by the Court. (*See generally* ECF 84). The Court ultimately concludes their Order by stating:

> *"[b]ecause BlueWillow has met its burden of 'pointing out' the 'absence of evidence' for Trutek to meet its burden of proving compliance with the marking requirement…the court finds that BlueWillow is entitled to summary judgment of no pre-suit damages." (ECF 84, PageID.4280)*

The Court relies solely and entirely upon the Peterson Declaration to determine whether BlueWillow has met its §287 burden of production. This reliance is problematic because the Peterson Declaration is factually inaccurate.

> The Peterson Declaration states as follows:

> *In January 2023, I personally purchased products manufactured and sold by Matrixx Initiatives – Zicam Extreme Congestion Relief Nasal Spray and Zicam Cold Remedy Nasal Swabs. Trutek accused both of these Matrixx products of infringing U.S. Patent No. 8,163,802 in an earlier-filed litigation. Trutek Corp v. Matrixx Initiatives, Inc., 3-19-cv-17647 (D.N.J.), Dkt. 58-1, PageID 441-445. The Matrixx litigation was dismissed on November 30, 2020. Based on information produced by*

6

> *Trutek in discovery in this litigation, [redacted]. While both of the Matrixx products I purchased in January 2023 are marked with notice of other patents, neither product is marked with U.S. Patent No. 8,163,802. (ECF 59-3, ¶ 11)*

The Court then interprets this statement to mean that Matrixx Initiatives, Inc. ("Matrixx") is a licensee of Trutek products, and the products purchased by Peterson were therefore products that Trutek was required to mark with the '802 patent in compliance with §287. And had the Peterson Declaration been a factual description of the nature of the relationship between Matrixx and Trutek, the Court's interpretation would be accurate. But therein lies the mistake: Matrixx is not a Trutek licensee. (Declaration of Stanley H. Kremen, Exhibit A)

The erroneous assumption that Matrixx is a Trutek licensee appears to stem from a previous settlement agreement between the Matrixx and Trutek. (ECF 59-3 ¶11). While it is accurate to say the parties engaged in litigation prior to reaching a settlement regarding allegations of infringement, that settlement agreement did not confer any license upon Matrixx. (Ex. A) Matrixx is not a licensee of Trutek products and has never sold Trutek products. Had BlueWillow counsel confirmed with Matrixx whether or not it was a licensee of Trutek products, it would have been told with candor that Matrixx is not a licensee of Trutek products.

### B. The Court's Mistake Necessarily Changes the Outcome of the Case.

#### i. BlueWillow Has Failed to Meet Its Burden of Production

As stated above, Peterson and the Court assume that because of a previous settlement agreement between Matrixx and Trutek, Matrixx was or became a licensee of

7

Trutek products. This is a critical assumption because licensees of patents are beholden to the marking requirements of §287 just as patentees are. *Arctic Cat,* 876 F.3d at 1367. If Matrixx is a licensee of Trutek as to certain products, Matrixx would be beholden to mark those products with the '802 patent, and evidence of these unmarked products sold by Matrixx would be evidence enough for BlueWillow to meet its burden of production in order to challenge Trutek on §287 compliance. Indeed, that is the argument BlueWillow makes in its Motion for Summary Judgment (ECF 59). Again, however, that is not a factual description of the relationship between Matrixx and Trutek.

Although the Trutek *v.* Matrixx lawsuit alleged that Matrixx infringed upon claims of the '802 Patent, in settlement Matrixx never admitted infringement. As a result of the settlement agreement, Matrixx paid Trutek a lump sum of money in exchange for Trutek dismissing the lawsuit in federal court as well as other litigations at the United States Patent and Trademark Office. Trutek did not give Matrixx permission to sell its existing products nor did Matrixx request such permission. Nothing in the agreement conferred a license for Matrixx to sell Trutek's products. Matrixx does not sell Trutek's products, and it is not Trutek's licensee. Trutek does not collect a royalty or commission from Matrixx based on sales of its products. (Ex. A)

Because Matrixx is not a licensee of Trutek, no product purchased from Matrixx is a product that necessarily requires markings of the '802 patent thereon. The products purchased by Peterson from Matrixx were not Trutek's products but Matrixx's products alone. (Ex. A) Only Trutek licensing their '802 products to Matrixx would bring those Matrixx products under the purview of §287. Because there is no licensing relationship,

8

the products purchased by Peterson referenced in her Declaration and used as evidence to establish failure to comply with §287 need not be marked with the '802 patent. In short, the only evidence that BlueWillow claims as to unmarked articles are articles that don't require Trutek's patent marking.

Importantly, BlueWillow can point to no other "unmarked articles" that meet its burden of production. And without meeting the initial burden of production, BlueWillow cannot shift the burden of proof to Trutek. In its Reply Brief in Support of its Motion for Summary Judgment, BlueWillow believes that it met its burden of production by providing nothing more than a citation to a paragraph in Peterson's declaration. (ECF 80, PageID.3705 n5, "BlueWillow met its burden to provide notice of unmarked products. ECF 59-3, ¶11.")

Because Matrixx is not a licensee of Trutek, BlueWillow ultimately cannot meet its burden of production. Without first meeting its burden of production, BlueWillow cannot shift the burden of proof to Trutek. BlueWillow must first show evidence of non-marking to shift the burden of proof to patentee Trutek. Because it only provided "evidence" based on erroneous assumptions, without more, the burden of production remains with Defendants. Therefore, the Court's discussion regarding §287 compliance by Trutek or its licensees is premature, and its determination with respect to pre-suit damages necessarily changes the outcome of the judgment at hand.

9

### ii. Summary Judgment is Not Appropriate Where a Genuine Dispute of Fact Exists.

As established, Matrixx is not a licensee of Trutek products. Given that the only evidence BlueWillow provided in meeting its burden of production was erroneous, and it provided no other evidence to meet its burden, a genuine issue of fact remains as to whether Trutek complied with 35 U.S.C. §287. Because recovering pre-suit damages requires compliance with §287, a genuine of issue of fact with respect to §287 compliance likewise creates a genuine issue of fact as to whether Trutek can recover pre-suit damages. Notably, compliance with *§287* is a question of fact. *Maxwell v. J. Baker, Inc.*, 86 F.3d at 1111.

Fed. R. Civ. P. 56(a) states "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). "At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Id.* at 243.

At this stage of litigation, Trutek is the only party to have provided evidence with respect to §287 compliance. Trutek contends that "the packaging for every NasalGuard® product sold in the United States since 2013 has…a reference to the '802 Patent marked thereon." (ECF 76, PageID.3181). Trutek also provides expert reports from Dr Edward A. Lemmo and Amirali Y. Haidri that likewise submitted evidence of compliance with §287

10

marking requirements. (ECF 28-2; ECF 62-2). Furthermore, Trutek states it plans to show, via fact testimony, that it complied with the marking requirement of 35 U.S.C. § 287(a). (ECF 76, PageID.3182). BlueWillow has only provided erroneous testimony. Nevertheless, with Trutek's evidence at hand, a reasonable jury could return a verdict for Trutek with respect to the availability of pre-suit damages and Trutek's compliance with the marking requirement. At the very least, Plaintiff's version of the facts differs substantially from Defendant's version. Therefore, a genuine issue of fact exists, and summary judgment should be withheld.

### C. The Mistake Relied Upon Was Based On The Record Before It.

One of the prerequisites for bringing a Motion for Reconsideration in this Court is that, where a mistake is at issue, the mistake must be "based on the record before it" at the time the order was granted. E.D. Mich. LR 7.1(h)(2)(A). That is precisely the situation in the instant case: the Court's mistake was based solely and entirely on the Peterson Declaration, submitted by Defendant BlueWillow along with its Motion for Summary Judgment. (ECF 59; ECF 59-3). Moreover, at no point has BlueWillow provided any other evidence upon which the Court has relied to make its Summary Judgment determination. No other evidence was used in determining whether BlueWillow had its burden of production.

### V. CONCLUSION

For the foregoing reasons, Plaintiff Trutek's Motion for Reconsideration should be granted, and the Court should reconsider its decision to grant summary judgment in favor of Defendants.

11

Dated: October 3, 2023          Respectfully Submitted,

/s/ *Stanley H. Kremen*
Stanley H. Kremen, Esq.
4 Lenape Lane
East Brunswick, NJ 08816
Tel: (732) 593-7294
Fax: (732) 312-5218
shk@shk-dplc.com

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TRUTEK CORP.,

      Plaintiff,

v.

BLUEWILLOW BIOLOGICS, INC., et. al.

      Defendants.

Case No. 4:21-cv-10312

Hon. F. Kay Behm

## **CERTIFICATE OF SERVICE**

I certify that on October 3, 2023, I served the foregoing Motion for Reconsideration upon all parties herein by filing copies of same using the ECF System.

*/s/ Keith Altman*
Keith Altman, Esq.

13