# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUTEK CORP.,

       Plaintiff,            Case No. 4:21-cv-10312

v.                                             Hon. F. Kay Behm

BLUEWILLOW BIOLOGICS, INC., et. al.

       Defendants.

---

**DECLARATION OF STANLEY H. KREMEN
IN SUPPORT OF PLAINTIFF, TRUTEK CORP.'S MOTION TO RECONSIDER**

    I, Stanley H. Kremen, Esq., being of full age hereby depose and say under pains and penalties of perjury under the laws of the United States of America and the State of Michigan.

    1.    I am an attorney admitted to practice in the United States District Court in the Eastern District of Michigan.

    2.    I am lead counsel of record in the above captioned matter, and I represent Plaintiff Trutek Corp. ("Trutek") in its lawsuit against Defendant BlueWillow Biologics, Inc. ("BlueWillow").

    3.    On September 5, 2019, Trutek Corp. initiated a lawsuit against Matrixx Initiatives, Inc. ("Matrixx"), *et.al.*, in the United States District Court for the District of New Jersey, Case No. 3:19-cv-17647- FLW-ZNQ alleging that Matrixx infringed the claims of Trutek's United States Patent No. 8,163,802 ("the '802 Patent") by making and

1

selling its Zicam®-branded products. I was counsel *pro hac vice* representing Trutek against Matrixx in that matter.

4. I am also a patent attorney registered to practice before the United States Patent and Trademark Office ("USPTO").

5. During the pendency of the Trutek *v.* Matrixx lawsuit in Federal District Court, I filed two *Inter-Partes* Review ("IPR") actions and one Post-Grant Review ("PGR") action at the Patent Trials and Appeals Board ("PTAB") of the USPTO. The Action Numbers were IPR2020-01511, IPR2020-01554, and PGR2021-00005. The purpose of these IPR's was to seek determinations from the PTAB that three patents belonging to Matrixx are invalid based on prior art. IPR's and PGR's are separate litigations that take place at the PTAB, and are independent of the lawsuit in federal court.

6. At around the same time, Matrixx filed an *Inter-Partes* Review No. IPR2020-01502 to seek a determination from the PTAB that Trutek's '802 Patent is invalid.

7. On November 25, 2020, Trutek and Matrixx entered into a settlement agreement whereby Matrixx paid a lump sum of money to Trutek in return for Trutek dismissing the federal lawsuit and all PTAB actions against Matrixx. Matrixx further agreed to dismiss its PTAB action against Trutek. The District Court was notified of the settlement agreement on November 27, 2020 (ECF 85).

8. One of the conditions in the settlement agreement between the parties dated November 25, 2020 was that the agreement must be kept confidential. Were Trutek to breach the confidentiality clause, it would be in breach of that agreement.

9. When the matter settled, Matrixx did not admit that its Zicam®- branded

2

products infringe on the claims of the '802 Patent. Trutek did not give permission to Matrixx to make and sell Zicam®-branded products nor was permission requested by Matrixx. Trutek only agreed not to reinstitute the lawsuit. Nothing in the settlement agreement conferred a license upon Matrixx by Trutek.

10. Matrixx is not a licensee of Trutek. The parties never agreed to such a relationship. Matrixx does not make or sell Trutek's products that are protected by the '802 Patent.

11. In the above captioned present lawsuit, as an exhibit in BlueWillow's Motion for Summary Judgment, Attorney Liane Peterson submitted her declaration (ECF 59-3). In Paragraph 11 therein, Ms. Peterson stated that she purchased two Zicam® products made and sold by Matrixx. Ms. Peterson assumed merely because Trutek's lawsuit against Matrixx was settled, that Trutek had conferred a license upon Matrixx to make and sell its patented products. It was never agreed between the parties that Matrixx's Zicam® products infringe upon the claims of the '802 Patent, and the parties never executed a license agreement. The parties never agreed that Trutek would receive royalties or commissions based on the sale of Zicam® products by Matrixx.

12. Ms. Peterson's declaration did not indicate that she inquired of Matrixx to determine whether Matrixx is a licensee of Trutek's products. She did not so inquire of Trutek. In my opinion, had she asked either party whether Matrixx was Trutek's licensee, both would have denied it.

13. BlueWillow alleges that Trutek failed to mark the number of its '802 Patent on all of the products that it sold. In granting BlueWillow's motion for partial summary

3

judgment, the court based its decision on Ms. Peterson's declaration, and held that Trutek failed to prove that the '802 patent number was marked on all of its products sold. However, other than the incorrect allegation that Ms. Peterson purchased Trutek's products that were licensed to Matrixx, BlueWillow presented not even one scintilla of evidence that Trutek failed to diligently mark all of its products. BlueWillow did not present evidence of any product sold by Trutek or sold by any of its licensees that was not marked with the number of its '802 Patent.

14. Trutek has been my client since 2007. It was due to my efforts that the '802 Patent was issued to Trutek. I informed Trutek personnel of the importance of marking its patent numbers on its products, and I am convinced that Trutek personnel appreciated that importance.

15. From my personal knowledge, Trutek's NasalGuard® products were always sold in the United States since 2012 in packaging that had the number of the '802 Patent marked thereon.

16. I declare under penalties of perjury under the laws of the United States of America and the State of Michigan that the foregoing statements are true and correct and that this Declaration was executed on October 2, 2023.

                                              */s/ Stanley H. Kremen*
                                              Stanley H. Kremen, Esq.