UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUTEK CORP.,

    Plaintiff,

v.

BLUEWILLOW BIOLOGICS, INC.; ROBIN ROE 1 through 10, gender neutral fictitious names; and ABC CORPORATION 1 through 10 (fictitious names),

    Defendants.
_____ /

Case No. 21-10312

F. Kay Behm
United States District Judge

## OPINION AND ORDER GRANTING MOTION TO SEAL (ECF No. 60)

**I.    INTRODUCTION**

This case is currently before the court on Defendant/Counter-Plaintiff BlueWillow Biologics, Inc.'s ("BlueWillow") motion for leave to file under seal. (ECF No. 60). In their motion, BlueWillow requests leave to file under seal certain materials in connection with the brief in support of their motion for summary judgment (ECF No. 59). Plaintiff/Counter-Defendant Trutek Corp. does not oppose the motion. (ECF No. 60, PageID.2358). On September 19, 2023, the court ordered BlueWillow to submit supplemental briefing more directly "addressing the required factors so the court may fully analyze their motion to

1

seal under the controlling law." (ECF No. 83, PageID.4223). The motion is now fully briefed. (*See* ECF No. 85). Pursuant to Local Rule 7.1(f)(2), the court will decide BlueWillow's motion to seal without a hearing. E.D. Mich. LR 7.1(f)(2).

## II. RELEVANT LEGAL STANDARDS

Local Rule 5.3 permits a party to file a motion to seal if it is "narrowly tailored to seek sealing in accord with applicable law." E.D. Mich. LR 5.3(b)(2). To comply with the local rule, a motion to seal must contain:

> (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;
> (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;
> (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom;
> (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority;
> (v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit…; and
> (vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal…

E.D. Mich. LR 5.3(b)(3)(A).

A court may grant a party's motion to seal "only upon a finding of a compelling reason why certain documents or potions thereof should be sealed. *Id*. Courts have long recognized a "strong presumption in favor of openness" of

2

court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). The party seeking to seal documents bears the "heavy" burden of overcoming this presumption. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). The moving party must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). The "existence of a trade secret will generally satisfy a party's burden of showing a compelling reason for sealing documents," but the court must still determine "whether public interest outweighs the moving party's interest in protecting their trade secret." *Id.* at 638.

### III.   ANALYSIS

In their motion, BlueWillow seeks to file the following exhibits or information under seal: (1) Exhibit 3 to the Declaration of Mansoor M. Amiji (ECF No. 59-2); (2) information about the licensees to the asserted U.S. Patent No. 8,163,802 ("the '802 Patent") included in their motion for summary judgment; and (3) Exhibit 9 to the Declaration of Liane M. Peterson (ECF No. 59-3). Exhibit 3 to the declaration of Mansoor M. Amiji is the "Reply Expert Report of Mansoor M. Amiji, PhD on Invalidity," and contains a limited amount of redacted information

about the composition or formulation of the Defendant's product. (*See* ECF No. 59-2, PageID.1879-1881). In addition to the redacted information included in their brief in support of their motion for summary judgment, Exhibit 9 to the Declaration of Liane M. Peterson also contains information about other licensees to the '802 patent. (ECF No. 60, PageID.2357). All of these relevant materials were "designated as confidential or subject to an outside attorneys' eyes-only designation when produced or disclosed in the litigation, consistent with the highly sensitive nature of the information." (ECF No. 85, PageID.4284). In their motion to seal, as well as their supplemental brief, BlueWillow describes the nature of this information as "highly sensitive confidential and proprietary technical information of BlueWillow containing the formulation and composition of the accused NanoBio Protect.®" *Id.* PageID.4289; *see also* ECF No. 60, PageID.2356. Further, BlueWillow agues that "[t]he specific details of the precise formulation and composition of NanoBio Protect® are not publicly available or otherwise known outside of BlueWillow, and its public disclosure would impact BlueWillow's competitive position and standing." *Id*.

Generally, courts in this district have held that "parties have a compelling interest in sealing documents that 'might harm a litigant's competitive standing' and/or 'reveal internal strategy to a party's competitors,'" including patented and

other highly sensitive business information. *See Jonna v. GIBF GP, Inc.*, No. 22-10208, 2023 WL 3244832, at *3 (E.D. Mich. May 4, 2023) (citing *In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*, No. 18-02818, 2023 WL 319922, at *3 (E.D. Mich. Jan 19, 2023) (citing *McClure v. Leafe*, No. 17-13106, 2019 WL 13201174, at *1 (E.D. Mich. Aug. 20, 2019))). Likewise, while there is generally a "strong presumption in favor of openness" of court records, *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179, BlueWillow has sufficiently demonstrated their interest in keeping the proposed information protected. Not only does the information concern both the patented "formulation and composition" of the relevant product, but it also includes information about the other licensees to the asserted '802 patent. The public interest, including the interest of any non-party licensees, will be best served by protecting this limited amount of information.

BlueWillow also emphasizes that their motion to seal is narrowly tailored because it "seeks to only seal very limited portions of the Motion for Summary Judgment and supporting papers in the two limited categories above." (ECF No. 85, PageID.4286). The court agrees. BlueWillow is not attempting to seal broad portions of their summary judgment motion, rather they have limited their redactions to a number of sentences, each of which include the specific references to the NanoBio Protect® formulation or the confidential Trutek

licensee information. *Id.* Similarly, they are only attempting to redact four sentences of Exhibit 3 to the Declaration of Mansoor M. Amiji, which also include "specific references to the confidential NanoBio Protect® Fomulation." *Id*. They have also limited their redactions in the Declaration of Liane M. Peterson to include portions of two sentences and one single-page document, attached as Exhibit 9. *Id.* Because these redactions are so narrowly tailored, "the public can still view the conduct which gave rise to this dispute" and BlueWillow's "compelling interest in sealing outweighs the public's interest in full disclosure." *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 2023 WL 319922, at *4 (citing *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017)).

### IV.   CONCLUSION

BlueWillow's motion is in compliance with Local Rule 5.3 and sufficiently proves that the public interest does not outweigh BlueWillow's compelling interest in keeping the listed information confidential. *See Kondash*, 767 F. App'x at 637. Likewise, the court **GRANTS** BlueWillow's unopposed motion to seal.

**SO ORDERED**.

Date: October 12, 2023              s/ F. Kay Behm
                                    F. Kay Behm
                                    United States District Judge