UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUTEK CORP.,                                        Case No. 21-10312

      Plaintiff,                                  F. Kay Behm
v.                                                  United States District Judge

BLUEWILLOW BIOLOGICS, INC.; ROBIN
ROE 1 through 10, gender neutral
fictitious names; and ABC
CORPORATION 1 through 10 (fictitious
names),

      Defendants.
_____ /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION (ECF No. 89)**

In this patent infringement case, Plaintiff/Counter-Defendant Trutek Corp.

("Trutek") alleges that Defendant/Counter-Plaintiff BlueWillow Biologics

("BlueWillow") has infringed a patent held by Trutek for an "Electrostatically

Charged Multi-Acting Nasal Application, Product, and Method," U.S. Patent No.

8,163,802 (the "'802 Patent").  (ECF No. 1, PageID.2-3).

On September 19, 2023, the court issued an opinion and order directed to

the issue of damages in this case (the "Order").  (ECF No. 84).  Presently before

the court is Trutek's motion for reconsideration (ECF No. 89) of the portion of the

1

Order granting BlueWillow's motion for summary judgment of no pre-suit damages.  (ECF No. 84, PageID.4275-4281).  Pursuant to Local Rule 7.1(h)(3), the court will decide Trutek's motion for reconsideration without responsive briefing and without a hearing.  For the reasons stated in this opinion and order, the court **DENIES** Trutek's motion for reconsideration.

## I.       RELEVANT PROCEDURAL HISTORY

As set forth in the Order, the court assumes familiarity with and incorporates by reference the factual and procedural history of this patent infringement case.  (ECF No. 84, PageID.4225-4228).  The court issued the Order on September 19, 2023, following the completion of discovery and the filing of dispositive motions, to address the issue of damages in this case.  In the Order, the court held that Trutek cannot recover damages in this case on two independent grounds.  First, as a discovery sanction, the court granted BlueWillow's motion *in limine* to exclude Trutek's damages-related theories or evidence under Federal Rule of Civil Procedure 37(c)(1).  *Id.*, PageID.4244-4259. The court explained that the exclusion precludes Trutek from relying on undisclosed damages evidence and, given the extent of non-disclosure, effectively precludes Trutek from seeking damages.  *Id.*, PageID.4258-4259.  "Assuming Trutek suffered damages remediable by a damages award," the court found that

2

the outcome of no damages was warranted because "Trutek never adequately

asserted a claim for damages." *Id.*, PageID.4258.

Second, assuming, *arguendo*, that Trutek adequately asserted a claim for

damages, the court granted BlueWillow's motion for summary judgment of no

damages under Federal Rule of Civil Procedure 56. *Id.*, PageID.4266-4275. The

court explained that the only piece of damages evidence produced by either

party, a sales document demonstrating BlueWillow's sales of the accused

NanoBio product does not, standing alone, support a nonspeculative damages

award. *Id.*, PageID.4274-4275. "As to either the amount of lost profits or the

amount of a reasonable royalty," the court found that the outcome of no

damages was warranted because "Trutek cannot meet its burden of proving the

amount of damages." *Id.*, PageID.4275.

In addition, for a separate reason, the court granted BlueWillow's motion

for summary judgment of no pre-suit damages. *Id.*, PageID.4275-4281. Pre-suit

damages are a subcategory of damages. The court found that "BlueWillow is

entitled to summary judgment of no pre-suit damages" because "BlueWillow has

met its burden of 'pointing out' the 'absence of evidence' for Trutek to meet its

burden of proving compliance with the marking requirement [of 35 U.S.C.

§ 287(a)].” *Id.*, PageID.4280-4281 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

On October 3, 2023, Trutek filed the present motion for reconsideration of the Order.  (ECF No. 89).  In requesting reconsideration, Trutek does not challenge the court's holding that Trutek cannot recover damages in this case.  However, Trutek requests reconsideration of the additional portion of the Order in which the court granted BlueWillow's motion for summary judgment of no pre-suit damages.  *Id.*, PageID.4392.

## II.    RELEVANT LEGAL STANDARDS

The court set forth the legal standards for recovering pre-suit damages in the Order.  (ECF No. 84, PageID.4275-76).  Generally, 35 U.S.C. § 287(a) requires a patentee who makes and sells articles covered by the patent to provide constructive notice to the public by marking the patented articles with the patent number.  *Id.*  Failure to mark patented products with the patent number may bar the patentee from recovering pre-suit damages.  Specifically, Section 287(a) states: “In the event of failure to so mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.” *Id*.

4

Section 287(a) extends to persons making or selling patented articles "for or under" the patentee.  *Id.*  The marking requirement therefore applies to both the patentee and the patentee's licensees.  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (citing 35 U.S.C. § 287(a)).

The patentee has the burden of pleading and proving compliance with the marking requirement.  *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).  The infringer has the initial burden of production to put the patentee on notice of specific unmarked articles it believes are covered by the patent.  *Id.* at 1368.  Once the infringer meets its initial burden of production, the patentee then has the burden of proving that the unmarked articles do not practice the patented invention.  *Id.*

## III.   TRUTEK'S MOTION FOR RECONSIDERATION

In its motion for reconsideration, Trutek argues that the court erred in granting BlueWillow's motion for summary judgment of no pre-suit damages. Specifically, Trutek argues that the court erred in finding that BlueWillow has met its initial burden of production and that Trutek, therefore, must meet its burden of proving compliance with the marking requirement.

A.   <u>Background</u>

Trutek's arguments for reconsideration center on two declarations of

counsel concerning whether BlueWillow has met its initial burden of production.

In support of its motion for summary judgment, BlueWillow submitted a

declaration from BlueWillow's counsel Liane M. Peterson (the "Peterson

Declaration").  (ECF No. 59-3).  The Peterson Declaration states, in relevant part:

> 11. In January 2023, I personally purchased two products
> manufactured and sold by Matrixx Initiatives – Zicam
> Extreme Congestion Relief Nasal Spray and Zicam Cold
> Remedy Nasal Swabs. Trutek accused both of these
> Matrixx products of infringing U.S. Patent No. 8,163,802
> in an earlier-filed litigation. The Matrixx litigation was
> dismissed on November 30, 2020. Based on information
> produced by Trutek in discovery in this litigation,
> [redacted]. While both of the Matrixx products I
> purchased in January 2023 are marked with notice of
> other patents, neither product is marked with U.S.
> Patent No. 8,163,802.

*Id.*, PageID.1888 (internal citations omitted).  BlueWillow cited the Peterson

Declaration to argue that "Trutek has not disclosed any evidence that its

licensee(s) of the '802 Patent have complied with the marking requirements of §

287(a)," (ECF No. 59, PageID.1693), and that "BlueWillow met its burden to

provide notice of unmarked products," (ECF No. 80, PageID.3705).

In granting BlueWillow's motion for summary judgment of no pre-suit damages, the court relied on the Peterson Declaration to find that BlueWillow has met its initial burden of production.  As stated in the Order:

> Trutek alleges that it both sells the patented NasalGuard products and licenses the '802 Patent. As to unmarked articles, BlueWillow submits a declaration stating that in January 2023, two different products purchased from Matrixx, a Trutek licensee from a separate patent infringement case that settled in November 2020, were marked with other patent numbers but not the '802 Patent number.

(ECF No. 84, PageID.4276-4277) (internal citations omitted).

In its motion for reconsideration, Trutek argues that the court's reliance on the Peterson Declaration is "problematic" because the Peterson Declaration is "factually inaccurate" and based on the "erroneous assumption" that Matrixx is a Trutek licensee.  (ECF No. 89, PageID.4397-4398).  In an effort to rebut the Peterson Declaration and show that the relationship between Trutek and Matrixx is not a licensing relationship, Trutek submits a declaration from Trutek's counsel Stanley H. Kremen (the "Kremen Declaration").  (ECF No. 89-1).  In response to the Peterson Declaration, the Kremen Declaration states:

> 11. In the above captioned present lawsuit, as an exhibit in BlueWillow's Motion for Summary Judgment, Attorney Liane Peterson submitted her declaration. In Paragraph 11 therein, Ms. Peterson stated that she

> purchased two Zicam® products made and sold by
> Matrixx. Ms. Peterson assumed merely because Trutek's
> lawsuit against Matrixx was settled, that Trutek had
> conferred a license upon Matrixx to make and sell its
> patented products. It was never agreed between the
> parties that Matrixx's Zicam® products infringe upon the
> claims of the '802 Patent, and the parties never
> executed a license agreement. The parties never agreed
> that Trutek would receive royalties or commissions
> based on the sale of Zicam® products by Matrixx.

*Id.*, PageID.4408 (internal citation omitted).

While pointing out that Matrixx never admitted infringement, Trutek does

not disaffirm its previous allegation that Matrixx's products are covered by the

'802 Patent.  Moreover, Trutek does not dispute that Matrixx's products are not

marked with the '802 Patent number.  However, Trutek cites the Kremen

Declaration to argue that Matrixx's products are not subject to the marking

requirement because Matrixx is not a Trutek licensee:

> Although the Trutek v. Matrixx lawsuit alleged that
> Matrixx infringed upon claims of the '802 Patent, in
> settlement Matrixx never admitted infringement. As a
> result of the settlement agreement, Matrixx paid Trutek
> a lump sum of money in exchange for Trutek dismissing
> the lawsuit in federal court as well as other litigations at
> the United States Patent and Trademark Office. Trutek
> did not give Matrixx permission to sell its existing
> products nor did Matrixx request such permission.
> Nothing in the agreement conferred a license for
> Matrixx to sell Trutek's products. Matrixx does not sell
> Trutek's products, and it is not Trutek's licensee. Trutek

8

does not collect a royalty or commission from Matrixx
based on sales of its products.

(ECF No. 89, PageID.4399).

B.     <u>Reconsideration Standard</u>

Local Rule 7.1(h) governs motions for reconsideration of non-final orders.

Motions for reconsideration are disfavored and may only be brought on three

grounds:

> (A) The court made a mistake, correcting the mistake
> changes the outcome of the prior decision, and the
> mistake was based on the record and law before the
> court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a
> different outcome; or
>
> (C) New facts warrant a different outcome and the new
> facts could not have been discovered with reasonable
> diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)-(C).

C.     <u>Analysis</u>

Trutek brings its motion for reconsideration under Local Rule 7.1(h)(2)(A).

To establish this ground for reconsideration, Trutek must meet three

requirements.  First, Trutek must demonstrate that the court made a mistake.

Second, Trutek must demonstrate that correcting the mistake changes the

outcome of the Order.  Third, Trutek must demonstrate that the mistake was

based on the record and law before the court at the time of the Order.  For the

reasons set forth below, the court finds that Trutek has not met any of the three

requirements for reconsideration.

As to the first requirement for reconsideration, that the court made a

mistake (E.D. Mich. LR 7.1(h)(2)(A)), Trutek argues that the court made a mistake

in relying on the Peterson Declaration to find that BlueWillow has met its initial

burden of production.  Trutek's basic contention is that the Peterson Declaration

led the court to make the "erroneous assumption" that Matrixx is a Trutek

licensee.  (ECF No. 89, PageID.4398).

At the outset, the court notes that Trutek's argument and supporting

evidence are new.  On summary judgment, Trutek never rebutted the Peterson

Declaration or raised the issue of whether BlueWillow has met its initial burden of

production.  Likewise, Trutek submitted the Kremen Declaration and argues that

Matrixx is a not Trutek licensee for the first time in requesting reconsideration.  In

this District, "[a] party may not utilize a motion for reconsideration to introduce

new legal theories for the first time, to raise legal argumentation which could

have been heard during the pendency of the previous motion, or to present

evidence that could have been adduced during the pendency of the original

motion." *DiPonio Constr. Co. v. Int'l Union of Bricklayers & Allied Craftworkers, Local 9*, 739 F. Supp. 2d 986, 1004 (E.D. Mich. 2010) (quotation omitted).

And in any event, the court notes that Trutek's argument is legally unsupported and inevitably fails on the merits. Trutek does not cite any legal authority or discuss any legal standards for determining whether Matrixx is a Trutek licensee for purposes of the marking requirement. Moreover, asserting confidences between Trutek and Matrixx, Trutek does not submit the settlement agreement or disclose any of its terms. As best understood by the court, the Kremen Declaration, and, in turn, Trutek's argument, are based entirely on the preconceived notion that the lack of the words "license" and "permission" is controlling.

Contrary to Trutek's new and legally unsupported argument, the court had good reason at the time of the Order to find that Matrixx is a Trutek licensee for purposes of the marking requirement. As noted above, Trutek does not disaffirm its previous allegation that Matrixx's products are covered by the '802 Patent. Under the settlement agreement, Trutek dismissed the patent infringement case against Matrixx with prejudice. Stipulation of Dismissal with Prejudice, *Trutek Corp. v. Matrixx Initiatives, Inc.*, No. 3:19-cv-17647 (D.N.J. Nov. 30, 2020), ECF No.

86.  In other words, as stated in the Kremen Declaration, Trutek "agreed not to

reinstitute the lawsuit."  (ECF No. 89-1, PageID.4408).

In the context of patent law, the Federal Circuit has explained that "licenses

are considered as nothing more than a promise by the licensor not to sue the

licensee."  *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1346 (Fed. Cir. 2001)

(quotation omitted); *see also De Forest Radio Tel. & Tel. Co. v. United States*, 273

U.S. 236, 242 (1927) (explaining that a license "has been described as a mere

waiver of the right to sue by the patentee"); *TransCore v. Elec. Transaction*

*Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) (noting that "this court

and its predecessors have on numerous occasions explained that a non-exclusive

patent license is equivalent to a covenant not to sue") (collecting cases).

Moreover, district courts "have extended this reasoning to conclude that

dismissals with prejudice of patent infringement claims function as the equivalent

of a license."  *Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, 2023 U.S. Dist. LEXIS

195903, at *7 (N.D. Tex. Nov. 1, 2023).

In accordance with these principles, the Federal Circuit has construed the

"for or under" language of Section 287(a) to apply to both express and implied

licensees.  *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir.

1994).  As well, district courts have held that the marking requirement applies to

any persons that the patentee has authorized to make or sell patented articles,

"regardless of the particular form these authorizations may take and regardless of

whether the authorizations are 'settlement agreements,' 'covenants not to sue'

or 'licenses.'" *In re Yarn Processing Patent Validity Litig.*, 602 F. Supp. 159, 169

(W.D.N.C. 1984); s*ee also Amsted*, 24 F.3d at 185 n.2 (citing *In re Yarn Processing*

"with approval").

  In light of the relevant caselaw, the court affirms its finding that Matrixx is

equivalent to a Trutek licensee under the settlement agreement, and that

Matrixx's products are therefore subject to the marking requirement.  Because

Trutek's argument that Matrixx is not a Trutek licensee fails on the merits, they

have not met the first requirement for reconsideration.

  As to the second requirement for reconsideration, that correcting the

mistake changes the outcome of the Order (E.D. Mich. LR 7.1(h)(2)(A)), Trutek

argues that correcting the mistake of finding that Matrixx is a Trutek licensee

changes the outcome of granting BlueWillow's motion for summary judgment of

no pre-suit damages.  On the assumption that Matrixx's products are not subject

to the marking requirement, Trutek argues that BlueWillow has not met its initial

burden of production, and therefore cannot challenge Trutek's compliance with

the marking requirement.  Trutek argues that, after disregarding the Peterson

Declaration, Trutek's marking evidence precludes summary judgment by creating a genuine dispute whether Trutek complied with the marking requirement.  It follows, Trutek argues, that the court should deny BlueWillow's motion for summary judgment of no pre-suit damages.

The court now finds that Trutek has not met the second requirement for reconsideration for three reasons.  First, denying BlueWillow's motion for summary judgment of no pre-suit damages would not change the outcome of the Order as a whole.  As noted above, the court held that Trutek cannot recover damages in this case on two independent grounds, not only under Federal Rule of Civil Procedure 56 because "Trutek cannot meet its burden of proving the amount of damages," but also under Federal Rule of Civil Procedure 37(c)(1) because "Trutek never adequately asserted a claim for damages." (ECF No. 84, PageID.4258, 4275).  Accordingly, the outcome of no pre-suit damages is already subsumed by the outcome of no damages.  Denying BlueWillow's motion for summary judgment of no pre-suit damages would amount to nothing more than a hollow victory for Trutek on a moot issue.

Second, Trutek's argument that Matrixx is not a Trutek licensee (or the equivalent of a licensee) fails on the merits.  As noted above, the court affirms its finding that Matrixx's products are subject to the marking requirement, and

Trutek does not dispute that Matrixx's products are not marked with the '802 Patent number.  Accordingly, the court necessarily affirms its finding that BlueWillow has met its initial burden of production, and that Trutek therefore must meet its burden of proving compliance with the marking requirement.

Third, as stated in the Order, "[t]he only marking evidence of record … does not demonstrate that Trutek and Trutek licensees consistently marked substantially all patented products with the '802 Patent number or create a genuine dispute on this point."  (ECF No. 84, PageID.4280).  The court notes that Trutek's argument to the contrary is the only one of Trutek's arguments for reconsideration that Trutek made on summary judgment.  However, Trutek's only marking evidence is expert testimony that "is conclusory and lacks factual support" and "only goes to Trutek marking the patented NasalGuard products, not Trutek licensees marking other patented products."  *Id.*, PageID.4277-4278.  Trutek's remaining marking "evidence" consists of: (1) attorney argument that Trutek made "[w]ithout factual support" (*id.*, PageID.4278); and (2) purported testimony from Trutek witnesses that "Trutek has not disclosed pursuant to its discovery obligations," "is neither evidence nor of record," and "only goes to Trutek marking the patented NasalGuard products" (*id.*, PageID.4279-4280).  In its motion for reconsideration, Trutek merely repeats its summary judgment

argument, without acknowledging that the Order fully addressed and rejected the argument or rebutting the court's reasoning.  (ECF No. 89, PageID.4401-4402).  Federal Rule of Civil Procedure 56 "require[s] a party to support factual assertions by 'citing to particular parts of materials in the record.'"  (ECF No. 84, PageID.4280 (quoting Fed. R. Civ. P. 56(c)(1)(A))).  For the above reasons, and particularly because the outcome of no pre-suit damages is already subsumed by the outcome of no damages, the court finds that Trutek has not met the second requirement for reconsideration.

As to the third requirement for reconsideration, that the court's mistake "was based on the record and law before the court at the time of its prior decision" (E.D. Mich. LR 7.1(h)(2)(A)), Trutek argues that the mistake of finding that Matrixx is a Trutek licensee was based on the record at the time of the Order.  According to Trutek, "[t]hat is precisely the situation" because the Peterson Declaration is "factually inaccurate" and "the Court's mistake was based solely and entirely on the Peterson Declaration."  (ECF No. 89, PageID.4397, 4402).  However, Trutek points to a perceived factual mistake in the record, not any mistake made by the court based on the record.  As noted above, Trutek never rebutted the Peterson Declaration on summary judgment, and argues that Matrixx is not a Trutek licensee for the first time in requesting reconsideration.

Likewise, Trutek acknowledges that "had the Peterson Declaration been a factual description of the nature of the relationship between Matrixx and Trutek, the Court's interpretation [that Matrixx is a Trutek licensee] would be accurate." *Id.*, PageID.4398.  Because Trutek does not point to any mistake made by the court based on the record, the court finds that Trutek has not met the third requirement for reconsideration.

In summary, with respect to the portion of the Order granting BlueWillow's motion for summary judgment of no pre-suit damages, Trutek has not met any of the three requirements for reconsideration under Local Rule 7.1(h)(2)(A).  As opposed to requesting "reconsideration" of the Order, Trutek uses its motion for reconsideration to submit the new Kremen Declaration and make the new argument that Matrixx is not a Trutek licensee, despite that the outcome of no pre-suit damages is already subsumed by the outcome of no damages.  Moreover, rather than pointing to any mistake made by the court based on the record at the time of the Order, Trutek's arguments for reconsideration simply underscore its own failure to rebut the Peterson Declaration and raise the issue of whether BlueWillow has met its initial burden of production on summary judgment.  And in any event, Trutek's new and legally unsupported argument that Matrixx is not a Trutek licensee fails on the merits.  Because Trutek has not met any of the three

requirements for reconsideration under Local Rule 7.1(h)(2)(A), the court **DENIES**

Trutek's motion for reconsideration.

## IV.    CONCLUSION

For the reasons stated in this opinion and order, Trutek's motion for

reconsideration (ECF No. 89) is **DENIED.**

**SO ORDERED**.

Date: January 17, 2024                    s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge